# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com



BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

April 26, 2005

**VIA HAND DELIVERY**
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801-2535

Re:   *Kyphon Inc. v. Disc-O-Tech Medical Technologies, et al.*
      USDC-D.Del. - C.A. No. 04-204-JJF

Dear Judge Poppiti:

This letter responds to DOT's letter of April 25, 2005 regarding Judge Farnan's recent decision in *Lucent Techs., Inc. v. Extreme Networks*, No. CIV.A.03-508 JJF, 2005 WL 859255 (D.Del. Apr. 14, 2005). DOT's letter purports to address this Court's recent decision, but DOT avoids a full discussion of the Court's analysis in *Lucent*, and instead, simply rehashes its previous arguments about *Bard*. A review of *Lucent* demonstrates, once again, that this Court should reject DOT's invitation to import a "balloon" limitation from the specification into the claims of the patents-in-suit.

In *Lucent*, this Court properly rejected an effort to stretch the *Bard* decision to change the plain meaning of the asserted claims. In doing so, this Court highlighted the difference between describing only one way of practicing an invention through-out a specification, versus explicitly redefining the plain meaning of a claim term – e.g., disclaiming embodiments that are covered by the plain meaning. Here, as in *Lucent*, the specification describes one embodiment, but claims more broadly. In contrast, the Court in *Bard* concluded that the patentee explicitly defined the disputed term to be more narrow and disclaimed broader coverage.

There were two issues in *Lucent* where the *Bard* case was discussed: (1) whether packet-switching networks were limited to virtual circuits; and (2) whether the claimed "node" was limited to an "access node."

With regard to the first attempt to limit the claims, this Court acknowledged that "every embodiment of the invention disclosed in the specifications of these patents utilizes virtual circuits." *Lucent* at *3. But, this Court went on to find that the mere absence of any alternative embodiments was not enough to limit the plain meaning of the claims because it did not establish a "clear disavowal" of claims having broader scope:

> However, the Court finds that Lucent has not made a clear disavowal of packet-switching networks other than virtual circuits in the specification or in the prosecution history. Unlike the specifications in *Microsoft* and *C.R. Bard*, the specifications of the '810 and '811 patents contain no disclaimer of contexts other than virtual circuits in sections of the specifications that describe the overall invention of the patent. Rather, all that Defendants can

FISH & RICHARDSON P.C.

The Honorable Vincent J. Poppiti
April 26, 2005
Page 2

> point to in the specifications is the absence of any embodiment that lacks a
> virtual circuit. Similarly, the Court finds no disclaimer of contexts other
> than virtual circuits in the prosecution history.

*Id.* Thus, just as in the present case, because the patentee had not "made a clear disavowal of [other] embodiments" that lacked virtual circuits, this Court refused to limit the plain meaning of the claims.[1]

With regard to the second effort to limit the claims in *Lucent*, DOT's letter ignores that the accused infringer, like DOT herein, relied upon descriptions in the Abstract and Summary of the Invention in an attempt to limit the claims to the disclosed embodiment of "access nodes."[2] This Court acknowledged that the language in the specification could "reasonably be understood as constituting a general description of the invention." *Id.* at *4. However, this Court again found that the language did not limit the claims because "it does not clearly define the term 'node' as meaning 'access node.'" *Id.* Thus, the Court determined that "the specification has not made a clear disavowal of embodiments" that utilize nodes other than access nodes, and the Court rejected the alleged infringer's effort to limit the plain meaning of the claims. *Id.* at *5.

Lastly, worthy of note is that in *Bard*, the Federal Circuit was interpreting a structure that had been set forth in the claims – "plug"—and ultimately determined that the patentee had explicitly defined this claimed structure as being a "pleated plug." Even in *Lucent*, the alleged infringer was merely arguing about whether certain structures that had already been recited within the claims – "packet-switching network" and "node" – were defined by the specification as requiring the use of particular types of the claimed structures (i.e., a packet-switching network comprised of virtual circuits and an "access" node). In contrast, here, there *is no* structural element in the disputed portion of the asserted claims. The term at

---

[1] In its letter, DOT says that "the Federal Circuit in *Bard* did not rely on (or even discuss) a 'disclaimer' or 'clear disavowal' of other embodiments." DOT letter at 2. This statement is not true. In *Bard*, the Federal Circuit stated "[Defendant] contends, and we agree, that the statement 'the surface of the inventive plug is pleated' is an ***unequivocal statement constituting a clear disclaimer of scope*** . . . ." 388 F.3d 858, 867 (emphasis added.). This rationale was re-emphasized in the concurring opinion: "In this case, the inventors ***clearly and deliberately disclaimed*** any coverage of non-pleated plugs . . . ." *Id.* at 870.

[2] "First, Defendants rely on the *Abstract*, which states that 'monitoring and marking algorithms are used for determining which data packets, received from a customer by an *access node*, are being transmitted at an excessive transmission rate and accordingly are marked ....' ('810 patent.) Next, Defendants rely on the *Summary of the Invention* section of the specification, which states that the 'network utilizes packet monitoring and marking algorithms to determine which data packets received by an *access node* are being transmitted at an excessive rate and accordingly are marked.'" *Id.* at *4 (emphasis added).

FISH & RICHARDSON P.C.

The Honorable Vincent J. Poppiti
April 26, 2005
Page 3

issue concerns the step of "compacting" and there is no structure that is even mentioned in the claims for performing this step. Thus, DOT's claim construction remarkably seeks to stretch the limited ruling in *Bard* well beyond the point already rejected by this Court in *Lucent*.[3]

For these reasons, Kyphon respectfully requests that the Court reject DOT's effort to limit the plain meaning of the claims.

Respectfully,

*Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc    Clerk of Court (via hand delivery)
      Maryellen Noreika (via hand delivery)
      Jonathan M. Sobel (via facsimile)

---

[3] Moreover, as previously discussed, the record does not support DOT's all-or-nothing demand that either: (i) the claims must require use of balloons (or balloon-like "compacting"); or (ii) the claims must be viewed as covering any compaction at all that has been taught in the prior art (and the claims are, thus, invalid). To the contrary: (i) no basis exists for limiting the plain meaning of the claims; and (ii) the combination of all the steps required by the claim, including the particular step of "compacting the bone marrow to increase the volume of said passage," are simply not taught by the prior art. *See* Dr. Marks' Report (Halkowski (4/14/05) Decl., at Ex. 3); and Dr. Marks' (4/14/05) Declaration.

```
Confirmation Report - Memory Send

                                    Page       : 001
                                    Date & Time: 2005-Apr-26  05:00pm
                                    Line 1     : 302 652 0607
                                    Line 2     :
                                    Machine ID : fish@richardson

Job number         :   253

Date               :   Apr-26 04:58pm

To                 :   ☎12129183100

Number of pages    :   004

Start time         :   Apr-26 04:58pm

End time           :   Apr-26 05:00pm

Pages sent         :   004

Status             :   OK

Job number         : 253        *** SEND SUCCESSFUL ***
```

# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Date**  April 26, 2005

**To**  Jonathan M. Sobel
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000

**Facsimile number**  (212) 918-3100

**From**  Thomas L. Halkowski

**Re**  Kyphon Inc. v. Disc-O-Tech Medical Technologies, et al.
Our Ref.: 17116-001LL1

**Number of pages including this page**

**Message**  4/26/05 ltr to Vincent Poppiti

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 302 652-5070 to arrange for its return. Thank you.