# Claim Construction at the Preliminary Injunction Stage Is Not Binding

As Judge Farnan noted at the hearing on Kyphon's Motion for a Preliminary Injunction:

"[T]he Court can set out claim construction, but since it's in the context of preliminary injunction it's like play dough."

P.I. Hearing Tr., D.I. 112 at p. 26, ll. 20-23.

# The '888 and '404 Disputed Claim Terms

The claim, with disputed terms in bold:

1. A method of fixation of a fracture or impending fracture of a bone having bone marrow therein comprising:

> forming a passage in the bone marrow;

**> compacting the bone marrow to increase the volume of said passage; and**

> filling the passage with a flowable material capable of setting to a hardened condition.

# Claim 1 of the '404 and '888 Patents Require a Balloon

**Brief Comment on Bone Marrow:**

- During prosecution, claim with the term "bone" was rejected.
- Kyphon overcame the rejection by substituting "bone marrow."
- Nevertheless, to reduce the number of contested issues, DOT will accept Kyphon's interpretation of bone marrow as including cancellous bone.

# CLAIM CONSTRUCTION

## Must Look to Overall Context and Intent of Invention

"[U]ltimately, the interpretation to be given a term can only be determined and confirmed with a full understanding of what the inventors actually invented and intended to envelop with the claim. The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction. A claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent."

Renishaw PLC v. Marposs Societa' per Azioni, 158 F.3d 1243, 1250 (Fed. Cir. 1998) (emphasis added)

# CLAIM CONSTRUCTION

## Must Look to Overall Context and Intent of Invention

The Federal Circuit reaffirmed these principles just a month ago:

"We cannot look at the ordinary meaning of the [claim] term. . .in a vacuum. Rather, we must look at the ordinary meaning in the context of the written description and the prosecution history."

Medrad Inc. v. MRI Devices Corp., 401 F.3d 1313, 1319 (Fed. Cir. 2005) (quoting DeMarini Sports, Inc. v. Worth, 239 F.3d 1314, 1324 (Fed.Cir.2001)).

# Claim Terms Must Not Be Read In the Abstract

"In those cases. . . we have held that the embodiments of the invention set forth in the specification constituted the invention itself, in spite of claim language that could, in the abstract, be interpreted more broadly."

Liebel-Flarsheim Co. v. Medrad, Inc., 358 F. 3d 898, 907 (Fed. Cir. 2004).

"In those cases, this court interpreted the pertinent claim language narrowly, not merely because the specification did not describe a broader embodiment, but because the specification, claim, or prosecution history made clear that the invention was limited to a particular structure."

Liebel-Flarsheim, 358 F.3d at 907-908.

# The Public Notice Function of Patents

"It has long been understood that a patent must describe the exact scope of an invention and its manufacture to 'secure to [the patentee] all to which he is entitled, [and] to apprise the public of what is still open to them.'"

Markman v. Westview Instruments, Inc., 517 U.S. 370, 373 (1996) (citations omitted).

# The Bard case is instructive and dispositive

**"Statements that describe the invention as a whole, rather than statements that describe only the preferred embodiments, are more likely to support a limiting definition of a claim term."**

C.R. Bard, Inc. v. U.S. Surgical Corp., 388 F.3d 858, 864 (Fed. Cir. 2004) (citation omitted)

# As in Bard, the invention is defined as requiring . . .

- "In this case, the plug claimed by the '432 patent is defined globally as requiring a pleated surface, which limits claim 20."
  C.R. Bard, Inc. v. U.S. Surgical Corp., 388 F.3d 858, 865 (Fed. Cir. 2004)

- Here, the claimed method in both patents is defined globally as requiring a balloon.

# Claim 1 of the '404 and '888 Patents Requires a Balloon

Intrinsic Evidence - entirely focused on balloons as a way of creating a void in a fractured bone:

- Abstract
- Background of Invention
- Summary of Invention
- Figures
- Record of Invention
- Prosecution History
- Title of the Patents