IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON INC., <br><br> Plaintiff, <br><br> v. <br><br> DISC-O-TECH MEDICAL TECHNOLOGIES LTD., and DISC ORTHOPAEDIC TECHNOLOGIES, INC., <br><br> Defendants. | C.A. No. 04-204-JJF |

**KYPHON'S OPPOSITION TO DOT'S UNTIMELY UNTIMELY
MOTION *IN LIMINE* TO PRECLUDE "FORMER EMPLOYEE" EVIDENCE**

DOT's motion is both untimely and without merit. Evidence showing DOT's recruitment of Kyphon's employees and sales representatives to sell DOT's own products is probative of DOT's intent, and therefore is highly relevant to willful infringement. DOT fails to cite a single case in support of its position that hiring away employees is irrelevant to willfulness. Nor is Kyphon aware of such a case. Rather, case law and logic mandate the opposite conclusion. Moreover, this evidence highlights the direct competition between DOT and Kyphon and is, thus, also relevant to damages.

Two Kyphon employees (Foster and Saunders) met with, were recruited by, and may have even started working for DOT before their relationships with Kyphon were severed.[1] These facts are relevant to DOT's willful infringement. DOT knew about

---

[1] DOT also moves to exclude evidence related to the alleged Kyphon former employees' violation of their employment agreements with Kyphon. Kyphon sued two of these employees and these matters have settled. Kyphon's focus is on DOT's behavior (including DOT's taking advantage of relationships developed by former Kyphon employees)—not Kyphon's lawsuits against Kyphon's former employees. Kyphon does not intend to introduce or rely on evidence related to the lawsuits against the former Kyphon employees. If DOT had exchanged its motion under the stipulated schedule, Kyphon could have told it that this was not an issue before submission of DOT's motion to the Court.

Kyphon, Kyphon's products, and Kyphon's patents before hiring away these former employees. Kyphon believes that DOT (with knowledge of Kyphon, its products, and its patents) hired Kyphon's employees and sales representatives in order to take advantage of the relationships developed by these persons with the surgeons who used Kyphon's devices – with the ultimate goal of selling more of the infringing SKy Bone Expander devices. These facts bear upon the motivation and intent of DOT and, thus, are relevant under the totality of the circumstances that are considered in a willfulness analysis. *SRI Intern., Inc. v. Advanced Technology Laboratories, Inc.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997) (issue of willfulness "is often accompanied by questions of intent, belief and credibility"). The Federal Circuit has specifically noted that evidence of hiring a patentee's employee and taking business accounts directly away from the patentee may be relevant to the willfulness issue. *Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1575-76 (Fed. Cir. 1983) (recognizing that district court's holding of willful infringement was based on, *inter alia*, the hiring of an employee from the patentee, copying, and taking two large customers away from patentee). This kind of a pattern of pervasively taking advantage of a patentee's business and pre-existing relationships is relevant to willfulness under the totality of the circumstances.

      The totality of the circumstances also includes commercial factors that may have affected DOT's actions. *SRI*, 127 F.3d at 1465. DOT's recruitment of Kyphon employees makes it clear that DOT's motivation for infringing Kyphon's patents was a desire to invade and steal the market that had been developed by Kyphon. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992) (holding that infringer's "motivation for harm" is a relevant factor), *abrogated on other grounds by Markman v. Westview*

*Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995). It also shows that DOT and Kyphon are direct competitors—indeed, the only two—in the kyphoplasty market, a factor relevant to lost-profit damages as well as an assessment of enhanced damages under willfulness doctrine. *nCUBE Corp. v. SeaChange Intern., Inc.*, 313 F.Supp.2d 361, 390-391 (D. Del. 2004) (noting relevance of parties being "direct competitors" in assessing infringer's motivation). Likewise, the fact that certain Kyphon employees were being recruited by DOT while still working for Kyphon is relevant to willfulness because it goes to show the degree of DOT's intent. *See Read*, 970 F.2d at 828.

DOT asserts that if Kyphon is allowed to rely on evidence of DOT's hiring practice, "DOT should be permitted to rebut those allegations by showing Kyphon's practices in the marketplace"—without even identifying what "practices" it has in mind. This argument is both legally flawed and a non-sequitur. It is legally flawed because DOT is not accusing Kyphon of willful infringement or seeking damages; DOT's "rebuttal evidence" thus would have no relevance to this case. It is a non-sequitur because even assuming if Kyphon did seek to hire one of DOT's employees or sales representatives (which Kyphon did not)[2], whether Kyphon targeted DOT's people has no bearing on whether DOT targeted Kyphon's people.

Finally, DOT's motion *in limine* is untimely. By stipulation, the parties were to file all motions *in limine* by May 10, 2005. However, DOT files this belated motion six days after the deadline, and one day before the pre-trial conference, knowing full well long before the deadline that Kyphon had intended to rely on evidence of DOT's hiring practices to show willfulness. DOT's eleventh-hour effort to escape liability of

---

[2] DOT fails to provide any specifics to support its allegation, and Kyphon is unaware of any such effort.

3

willfulness, and to avoid core damages evidence, must be rejected. DOT cannot claim that this is a surprise issue—its motion shows that Kyphon has asserted these facts since the motion for preliminary injunction was filed months ago. [D.I. 208 at 4.] There is no reason to excuse DOT's untimeliness.

For these reasons, Kyphon respectfully requests that the Court deny DOT's motion *in limine* to exclude evidence of DOT's recruitment of Kyphon's employees or representatives, and evidence related to the fact that former Kyphon employees were recruited by DOT while still being employed by Kyphon.

DATED: May 17, 2005    Respectfully Submitted,


FISH & RICHARDSON P.C.


By: /s/ Thomas L. Halkowski
  Thomas L. Halkowski (#4099)
  919 N. Market Street, Suite 1100
  P.O. Box 1114
  Wilmington, DE 19899-1114
  Tel: (302) 652-5070
  Fax: (302) 652-0607

  Frank E. Scherkenbach
  Michael R. Hamlin
  225 Franklin Street
  Boston, MA 02110-2804
  Tel: (617) 542-5070
  Fax: (617) 542-8906

  Karen I. Boyd
  Limin Zheng
  500 Arguello Street, Suite 500
  Redwood City, CA 94063
  Tel: (650) 839-5070
  Fax: (650) 839-5071

  Attorneys for Plaintiff
  KYPHON INCORPORATED

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2005, I electronically filed **KYPHON'S OPPOSITION TO DOT'S MOTION *IN LIMINE* TO PRECLUDE "FORMER EMPLOYEE" EVIDENCE** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

| | |
|---|---|
| Maryellen Noreika<br>Morris Nichols Arsht & Tunnell<br>Chase Manhattan Centre<br>1201 North Market Street, Suite 2100<br>P.O. Box 1347<br>Wilmington, DE  19899-1347 | *Attorneys for Defendants<br>Disc-O-Tech Medical Technologies, Ltd.<br>and Disc Orthopaedic Technologies, Inc.* |

I also hereby certify that on this date, I e-mailed a copy of the document to the following individual:

Jonathan M. Sobel
Hogan & Hartson L.L.P.
875 Third Avenue
New York, NY 10022

/s/ Thomas L. Halkowski
Thomas L. Halkowski
halkowski@fr.com