# EXHIBIT A

# HOGAN & HARTSON
L.L.P.

ERIC J. LOBENFELD
PARTNER
(212) 918-8202
EJLOBENFELD@HHLAW.COM

May 18, 2005

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

*VIA E-MAIL*

Thomas L. Halkowski, Esq.
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Frank Scherkenbach, Esq.
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2904

Re: Kyphon Inc. v. Disc-O-Tech

Gentlemen:

I write in response to our conversation of earlier today. For the reasons set forth below, Disc-O-Tech cannot agree with your proposals for scheduling.

I do not wish to repeat the comments I made in Court yesterday regarding the timing of Disc-O-Tech's Objections to the Special Master's ruling. Under Rule 72, Disc-O-Tech has until Tuesday, May 31 to file its objections to the rulings dated May 16, 2005. As I told the Court yesterday, Disc-O-Tech is willing to serve and file its objections by next Friday, four days earlier than the rules permit. I repeat that representation to you now. The fact is, that a more detailed view of the Special Master's claim construction order indicates more bases for objection than had appeared initially. In addition, Kyphon has yet to accept Disc-O-Tech's Offer of Judgment on the bone filler patents; thus, at least as of this writing, Disc-O-Tech would need to address construction of those patents as well.

Moreover, as you know, the Special Master's Order numbered D.I. 148, states that a memorandum opinion will issue on Kyphon's motions for partial summary judgment. We have yet to see that opinion, and, given the Special Master's granting of Kyphon's motion with respect to the '888 and '404 patents,

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
\\\NY - 67473/0002 - 894849 NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.
Thomas L. Halkowski, Esq.
Frank Scherkenbach, Esq.
May 18, 2005
Page 2

certainly expect that Disc-O-Tech will wish to lodge objections to that opinion as well. Obviously, we cannot gauge the timing or scope of those objections until we see the opinion itself.

With respect to Kyphon's responses to Disc-O-Tech's objections, you are, of course, free to respond as quickly as you wish so long as you don't exceed the time permitted in Rule 72. The Court indicated that it would need ten business days to rule on Disc-O-Tech's objections. We will not presume to suggest to the Court that it needs less time than it indicated. You may do so if you wish.

Finally, on the issue of objections, you should not forget that it was Kyphon that suggested that the Special Master's ruling be deferred while the business discussions were taking place.

In light of the foregoing, it seems clear to me that the trial cannot start on June 6. To the extent this presents scheduling issues for your witnesses, I have no answer for you. As you know, the Judge indicated that we should try to agree to a specific number of live witnesses that each side could call. I have no idea what number you have in mind or whether we will agree to that number. If we don't agree and the Judge gives us a number, that may well affect the availability of your witnesses. If that is not feasible, it appears that the parties will have to consider the next available dates the Court has.

With respect to your suggestion that Disc-O-Tech agree to ask the Court to modify its proposed order of proof so as to combine the infringement and validity trials, we reject it. As we understand the Court's reasoning, if infringement is not found in the first phase, we will not have the trial on invalidity. As of this writing, neither side knows whether the Special Master's infringement ruling will or will not be accepted by the Court. If it is not, a trial limited to infringement of the three remaining patents (if that's how many there are) would certainly be more efficient than a combined trial. If the Court upholds the summary judgment determination on the '404 and 888 patents, we can proceed to trial on the '043 patent. Contrary to your statements to me today, Disc-O-Tech believes it has substantial noninfringement defenses to the '043 patent. Indeed, Kyphon's assertion of this patent is a clear stretch. Should Disc-O-Tech prevail on the '043, the validity phase, if there is one, would be limited to the '404 and '888 patents. Thus, the phasing ordered by the Court makes perfect sense, and Disc-O-Tech has no interest in asking the Court to alter it.

\\\NY - 67473/0002 - 894849 v1

HOGAN & HARTSON L.L.P.

Thomas L. Halkowski, Esq.
Frank Scherkenbach, Esq.
May 18, 2005
Page 3

      Should the Court wish to discuss this with counsel, I will, of course, be available for such a call. If you prefer to present your views to the Court in writing, we will respond promptly.

                                    Sincerely,

                                    Eric J. Lobenfeld

cc: Maryellen Noreika

\\\NY - 67473/0002 - 894849 v1

# EXHIBIT B

# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA FACSIMILE**

May 19, 2005

Eric J. Lobenfeld
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, NY 10022

Re:   Kyphon Inc. v. Disc-O-Tech Medical Technologies, et al.
      USDC-D.Del. - C.A. No. 04-204-JJF

Dear Eric:

I was surprised to receive your letter late yesterday, as we had tried repeatedly to reach you and you had promised to call back to discuss these issues in more detail after our very brief call at mid-day. Nevertheless, let me put my thoughts in writing as well, so we can submit our respective letters to Judge Farnan and seek his guidance on our differences.

With all due respect to the rationales offered in your letter, this all boils down to DOT wishing to delay the day of reckoning. Especially given the enormous amount of time and effort already devoted to the claim construction issues on which each of Judge Poppiti's recommendations turned, I have a hard time understanding your claim to need until May 27 to register your objections and the basis for them. The parties have been engaged on these issues since the preliminary injunction proceedings of last Fall, and we see nothing in Judge Poppiti's analysis that materially varies from the arguments counsel already have made (and made, and made again). Finally, subject to one small clarification, that we could have gotten today if we had been able to speak at more length, the two bone filler device patents will be off the table, further simplifying DOT's task of lodging its objections.

We will file our response to DOT's objections within 3 days of receiving them. Judge Farnan will of course take the time he needs, but I am hopeful that he will adjust the timing for everyone rather than force Kyphon to try its case without some of its critical witnesses. He certainly has the authority to allow DOT fewer than the full time permitted by Rule 72.[1]

---

[1] See U.S. v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) ("Ten days is a maximum, not a minimum. The court may require a response within a shorter period if exigencies of the calendar require[.]"); Sassower v. Sheriff of Westchester County, 651 F. Supp. 128, 129, 133 (S.D.N.Y. 1986) (requiring objections to the magistrate's report be filed within 2 days of the report), reversed on other grounds by,

FISH & RICHARDSON P.C.

Eric J. Lobenfeld
May 19, 2005
Page 2

At least two of Kyphon's key witnesses -- inventors Mark Reiley and Karen Talmadge -- simply cannot be available other than the week of June 6. Dr. Reiley has teaching and training commitments involving other doctors during the week of June 13, he is attending the graduation of his daughter on June 15, and he leaves for a long-planned five-week trip to France beginning June 20. Dr. Talmadge is in the Virgin Islands from June 12-18 and in Canada from June 25-July 3; each of these concern long-standing commitments made many months ago to avoid conflict with the scheduled trial, and unfortunately, neither commitment can be changed at this time. (I personally have a family vacation planned from June 17-July 1, as well, which also had been planned long ago to avoid conflict with our scheduled trial date). Other Kyphon witnesses also have conflicts, including our expert (Dr. Marks) who cannot be available most of the week of June 20, but the inventor conflicts are the most severe, as they involve two of our most important witnesses and they cannot be avoided. Trial therefore cannot be delayed beyond the week of June 6 without severe prejudice to Kyphon.[2]

As I indicated to you, a fair compromise would be for DOT to take less time to file its objections, so that we could ensure a June 6 trial. We should also combine the infringement and validity trials into one, as in this case there is no need for phasing. Whatever the merits of trifurcation in general, the rationale of avoiding a potentially unnecessary validity trial is highly unlikely to apply here and we will know one way or the other before trial whether in fact it does. Infringement has already been addressed by Judge Poppiti on the two core patents in this case, the '404 and '888 patents. Therefore, there will be a validity trial, unless both Judge Farnan got it wrong in the preliminary injunction context and Judge Poppiti made the same

---

Sassower v. Sheriff of Westchester County, 824 F.2d 184 (2nd Cir. 1987); Tripati v. Drake, 1990 WL 100242, at *1 (9th Cir. 1990) ("Ten days is a maximum not a minimum."); Hispanic Counseling Center, Inc. v. Incorporated Village of Hempstead, 237 F. Supp. 2d 284, 289-90 (E.D.N.Y. 2002) (requiring objections to be filed within 5 days and responses within 3 days thereafter) ("Generally, parties are given 10 days after service of a magistrate's report to file written objections. . . . However, that time period may be shortened where exigencies exist.") (citing Barney, 568 F.2d at 136).

[2] You imply that, since Kyphon made the request to delay issuance of the opinions, Kyphon should bear the consequences of a leisurely objection and review process. I do not think this accurately reports what happened. It is true that Kyphon rather than DOT initially raised the issue of allowing the parties further time to discuss a potential business resolution, but you omit two important related points. First, after the parties discussed this proposal with each other, we jointly made the request to Judge Poppiti, each of us with the knowledge that trial had long been scheduled to start on June 1st and each of us without any expectation that the trial date would be adjusted. Second, in discussing the joint request with your colleagues and in forwarding it to Judge Poppiti, we specifically voiced our concern about putting the scheduled trial date in jeopardy, and we made the request on the understanding that postponement of the decisions would not endanger the presently scheduled trial date.

FISH & RICHARDSON P.C.

Eric J. Lobenfeld
May 19, 2005
Page 3

mistake, after an avalanche of submissions, in the summary judgment context. We ought to be planning for what is likely rather than for what is not. Moreover, it is likely -- and, again, we will know before trial in any event -- that the infringement trial will involve a single independent claim of a single patent (the '043), since as you know Kyphon has decided to try only four claims, only one of those is independent, and DOT's expert has no opinions on the three dependent claims beyond those offered for the sole independent. Therefore, in this case, taking time out for a "half-time" deliberation between infringement and validity trials will only consume precious time. If we combine the two instead, the presentations will be more coherent and we can get this case tried and decided in one week.

I will call you tomorrow morning to see whether we remain at loggerheads and, if so, to confer about a procedure for submitting these letters to Judge Farnan and arranging for a time to speak with him. If you feel the need to submit something further, please do so immediately tomorrow. We will otherwise plan on submitting to the Court later this morning the parties' letters (yours of yesterday and ours of today) so we can get this resolved one way or the other by the end of the day if possible.

Regards,

*Frank E. Scherkenbach* (kjt)

Frank E. Scherkenbach

FES/kjt

cc: Maryellen Noreika, Morris Nichols Arsht & Tunnell (via facsimile)

21090794.doc