# HOGAN & HARTSON

L.L.P.

ERIC J. LOBENFELD
PARTNER
(212) 918-8202
EJLOBENFELD@HHLAW.COM

May 19, 2005

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

*VIA E-MAIL*

Frank Scherkenbach, Esq.
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2904

Re:   Kyphon Inc. v. Disc-O-Tech

Dear Frank:

I respond briefly to your letter of this morning. I wrote the letter so that you would understand the bases for Disc-O-Tech's position on the issues we discussed. Frankly, I believed it would be more helpful to you to have our position in writing rather than attempting a phone conversation. Maryellen and I called Tom this morning and have not heard back.

I will not debate with you the merits of Disc-O-Tech's objections. You are obviously pleased with the Special Master's rulings which is hardly surprising, but Disc-O-Tech is entitled to prepare complete objections to those portions of the ruling which we believe to be in error. This is a serious matter, and goes to the heart of Disc-O-Tech's business. As you know, any failure to object is deemed a waiver for purposes of appeal. Notwithstanding, we committed to the Court and to you to file the objections four days before they are due under the Rule.

The entire tenor of your letter suggests you believe that the Court will "rubber stamp" the Special Master's decisions. I do not share that view. The Court made clear on Tuesday, and again in the Order issued today that it requires ten business days to consider the objections. Certainly Disc-O-Tech is entitled to the full and fair consideration the Court has indicated it will give to the objections. If you wish to respond to the objections within three days, you are free to do so, but I see no reason to alter the shortened schedule I agreed to for Disc-O-Tech's objections.

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.
Frank Scherkenbach, Esq.
May 19, 2005
Page 2

  Your statement that this is all about Disc-O-Tech wishing to delay the trial is silly. This case is barely a year old, and if the trial date is moved a month or even several months beyond June 1, there would still be trial well within what is typical for patent cases in Delaware. As for your witnesses' availability, trial dates are changed all the time for various reasons. That is just a risk we all assume. The two witnesses you mentioned are executives of Kyphon and should understand that personal plans cannot always be accommodated. In any case, it appears from your letter that the alternative of a trial later in the summer, if consistent with the Court's calendar, will not interfere with any of the scheduling issues identified in your letter.

  As far as the phasing of trial, I will not repeat what was in my previous letter. It makes good sense for all the reasons stated by the Court in the pretrial conference. The Court confirmed its decision in today's Order and we see no reason to ask the Court to alter it.

  If you submit the parties' letters to the Court, please include this one as well.

Sincerely,

Eric J. Lobenfeld

cc: Maryellen Noreika, Esq.
   Thomas L. Halkowski, Esq.

\\\NY - 67473/0002 - 894977 v1