IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KYPHON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-204-JJF |
| | ) | |
| DISC-O-TECH MEDICAL TECHNOLOGIES LTD., and DISC ORTHOPAEDIC TECHNOLOGIES, INC., | ) ) ) | **REDACTED VERSION** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### DOT'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING COMPROMISE NEGOTIATIONS AND THE TIMING OF DOT'S ASSERTION OF ITS DETAILED NON-INFRINGEMENT AND INVALIDITY CONTENTIONS, REGARDING THE BONE FILLER PATENTS-IN-SUIT (U.S. PATENT NOS. 6,241,734 AND 6,613,054)

Defendants Disc-O-Tech Medical Technologies, Ltd. and Disc Orthopaedic Technologies, Inc. ("DOT") respectfully submit this motion in limine, pursuant to Rules 408 and 403 of the Federal Rules of Evidence, to preclude Kyphon Inc. ("Kyphon") from presenting evidence or argument at trial relating to compromise negotiations as to U.S. Patent Nos. 6,241,734 and 6,613,054 ("bone filler patents"), or relating to the timing of DOT's assertion of detailed non-infringement and invalidity contentions.

### PRELIMINARY STATEMENT

### REDACTED

REDACTED

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action by Plaintiff Kyphon against Defendants DOT for infringement of

U.S. Patent Nos. 4,969,888 ("the '888 patent"), 5,108,404 ("the '404 patent"), 6,235,043 B1

("the '043 patent"), 6,248,110 B1 ("the '110 patent"), 6,241,734 B1 ("the '734 patent") and

_____

REDACTED

6,613,054 B1 ("the '054 patent").  DOT has counterclaimed against Kyphon for declaratory judgments of non-infringement and invalidity of the patents-in-suit.  Kyphon has moved for summary judgment of infringement of the '404, '888, '734 and '054 patents.  DOT has moved for summary judgment of non-infringement of the '404, '888 and '043 patents and invalidity of the '404 and '888 patents.  On April 19, 2005, Special Master Vincent Poppiti heard argument on all of these motions, as well as on claim construction issues.  A pretrial conference is scheduled for May 17, 2005.  Trial is scheduled to begin June 1, 2005.

## **FACTUAL BACKGROUND**

REDACTED

REDACTED

REDACTED

REDACTED

**<u>ARGUMENT</u>**

REDACTED

Pursuant to Rule 408, statements made in the context of compromise negotiations are not admissible as proof of liability for, or invalidity of, a disputed claim. Rule 408 states in relevant part:

> "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to provide liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible."

See also Pharmastem Therapeutics, Inc. v. Viacell Inc., 2003 WL 22387038 at *3-4 (D. Del.) (granting motion in limine excluding evidence of settlement negotiations between adverse parties on grounds that such evidence is "plainly inadmissible under Rule 408.")  "The purpose of Rule 408 is 'to encourage full and frank disclosure between parties in order to promote settlements, rather than protracted litigation.' "  Id. at *4.

REDACTED

## CONCLUSION

For the reasons set forth above, DOT respectfully requests that DOT's motion in limine to preclude evidence or argument relating to compromise negotiations concerning the bone filler patents, as well as evidence or argument regarding the timing of DOT's assertion of detailed non-infringement and invalidity contentions regarding the bone filler patents.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

*Attorneys for Defendants Disc-O-Tech Medical Technologies, Ltd. and Disc Orthopaedic Technologies Inc.*

OF COUNSEL:
Eric J. Lobenfeld
Jonathan M. Sobel
Arlene L. Chow
Robert J. DeMento
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

Original Filing Date:  May 10, 2005

Redacted Filing Date:  May 20, 2005

# EXHIBIT 1

Confidential Exhibit – Redacted

# EXHIBIT 2

Confidential Exhibit – Redacted

# EXHIBIT 3

Confidential Exhibit –
Redacted

# EXHIBIT 4

Confidential Exhibit –
Redacted

# EXHIBIT 5

Confidential Exhibit –
Redacted

# EXHIBIT 6

Westlaw.

Not Reported in F.Supp.2d                                    Page 1
2003 WL 22387038 (D.Del.)
**(Cite as: 2003 WL 22387038 (D.Del.))**

# H

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
PHARMASTEM THERAPEUTICS, INC., Plaintiff,
v.
VIACELL INC., Cryo-Cell International, Inc.,
Corcell, Inc., Stemcyte, Inc., Cbr
Systems, Inc. f/k/a Cord Blood Registry, Inc.,
Birthcells Technology, Inc.,
Nustem Technologies, Inc., and Bio-Cell, Inc.,
Defendants.
No. C.A. 02-148 GMS.

Oct. 7, 2003.

Philip A. Rovner, Potter Anderson & Corroon, LLP,
Wilmington, DE, for Plaintiff.

Jeffrey L. Moyer, David Allan Felice, Richards,
Layton & Finger, Robert F. Stewart, Jr., Dilworth,
Paxson LLP, Richard D. Kirk, Morris, James,
Hitchens & Williams, Wilmington, DE, for
Defendants.

*MEMORANDUM AND ORDER*

SLEET, J.

## I. INTRODUCTION

*1 On August 5, 2003, PharmaStem Therapeutics,
Inc. ("PharmaStem") filed a motion *in limine* to
exclude from evidence all discovery relating to
settlement negotiations regarding patent licensing
agreements. On August 12, 2003, Viacell Inc., Cryo-
Cell International, Inc., Corcell, Inc., Stemcyte, Inc.,
CBR Systems, Inc. f/k/a Cord Blood Registry, Inc.,
Birthcells Technology, Inc., Nustem Technologies,
Inc., and Bio-Cell, Inc. (collectively "Viacell") filed
an answer requesting that PharmaStem's motion be
denied. Alternatively, Viacell moved to exclude from
evidence the license agreements between
PharmaStem and third parties, Anthrogenesis
Corporation ("Anthrogenesis") and Stembanc, Inc.
("Stembanc"), and to preclude PharmaStem's expert,
Russell Parr, from relying on those licenses as a

factor in determining a reasonable royalty rate. On
August 15, 2003, PharmaStem filed a reply. The
court conducted a pretrial conference on September
8, 2003 in which it heard oral argument from the
parties on PharmaStem's motion. Upon consideration
of the arguments raised at the pretrial conference and
in the parties' briefs, the court will grant
PharmaStem's motion *in limine* to exclude from
evidence all discovery relating to settlement
negotiations regarding the Anthrogenesis and
Stembanc licenses and with any of the defendants in
this case. The court will also grant Viacell's cross-
motion *in limine* to exclude from evidence the
Anthrogenesis and Stembanc license agreements
themselves and to preclude Mr. Parr from relying on
those licenses as a factor in determining a reasonable
royalty rate. The court bases its ruling on the
following reasons.

## II. DISCUSSION

After the commencement of the present litigation,
PharmaStem licensed the patents-in-suit to two, non-
defendant companies, Anthrogenesis and Stembanc.
PharmaStem entered into licensing agreements with
Anthrogenesis and Stembanc in the context of
settling a claim of infringement against each of those
companies. PharmaStem also has held settlement
negotiations with several of the defendants. In all
instances, PharmaStem and the various parties
entered into a negotiation agreement containing the
following clause:

> All offers, promises, conduct and statements,
> whether oral or written made in the course of
> negotiations relating to the Patents by either of the
> parties, their attorneys, agents or representatives
> are "Confidential Statements." Confidential
> Statements may not be disclosed by the receiving
> party without the consent of the disclosing party.
> Confidential Statements are subject to Rule 408 of
> the Federal Rules of Evidence may not be used by
> the receiving party in litigation for any purpose
> including, without limitation, impeachment.
> However, evidence that is otherwise admissible or
> discoverable shall not be rendered inadmissible or
> non-discoverable as a result of its presentation or
> use in connection with this Agreement.

PharmaStem claims that evidence related to the
negotiations underlying the Anthrogenesis and
Stembanc license agreements is inadmissible under

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 22387038 (D.Del.)
(Cite as: 2003 WL 22387038 (D.Del.))

Page 2

Rule 408 of the Federal Rules of Evidence. PharmaStem maintains, however, that the Anthrogenesis and Stembanc license agreements themselves are admissible to establish the appropriate reasonable royalty calculation. Accordingly, PharmaStem's damages expert, Russell Parr, relied on the license agreements in reaching his opinion that PharmaStem is entitled to a high royalty rate for the patents-in-suit.

*2 Conversely, Viacell takes an "all-or-nothing" position, arguing that if the underlying negotiations are inadmissible because of Rule 408, then the license agreements themselves are also inadmissible for the same reason. If Mr. Parr is nonetheless permitted to rely on the Anthrogenesis and Stembanc licenses, Viacell argues that it then should be permitted to introduce the underlying negotiations to show that the final agreements were not the product of a freely negotiated, bargained-for exchange. Indeed, Viacell's damages expert, David E. Yurkerwich, relied on evidence of the underlying negotiations to reach his conclusion that the reasonable royalty rate should be much lower than the one Mr. Parr calculated. The court agrees that PharmaStem is not permitted to have it both ways.

"[T]he methodology for determining a 'reasonable royalty' is consigned to the district court's discretion and is reviewed only for abuse of that discretion." *Century Wrecker Corp. v. E.R. Buske Mfg. Co., Inc.*, 898 F.Supp. 1334, 1336 (N.D.Iowa 1995) (citing *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 869 (Fed.Cir.1993); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed.Cir.1991); *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1576 (Fed.Cir.1988)). It is well established that a patent holder's license agreements with third parties are permissible considerations in a reasonable royalty calculation. *See, e.g., Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970). However, notwithstanding their relevance to a reasonable royalty calculation, the court may exclude license agreements between a patent holder and third parties under Rule 408 of the Federal Rules of Evidence.

Rule 408 states in pertinent part:
Evidence of (1) furnishing or offering or promising to furnish, (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the

claim or its amount. Evidence of conduct or statements made in compromising negotiations is likewise not admissible.

Fed.R.Evid. 408. Specifically, a license agreement may be excluded from evidence under Rule 408 where it (1) was reached under a threat of litigation, (2) arose in a situation where litigation was threatened or probable, or (3) was negotiated against a backdrop of continuing litigation infringement. *See Century Wrecker*, 898 F.Supp. at 1340 (citing *Studiengesellschaft Kohle, M.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1572 (Fed.Cir.1988) (synthesizing the teachings of *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1164 n. 11 (6th Cir.1978), *Rude v. Westcott*, 130 U.S. 152, 164, 9 S.Ct. 463, 32 L.Ed. 888 (1889), *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078-79 (Fed.Cir.1983), and *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1557 (Fed.Cir.1983), respectively)). The court must look carefully at the context in which the license agreement was reached to determine whether it meets any of these requirements. *See Dart Indus.*, 862 F.2d at 1572; *Century Wrecker*, 898 F.Supp. at 1340.

*3 The license agreements between PharmaStem and third parties Anthrogenesis and Stembanc arose in a context where litigation was threatened or at least probable. PharmaStem in fact states, "With respect to Anthrogenesis and Stembanc, discovery obtained unambiguously refers to the amounts contemplated to settle PharmaStem's claim of infringement against them." (PharmaStem Therapeutics, Inc's Motion *In Limine* to Exclude All Discovery Relating to Settlement Agreement Negotiations Regarding Patent License Agreements, at 3). Additionally, PharmaStem's negotiation agreements with Anthrogenesis and Stembanc specifically reference Rule 408, indicating that the parties involved must consider the licenses to have arisen out of settlement negotiations over the validity or amount of an infringement claim. A "dispute" under Rule 408 includes "both litigation and less formal states of a dispute." In view of the term's broad construction, it is clear that the Anthrogenesis and Stembanc license agreements arose from a dispute within the meaning of Rule 408.

Both PharmaStem and Viacell cite *Century Wrecker* in support of their respective positions. In *Century Wrecker,* the court admitted evidence of license agreements between the plaintiff and third parties, which arose out of the threat of litigation. Although the court noted that the agreements were inadmissible under Rule 408, it nonetheless allowed the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 22387038 (D.Del.)
(Cite as: 2003 WL 22387038 (D.Del.))

Page 3

defendants to introduce the agreements into evidence because the plaintiff's expert had relied on them in his reasonable royalty calculations. The court reasoned that the defendants were entitled to use the settlement agreements to challenge the basis of the plaintiff's expert's conclusions.

*Century Wrecker,* however, is not binding precedent on this court. Moreover, *Century Wrecker* held only that the actual settlement agreements were admissible to challenge the basis of the expert's opinion. The case, therefore, does not dictate Viacell's position that evidence of negotiations *underlying* the license agreements must be admitted to challenge Mr. Parr's report. Nor does *Century Wrecker* mandate PharmaStem's conclusion that the Anthrogenesis and Stembanc licenses are automatically admissible because Mr. Parr used them to calculate a reasonable royalty.

The court is not required to allow otherwise inadmissible settlement agreements into evidence simply because one party's expert relies on them in reaching a reasonable royalty. This is particularly true where other options, such as excluding the licenses altogether, are available to the court. The purpose of <u>Rule 408</u> is "to encourage full and frank disclosure between parties in order to promote settlements, rather than protracted litigation." *See* <u>Fed.R.Evid. 408</u> (citing <u>Olin Corp. v. Ins. Co. of N. Am., 603 F.Supp. 445, 449 (S.D.N.Y.1985)</u>). Given its discretion to determine the methodology for calculating a reasonable royalty, the court finds that it is the better practice to exclude the Anthrogenesis and Stembanc licenses in view of the policy considerations behind <u>Rule 408</u>. *See* <u>Bradbury v. Phillips Petroleum Co., 815 F.2d 1356, 1364 (10th Cir.1987)</u> ("[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers.").

*4 Finally, although Viacell does not appear to seek the introduction of such evidence, to the extent PharmaStem requests the exclusion of settlement negotiations between itself and any of the defendants in this case, that evidence is plainly inadmissible under <u>Rule 408</u>. *See* <u>Fed.R.Evid. 408</u> ("Evidence of conduct or statements made in compromising negotiations is likewise not admissible.").

III. CONCLUSION

Because the agreements arose in a context where litigation was threatened or at least probable, the court will exclude all evidence relating to negotiations of the Anthrogenesis and Stembanc licenses, including the license agreements themselves.

Therefore, IT IS HEREBY ORDERED that:
1. PharmaStem Therapeutics, Inc.'s motion *in limine* to exclude from evidence all discovery relating to settlement negotiations regarding the Anthrogenesis and Stembanc licenses and with any of the defendants in this case is GRANTED.
2. Viacell's cross-motion *in limine* to exclude from evidence the Anthrogenesis and Stembanc license agreements and to preclude Russell Parr from relying on those licenses as a factor in determining a reasonable royalty rate is GRANTED.
3. The parties' experts may not rely on the Anthrogenesis and Stembanc licenses or any documents or other evidence pertaining to negotiations of the those licenses to calculate a reasonable royalty rate or to challenge the opposing party's calculation of a reasonable royalty rate.

2003 WL 22387038 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• <u>2003 WL 23310808</u> (Verdict and Settlement Summary) (Oct. 29, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.