IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON INC., <br><br> Plaintiff, <br><br> v. <br><br> DISC-O-TECH MEDICAL TECHNOLOGIES LTD., and DISC ORTHOPAEDIC TECHNOLOGIES, INC., <br><br> Defendants. | C.A. 04-204-JJF <br><br> **CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER** <br><br> **ATTORNEYS EYES ONLY** |

**[PROPOSED] JOINT PRETRIAL ORDER**

**Counsel for Plaintiff**

Thomas L. Halkowski (#4099)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Michael R. Hamlin
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

David J. Miclean
Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Rama G. Elluru (admitted only in Texas and Virginia)
1425 K Street, N.W.
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

**Counsel for Defendant**

Maryellen Noreika (#3208)
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 658-9200
Fax: (302) 425-3011

Eric J. Lobenfeld
Jonathan M. Sobel
Robert J. DeMento
Arlene L. Chow
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

Dated: May 12, 2005

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | NATURE OF THE ACTION AND PLEADING | 2 |
| II. | BASIS OF FEDERAL JURISDICTION | 2 |
| III. | FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF | 3 |
| IV. | THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF FACT TO BE LITIGATED | 3 |
| V. | THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF LAW TO BE LITIGATED | 3 |
| VI. | EXHIBITS AND OBJECTIONS | 3 |
| VII. | WITNESSES | 6 |
| VIII. | PARTY'S STATEMENTS OF ANTICIPATED PROOFS | 6 |
| IX. | DISCOVERY DESIGNATIONS | 7 |
| X. | PROPOSED AMENDMENTS TO THE PLEADINGS | 7 |
| XI. | CERTIFICATION AS TO EXPLORATIONS OF SETTLEMENT | 7 |
| XII. | MOTIONS IN LIMINE | 7 |
| XIII. | OTHER MATTERS | 7 |
| | A. Authentication and Admission of Evidence | 7 |
| | B. Deposition Designations | 8 |
| | C. Demonstrative Exhibits | 9 |
| | D. Order of Proof | 10 |
| | E. Jury Notebooks/ Handwritten Notes | 10 |
| | F. Use of Verdict Forms | 10 |
| | G. Jury Instructions | 10 |
| | H. Voir Dire | 11 |
| | I. Transition Statements | 11 |

**TABLE OF CONTENTS (cont'd)**

| | | | Page |
|---|---|---|---|
| | J. | Handling of Confidential Information at Trial | 11 |
| | K. | Exclusion of Witnesses | 12 |
| | L. | The Following Issues and Motions are Pending Before the Court | 12 |
| | M. | Set-up of Electronic and Computer Devices | 13 |
| XIV. | JURORS | | 13 |
| XV. | PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS | | 13 |

On May 17, 2005 at 4:00 p.m., counsel for Plaintiff Kyphon Inc. ("Kyphon") and counsel for Defendants Disc-O-Tech Medical Technologies Ltd. and Disc Orthopaedic Technologies, Inc., shall attend a pre-trial conference before this Court. The Court hereby orders the following matters as to the trial scheduled to begin on June 1, 2005.

## I.   NATURE OF THE ACTION AND PLEADING

This lawsuit involves a patent dispute between Kyphon and DOT. On April 2, 2004, Kyphon sued DOT, alleging that DOT infringes several of Kyphon's patents. Kyphon has since amended its complaint and has withdrawn one of the patents it originally asserted. The patents at issue for this trial are U.S. Patent Nos. 4,969,888; 5,108,404; 6,235,043; 6,241,734 B1 and 6,613,054 B2. Kyphon is seeking monetary damages and injunctive relief.

DOT denies infringement and asserts the defenses of invalidity and non-infringement. DOT is seeking a declaratory judgment that the 4,969,888; 5,108,404; 6,235,043; 6,241,734 B1; and 6,613,054 B2 patents are not infringed and are invalid.

For purposes of trial, Kyphon is asserting Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054.

## II.  BASIS OF FEDERAL JURISDICTION

The Court has subject matter jurisdiction over the Complaint and Counterclaim pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a). Neither party disputes personal jurisdiction or venue.

### III. FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF

A statement of stipulated facts is attached as Appendix 1. Kyphon requests that these stipulated facts be read to the jury with the Preliminary Jury Instructions. DOT objects to these stipulated facts being read to the jury with the Preliminary Jury Instructions, as Kyphon requests; DOT contends it would be out of context and prejudicial to do so.

### IV. THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF FACT TO BE LITIGATED

Kyphon's statement of the issues of fact that remain to be litigated is attached as Appendix 2A. DOT's statement of issues of fact that remain to be litigated is attached as Appendix 2B.

### V. THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF LAW TO BE LITIGATED

Kyphon's statement of the issues of law that remain to be litigated is attached as Appendix 3A. DOT's statement of the issues of law that remain to be litigated is attached as Appendix 3B.

### VI. EXHIBITS AND OBJECTIONS

The parties' list of pre-marked exhibits to be offered at trial are attached as Appendix 4A (Kyphon's Exhibit List) and Appendix 4B (DOT's Exhibit List). Each party reserves the right to introduce or use any exhibit listed in Appendices 4A and 4B, whether or not that particular party is the initial proponent of the exhibit. The parties will continue to meet and confer in an effort to refine and shorten these exhibit lists; final lists will be provided to the Court the day prior to trial (May 31, 2005). Each party's preliminary objections to the other party's exhibits are noted in each exhibit list, and both

parties specifically reserve the right to object based on lack of relevance or to argue for limited admissibility under Fed. R. Ev. 105.

Unless otherwise agreed during trial, each party will provide the other party a list of exhibits (including demonstrative exhibits), by exhibit number and intended witness, that it intends to use on direct examination by 7:00 p.m. the day before the exhibits are intended to be used in court. If the party decides, after 7:00 p.m. the night before the intended use of exhibits, to use additional exhibits on direct, that party will notify the opposing party as early as possible, but in no event later than 11:00 p.m. the night before the exhibits are intended to be used in court. The parties will meet and confer on any objections by 9:30 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed exhibit. The parties hereby agree that, once confirmed, the exhibits to be used in direct examination may not change absent good cause.

### Kyphon's position on the Exhibit Lists and Objections

During meet and confer in advance of filing this Pretrial Order, Kyphon believes that the parties agreed to a procedure for addressing objections to exhibits. Specifically, the parties agreed that the exhibit lists attached to the pretrial order would be preliminary, would be pared down in the approach to trial, and that objections would be handled on a rolling basis during trial. This agreement endeavored to address the short period of time between the exchange of preliminary exhibit lists on May 6, 2005, and the filing of this Pretrial Order on May 12, 2005, as well as the limited number of exhibits from the preliminary exhibit lists likely to be used in trial. DOT now objects to this procedure.

As it had agreed to do, Kyphon has eliminated a large number of exhibits (nearly 800) from the preliminary list provided to DOT on May 6, 2005, and will continue to refine and shorten its Exhibit List before trial. With regard to objections to DOT's exhibits, DOT only advised Kyphon on May 11, 2005 that DOT expected Kyphon to object now to DOT's exhibits, rather than on a rolling basis as Kyphon believed was previously agreed. Kyphon therefore has not had an adequate opportunity to review DOT's exhibits, but based upon a preliminary review has noted with an asterisk in DOT's Exhibit List those exhibits that appear to be objectionable. Given the limited opportunity for review, Kyphon, however, reserves all rights to object to any exhibit that DOT ultimately chooses to offer at trial.

DOT's position on the Exhibit Lists and Objections

DOT's position is that Kyphon's Preliminary Exhibit List is extremely overbroad -- containing over 2100 exhibits, including numerous documents that Kyphon has moved to preclude from evidence -- and does not reflect an effort to propose exhibits that Kyphon may reasonably and appropriately offer at trial. DOT believes that Kyphon must pare down its exhibit list before DOT should be held to waive any objections to Kyphon's proposed exhibits. Notwithstanding, DOT has asserted objections to Kyphon's proposed exhibits based on the written descriptions in the exhibit list, to the extent exhibits could be identified. However, the mere inclusion of a production number in Kyphon's preliminary exhibit list has not afforded a sufficient basis, given the short time frame and the extraordinary number of exhibits listed, to pull and review each proposed exhibit for objections. DOT served objections on May 11, and DOT wishes to discuss those objections at the pretrial conference, to the extent necessary.

## VII. WITNESSES

Kyphon's list of witness names, addresses, testimony subject matter, and expert specialties, for all witnesses, and whether those witness will be called live at trial or introduced by deposition, is attached as Appendix 5A. DOT's list of witnesses, pursuant to Local Rule 16.4(d)(7), is attached as Appendix 5B. The parties dispute whether they are required to tell one another prior to the deadline noted below (*i.e.* 7:00 p.m. two nights before testifying) whether a witness will be presented live or via deposition. Kyphon believes that Local Rule 16.4(d)(7) requires disclosing this information now, while DOT does not. The parties request the Court's guidance on this issue at the pretrial conference.

In addition to the witnesses on the witness lists, each party reserves the right to call the following individuals to testify in person or by deposition:

1. Current or former employees of the parties required to authenticate or who are otherwise necessary to admit any disputed document into evidence;

2. Any witnesses appearing on the other party's witness list indicated to testify live, if not called as a witness by that party.

Unless otherwise agreed to during trial, each party will provide to the other party a list of witnesses whom it intends to call on direct examination by 7:00 p.m. two nights before those witnesses are intended to testify in court. The parties hereby agree that, once confirmed, the identity and order of witnesses to be used in direct examination may not change absent good cause.

## VIII. PARTY'S STATEMENTS OF ANTICIPATED PROOFS

Plaintiff Kyphon's statement of its anticipated proofs is attached as Appendix 6A. Defendant DOT's statement of its anticipated proofs is attached as Appendix 6B.

IX.  **DISCOVERY DESIGNATIONS**

The parties' discovery designations are included in their Exhibit Lists at Appendices 4A and 4B.

X.  **PROPOSED AMENDMENTS TO THE PLEADINGS**

None.

XI.  **CERTIFICATION AS TO EXPLORATIONS OF SETTLEMENT**

Counsel hereby certify that representatives of the parties having the authority to negotiate settlement have had discussions and communications in a good faith effort to explore the resolution of this controversy by settlement. To date, those discussions have not resulted in settlement.

XII.  **MOTIONS IN LIMINE**

Kyphon's motions *in limine* are attached as Appendix 7A and DOT's motions *in limine* are attached as Appendix 7B. Kyphon's oppositions to DOT's motions *in limine* are attached as Appendix 8A and DOT oppositions to Kyphon's motions *in limine* are attached as Appendix 8B. DOT reserves the right to formally file its briefs, to preserve the issues for appeal. Kyphon has preserved its rights to pursue evidentiary issues on appeal by submission of its motions in limine as attachments to this Pretrial Order.

XIII.  **OTHER MATTERS**

   A.  **Authentication and Admission of Evidence**

Printed copies or clear reproductions of United States and foreign patents or patent applications or prosecution histories of any such patent and indexed copies of the file histories filed with the Court are deemed authentic and may be used by either party in lieu of the original or certified copies. The date of filing or publication on such

documents shall be accepted as correct, subject, however, to correction if error should appear.

Kyphon requests that counsel be permitted to move, and the Court admit if appropriate, evidence on the morning following use of the evidence. DOT requests that evidence be offered and admitted at the time it is used with a witness at trial.

### B. Deposition Designations

The parties have established a schedule and procedure for exchanging designations of deposition testimony for those witnesses who will be called to testify by deposition (either by video or by reading the transcript into the record). The parties have agreed to exchange deposition designations by 5:00 p.m. Eastern time on May 23, 2005, to exchange counter designations and objections by 5:00 p.m. Eastern time on May 27, 2005, and to exchange objections to counter designations by 5:00 p.m. Eastern time on May 30, 2005. Designations shall be made by exchanging highlighted transcripts, with Kyphon using yellow and DOT using blue.

Unless otherwise agreed during trial, each party will provide the other party a list of deposition designations (from the previously designated testimony) that it intends to introduce by 7:00 p.m. two days before the designations are intended to be used in court. New deposition designations may not be added without good cause. The other party will provide counter-designations and objections by 7:00 p.m. the next evening. Such counter-designations may include deposition testimony previously designated by the other party. The parties will meet and confer on any objections by 10:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed testimony. The parties hereby agree that, once confirmed, the deposition designations may not change absent good cause.

The manner of using counter-designations at trial shall be in the same manner (video versus read deposition transcripts) as that used for the designation sought to be rebutted, such that all designations, counter-designations, and cross-designations will be played or read to the jury, as the case may be, as one consecutive segment in the order the testimony appears in the transcript. If a party offers video testimony, that party shall be responsible for including video portions of counter-designated testimony that is designated as described in this section. If a party does not offer video testimony, that party need not offer video of the other party's counter-designations.

### C. Demonstrative Exhibits

The parties have agreed to a schedule for the disclosure of demonstrative evidence, such as charts, slides, animations, graphs and summaries. The parties will exchange copies of demonstrative exhibits to be used in the parties' cases-in-chief by 5:00 p.m. Eastern time on May 30, 2005, and will also arrange for an inspection of physical exhibits to occur that same day. The parties will exchange objections by 5:00 p.m. Eastern time on May 31, 2005. The parties will meet and confer on the objections, and will present any unresolved issues to the Court the morning of the proposed use of the demonstrative.

If demonstrative evidence will be used solely for the purposes of rebuttal, the proffering party will provide the opposing party inspection of such demonstrative evidence as soon as reasonably possible, but in no event later than 8:00 a.m. the morning the rebuttal demonstratives are to be used.

While the parties agree that, in general, demonstratives should not be permitted in the jury room, each party will be permitted to identify, and the jury will be permitted to

consider, subject to any objections and ruling thereon, one demonstrative to aid the jury in understanding that party's damages calculations.

### D. Order of Proof

Kyphon will present its witnesses first on the issues of infringement, willfulness, and damages. DOT will then answer on these issues and also present its case on invalidity. Kyphon will then answer DOT's invalidity case. Both parties are prepared to be flexible to avoid inconvenience to witnesses.

### E. Jury Notebooks/ Handwritten Notes

The parties propose that each party have the right to provide, for consideration during the deliberation process, a jury notebook to each of the jurors, which shall contain actual evidence, admitted during trial. The parties propose that the jurors be permitted to take handwritten notes during the presentations of the parties. The parties further propose that the jury be permitted to bring these notebooks and handwritten notes into the deliberation room.

### F. Use of Verdict Forms

Kyphon's proposed verdict form is attached as Appendix 9A. DOT's proposed verdict form is attached as Appendix 9B. The parties request that they be allowed to use the special verdict form during closing arguments, including explaining to the jury how to fill the form out.

### G. Jury Instructions

Proposed jury instructions, indicating where there is agreement and the parties' respective positions where there is not agreement, are attached as Appendix 10 (preliminary instructions) and Appendix 10.1 (general instructions). Kyphon is reviewing DOT's objections and proposed jury instructions, received May 11, 2005, and

will continue efforts to work with DOT to minimize the disputed issues prior to presenting a final set of proposed jury instructions to the Court.

### H.     Voir Dire

Kyphon's proposed questions for voir dire are attached as Appendix 12.

DOT requests that the Court use the juror questionnaire filed jointly by the parties on May 11, 2005, in lieu of voir dire questions. In the event the Court does not wish to use the questionnaire, DOT requests that questions 1-8, 11-13, 18-21, 25-26, 30-49 of the proposed questionnaire be posed to the jury as voir dire. A copy of the joint questionnaire is attached as Appendix 12. DOT believes that Kyphon's proposed voir dire questions are not sufficiently comprehensive.

### I.     Transition Statements

As an aid to the jury, the parties request that they be permitted to offer brief transition statements to introduce witnesses and identify the issues on which the witness is expected to testify. With the exception of closing arguments, neither party will be allowed at any time to argue or comment on the evidence.

### J.     Handling of Confidential Information at Trial

The parties request that trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom should be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this corporate representative before trial.

Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial.

Prior to that time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

### K. Exclusion of Witnesses

The parties request pursuant to Fed. R. Evid. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

### L. The Following Issues and Motions are Pending Before the Court

The following issues and motions are pending before the Court:

1. Claim construction
2. Kyphon's motion for summary judgment of infringement of the 4,969,888; 5,108,404; 6,241,734 B1 and 6,613,054 B2 patents.
3. DOT's motion for summary judgment of noninfringement of the 4,969,888; 5,108,404 and 6,235,043 patents.
4. DOT's motion for summary judgment of invalidity of the 4,969,888 and 5,108,404 patents

Depending on how these motions are resolved, the jury may need to be instructed regarding that resolution. The parties will meet and confer regarding such instruction following rulings on these motions.

The orders to date that have issued in this case from Special Master Vincent Poppiti are attached as Appendix 13.

### M.  Set-up of Electronic and Computer Devices

The parties request that the Court grant access to the Courtroom on the day preceding trial—May 31, 2005—for the purposes of setting up electronic and computer devices.

## XIV.  JURORS

The jury will consist of eight (8) jurors, all of whom shall deliberate if still able to do so by the time of deliberations, provided that there shall be a minimum of six (6) jurors who deliberate and render a verdict.

## XV.  PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| */s/ Thomas L. Halkowski* | */s/ Maryellen Noreika by Thomas L. Halkowski (#4099)* |
| Thomas L. Halkowski (#4099) | Maryellen Noreika (#3208) |
| Fish & Richardson P.C. | Morris Nichols Arsht & Tunnell |
| 919 N. Market Street, Suite 1100 | Chase Manhattan Centre |
| P.O. Box 1114 | 1201 North Market Street, Suite 2100 |
| Wilmington, DE 19899-1114 | P.O. Box 1347 |
| Tel: (302) 652-5070 | Wilmington, DE 19899-1347 |
| Fax: (302) 652-0607 | Tel: (302) 658-9200 |
| | Fax: (302) 425-3011 |
| Frank E. Scherkenbach | |
| Michael R. Hamlin | Eric J. Lobenfeld |
| 225 Franklin Street | Jonathan M. Sobel |
| Boston, MA 02110-2804 | Robert J. DeMento |
| Tel: (617) 542-5070 | Arlene L. Chow |
| Fax: (617) 542-8906 | Hogan & Hartson, L.L.P. |
| | 875 Third Avenue |
| David J. Miclean | New York, NY 10022 |
| Limin Zheng | Tel: (212) 918-3000 |
| 500 Arguello Street, Suite 500 | Fax: (212) 918-3100 |
| Redwood City, CA 94063 | |
| Tel: (650) 839-5070 | |
| Fax: (650) 839-5071 | |
| | |
| Rama G. Elluru (admitted only in Texas and Virginia) | |
| 1425 K Street, N.W. | |
| Washington, DC 20005 | |
| Tel: (202) 783-5070 | |
| Fax: (202) 783-2331 | |

**IT IS SO ORDERED** this ___ day of May, 2005.

_____
UNITED STATES DISTRICT COURT JUDGE

50273674.doc

14

# [PROPOSED] JOINT PRETRIAL ORDER
## INDEX TO APPENDICES

| | |
|---|---|
| **APPENDIX 1 – STATEMENT OF STIPULATED FACTS** ||
| **APPENDIX 2 – ISSUES OF FACTS** ||
| 2A | Kyphon's Statement of Issues of Fact |
| 2B | DOT'S Statement of Contested Issues of Fact |
| **APPENDIX 3 – ISSUES OF LAW** ||
| 3A | Kyphon's Statement of Issues of Law |
| 3B | DOT'S Statement of Contested Issues of Law |
| **APPENDIX 4 – TRIAL EXHIBIT LISTS** ||
| 4A | Kyphon's Trial Exhibit List |
| 4A.1 | DOT's Objections to Kyphon's Trial Exhibit List |
| 4B | DOT's Trial Exhibit List w/Objections by Kyphon |
| **APPENDIX 5 – WITNESS LISTS** ||
| 5A | Kyphon's Witness List |
| 5B | DOT's List of Witnesses |
| **APPENDIX 6 - STATEMENT OF PROOFS** ||
| 6A | Kyphon's Statement of Anticipated Proofs |
| 6B | DOT'S Statement of Intended Proof |
| **APPENDIX 7 – MOTIONS *IN LIMINE*** ||
| 7A | Kyphon's Motions *in Limine* |
| 7B | DOT's Motions *in Limine* |
| **APPENDIX 8 – OPPOSITIONS TO MOTIONS *IN LIMINE*** ||
| 8A | Kyphon's Oppositions to DOT's Motions *in Limine* |
| 8B | DOT's Oppositions to Kyphon's *Motions in Limine* |
| **APPENDIX 9 – VERDICT FORMS** ||
| 9A | Kyphon's Proposed Special Verdict Form |
| 9B | Disc-O-Tech Medical Technologies, Ltd. and Disc Orthopaedic Technologies, Inc.'s Proposed Form of Verdict and Special Interrogatories |

| | APPENDIX 10 – JURY INSTRUCTIONS |
|---|---|
| 10 | [Proposed] Preliminary Jury Instructions |
| 10.1 | Joint [Proposed] General Jury Instructions |
| | **APPENDIX 11 – VOIR DIRE** |
| | **APPENDIX 12 – JUROR QUESTIONNAIRE** |
| **APPENDIX 13 – ORDERS ENTERED BY SPECIAL MASTER VINCENT J. POPPITI** | |