3



**Appendix 3A**

**Kyphon's Statement of Issues of Law[1]**

Plaintiff Kyphon presents below the issues of law for trial.  To the extent that any issues of fact set forth in Appendix 2A of the Joint Pretrial Order may be considered issues of fact, Kyphon incorporates those portions of Appendix 2A by reference.  In addition to these issues of law for trial, the claim construction issues currently pending before the Court are issues of law.

A.     Validity of the Patents-in-suit

1.     [Whether Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054 are invalid under 35 U.S.C. §103 as obvious in light of the prior art.

2.     Authority

- *Carella v. Starlight Archery*, 804 F.2d 135 (Fed. Cir. 1986)
- *In re Dance*, 160 F.3d 1339 (Fed. Cir. 1998)
- *In re Dembiczak*, 175 F.3d 994 (Fed. Cir. 1999)
- *Echolochem v. Southern California Edison*, 227 F.3d 1361 (Fed. Cir. 2000)
- *Graham v. John Deere Co.*, 383 U.S. 1 (1966)
- *Hodosh v. Block Drug Co.*, 786 F.2d 1136 (Fed. Cir. 1986)
- *Monarch Knitting Machine Corp. v. Sulzur Morat GmbH.*, 139 F.3d 877 (Fed. Cir. 1998)
- *In re Ochiai*, 71 F.3d 1565 (Fed. Cir. 1995)
- *Orthopedic Equip. Co. Inc. v. United States*, 702 F.2d 1005 (Fed. Cir. 1983)
- *Panduit Corp. v. Dennison Manufacturing Co.*, 810 F.2d 1561 (Fed. Cir. 1987)
- *Pro-Mold and Tool Co., Inc. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568 (Fed. Cir. 1996)

---

[1] To the extent that DOT is asserting a reverse doctrine of equivalents defense, Kyphon objects because that defense has never been pled, noted in contention interrogatory responses, or expert reports.  Moreover, to the extent that this issue were properly before the Court, it is an issue for the Court, not for the jury.

- *In re Rouffet*, 149 F.3d 1350 (Fed. Cir. 1998)
- *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358 (Fed. Cir. 1998)
- *Ryko Manufacturing Co. v. Nu-Star, Inc.*, 950 F.2d 714 (Fed. Cir. 1991)
- *Simmons Fastener Corp. v. Illinois Tool Works, Inc.*, 739 F.2d 1573 (Fed. Cir. 1984)
- *Stratoflex Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983)
- *Tec Air, Inc. v. Denso Manufacturing Michigan Inc.*, 192 F.3d 1353 (Fed. Cir. 1999)
- *W.L. Gore & Associate, Inc. v. Garlock, Inc.*, 842 F.2d 1275 (Fed. Cir. 1983)
- 35 U.S.C. § 102
- 35 U.S.C. § 103
- 35 U.S.C. § 282] [2]

B.    Non-Jury Issues for Court

      1.    Whether Kyphon is entitled to prejudgment interest on any damages

awarded from the time of DOT's alleged infringement through judgment.  Authority:

- *Gryomat Corp. v. champion Spark Plug Co.*, 735 F.2d 549 (Fed. Cir. 1984)
- *Bio-Rad Labs., Inc. v. Nicolet Instr. Corp.*, 807 F.2d 964 (Fed. Cir. 1987)
- *Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226 (Fed. Cir. 1989)

      2.    Whether Kyphon is entitled to increased damages as a result of DOT's

alleged willful infringement of Kyphon' patents.  Authority:

- 35 U.S.C. § 281.
- *American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459 (Fed. Cir. 1985).
- *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853 (Fed. Cir. 1985).

      3.    Whether this is an "exceptional" case justifying an award of attorneys fees

in Kyphon' favor.  Authority:

- 35 U.S.C. § 285.
- *Advance Transformer Co. v. Levinson*, 837 F.2d 1081 (Fed. Cir. 1988)
- *American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459 (Fed. Cir. 1985)

---

[2] Kyphon believes that the issue of obviousness is not properly presentable to the Jury. However, in the event that the Court decides otherwise, the bracketed, greyed text sets forth Kyphon's statement of the issues of fact regarding the issue of obviousness.

4.      The scope of the permanent injunction to which Kyphon is entitled

enjoining DOT from further infringement of the asserted claims in the patents-in-suit.

Authority:

- 35 U.S.C. § 283.
- *Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1247 (Fed. Cir. 1989).
- *Windsurfing Intern, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986).
- *Genentech, Inc. v. Wellcome Foundation Ltd.*, 826 F. Supp. 828 (D. Del. 1993).

50273737.doc

# B

## APPENDIX 3B

## DOT'S STATEMENT OF CONTESTED ISSUES OF LAW[1]

DOT reserves the right to review and revise these statements of contested issues of law, based on the Court's claim construction.

I.    NON-INFRINGMENT OF THE ASSERTED CLAIMS OF THE '888, '404, '043, '734 AND '054 PATENTS

    A.    Burden

        1.    Whether Kyphon bears the burden of proving infringement by a preponderance of the evidence.  35 U.S.C. § 271; Wilson Sporting Goods Co. v. David Geoffrey & Assoc., 904 F.2d 677, 685 (Fed. Cir. 1990), cert. denied, 498 U.S. 992 (1990).

    B.    No Literal Infringement

        1.    Whether a claim for literal infringement requires the patentee to prove that every limitation in the claim(s) at issue, properly construed, is literally met by the accused products.  Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1466-67 (Fed. Cir. 1998); Mannesman Demag Corp. v. Engineered Metal Prods., Co., 793 F.2d 1279, 1282 (Fed. Cir. 1986).

        2.    Whether the fact that a device could have been made to perform in an infringing manner is sufficient to establish infringement, despite the fact that the device is designed to be used and is used in a non-infringing manner.  High Tech Med. Instrumentation v. New Image Indus., 49 F.3d 1551, 1555 (Fed. Cir. 1995); Hap Corp. v. Heyman Mfg. Co., 311 F.2d 839, 843 (1st Cir. 1962).

---

[1]    DOT has identified what it currently believes to be the most relevant issues of law that may be disputed by Kyphon at trial.  DOT reserves the right to litigate legal issues raised by Kyphon even if not specifically set forth herein.  Additionally, to the extent that any issues of law are deemed to be issues of fact (and vice versa), they should be so considered.

C.     No Infringement Under the Doctrine of Equivalents

1.     Where an accused device does not literally contain an element of an asserted claim, whether that claim can nevertheless be met under the doctrine of equivalents, only if the device has some element that is "insubstantially different" from the claimed element, e.g., performs substantially the same function in substantially the same way to obtain the same result as the claimed subject matter. Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 40 (1997); Graver Tank & Mfg. Co. v. Linde Air Prods., Co., 339 U.S. 605, 607 (1950); Leggett & Platt, Inc. v. Hickory Springs Mfg. Co., 285 F.3d 1353, 1358-59 (Fed. Cir. 2002); Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp., 149 F.3d 1309, 1315 (Fed. Cir. 1998); Sage Prods., Inc. v. Devon Indus., Inc., 126 F.3d 1420, 1423 (Fed. Cir. 1997).

2.     Whether infringement under the doctrine of equivalents requires that the accused device literally contain each limitation of the claim or an equivalent. Leggett & Platt, Inc. v. Hickory Springs Mfg. Co., 285 F.3d 1353, 1358-59 (Fed. Cir. 2002).

3.     Whether the doctrine of equivalents must be applied to the individual elements of the claim asserted, not to the invention as a whole. Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997).

4.     Whether it is improper to apply the doctrine of equivalents in such a way as to effectively read a limitation out of a claim. Fin Control Sys. Pty, Ltd. v. OAM, Inc., 265 F.3d 1311, 1320 (Fed. Cir. 2001); Wolverine World Wide, Inc. v. Nike, Inc., 38 F.3d 1192, 1199 (Fed. Cir. 1994); Conopco, Inc. v. May Dept. Stores Co., 46 F.3d 1556, 1562 (Fed. Cir. 1994); Sage Prods., Inc. v. Devon Indus., Inc., 126 F.3d 1420, 1424 (Fed. Cir. 1997); Bell Atlantic Network Services, Inc. v. Covad Communications Group, Inc., 262 F.3d 1258, 1280 (Fed. Cir. 2001).

2

5.      Whether a patentee is not entitled to a range of equivalents that would encompass the prior art. Day Int'l, Inc. v. Reeves Bros., Inc., 260 F.3d 1343, 1350 (Fed. Cir. 2001); Elkay Mfg. Co. v. Ebco Mfg. Co., 192 F.3d 973, 981 (Fed. Cir. 1999).

6.      Whether the doctrine of equivalents is not designed to permit wholesale redrafting of a claim to cover non-equivalent devices, i.e., to permit a claim expansion that would encompass more than an insubstantial change. Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1532-33 (Fed. Cir. 1987).

7.      Whether "interchangeability" is relevant to the doctrine of equivalents, and if so, whether the analysis with respect to interchangeability must be performed by determining whether a particular element of the accused device or process is interchangeable with respect to the corresponding element of the claimed device or process, and not by comparing the accused device to the patentee's competing device. Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29-30 (1997); Wang Labs., Inc. v. America Online, Inc., 197 F.3d 1377, 1386 (Fed. Cir. 1999).

8.      If literal infringement were found, whether an accused device does not infringe under the doctrine of equivalents because it is so far changed in principle, that although it performs the same or a similar function to produce substantially the same result as that defined by a patent claim, it does so in a substantially different way. Westinghouse v. Boyden Power Brake Co., 170 U.S. 537, 569 (1898); Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 607-610 (1950).

II.    INVALIDITY OF THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT

    A.    <u>Burden</u>

        1.    Whether, in order to invalidate a claim based on anticipatory prior art, DOT must prove by clear and convincing evidence that a single prior art reference discloses, either expressly or inherently, each limitation of the claim.  <u>In re Cruciferous Sprout Litig.</u>, 301 F.3d 1343, 1349 (Fed. Cir. 2002).

    B.    Invalidity of the Asserted Claims of the Patents-In-Suit
       under 35 U.S.C. §§ 102(a), (b) and/or (e) – Anticipation

        1.    If the subject matter of the Claims of the '888, '404, '043, '734 and '054 Patents is anticipated by the relevant prior art (because each limitation of that claim is found expressly or inherently in a single prior art reference), whether those claims are invalid, under 35 U.S.C. §§ 102(a), (b) and/or (e).  <u>Celeritas Techs., Ltd. v. Rockwell Int'l Corp.</u>, 150 F.3d 1354, 1361 (Fed. Cir. 1998).

        2.    Whether a particular reference may anticipate the patented invention without disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference.  <u>Schering Corp. v. Geneva Pharms., Inc.</u>, 339 F.3d 1373, 1377 (Fed. Cir. 2003); <u>Eli Lilly and Co. v. Barr Labs., Inc.</u>, 251 F.3d 955, 970 (Fed. Cir. 2001).

        3.    Whether the claims of the patents-in-suit must be interpreted and given the same meaning for purposes of both validity and infringement analyses.  <u>Amazon.com, Inc. v. Barnesandnoble.com, Inc.</u>, 239 F.3d 1343, 1351 (Fed. Cir. 2001); <u>Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.</u>, 246 F.3d 1368, 1376 (Fed. Cir. 2001).

C.     Invalidity of the Asserted Claims of the Patents-In-Suit
       under 35 U.S.C. §§ 102(a), (b) and/or (e) and 103(a) – Obviousness

       1.     If the subject matter of the Claims of the '888, '404, '043, '734 and '054
Patents would have been obvious to one of ordinary skill in the art in view of combinations of
the relevant prior art, whether those claims are invalid, under 35 U.S.C. §§ 102(a), (b) and/or (e)
and 103(a).

D.     Prior Art Not Before the Examiner

       1.     Whether a party's burden to prove invalidity of a patent by clear and
convincing evidence is more easily met where the prior art relied upon was not before the
Examiner during the prosecution of the patent. EWP Corp. v. Reliance Universal Inc., 755 F.2d
898, 905 (Fed. Cir. 1985).

       2.     Whether a patentee may read limitations into a claim to avoid invalidity,
particularly to avoid reading on prior art that was not previously before the examiner. Karsten
Mfg. Corp. v. Cleveland Golf Co., 242 F.3d 1376, 1384 (Fed. Cir. 2001).

E.     Secondary Considerations

       1.     Whether secondary considerations, such as commercial success, are only
relevant as objective evidence of nonobviousness to the extent the patentee establishes a causal
connection between the secondary considerations and the specifically claimed invention. U.S.
Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1565 (Fed. Cir. 1997).

III.   REMEDIES

A.     Lost Profits for Patent Infringement

       1.     If infringement is proved, whether Kyphon is entitled to lost profits, only
if it (1) establishes a reasonable probability that it would have made the sales but for the
infringement, i.e., causation existed, and (2) introduces proper evidence for the computation of

5

lost profits. BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc., 1 F.3d 1214, 1218 (Fed. Cir.

1993); Slimfold Mfg. Co. v. Kinkead Indus., Inc., 932 F.2d 1453, 1458 (Fed. Cir. 1991);

SmithKline Diagnostics, Inc. v. Helena Labs., Inc., 926 F.2d 1161, 1166 (Fed. Cir. 1991);

Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152, 1156 (6th Cir. 1978).

Specifically:

> a.  Whether Kyphon is not entitled to any lost profits if it cannot
>     establish demand for the patented product;
>
> b.  Whether Kyphon is not entitled to any lost profits if it cannot
>     establish the absence of acceptable non-infringing substitutes.
>     Grain Processing Corp. v. American Maize-Prods. Co., 185 F.3d
>     1341, 1349 (Fed. Cir. 1999);
>
> c.  Whether Kyphon is not entitled to any lost profits if it cannot
>     establish the marketing and manufacturing capability to make the
>     allegedly infringing sales; and
>
> d.  Whether Kyphon is not entitled to any lost profits if it cannot
>     establish the amount of lost profits to which it claims it is entitled.

B.    Reasonable Royalty for Patent Infringement

1.    If infringement of the '888, '404 and '043 Patents is proved, whether

Kyphon's damages must be limited to a reasonable royalty of, at most 5%, on sales of the SKy

Device, based upon a hypothetical arms length negotiation between Kyphon and DOT, at the

time infringement began. 35 U.S.C. § 284; Unisplay, S.A. v. American Elec. Sign Co., 69 F.3d

512, 517-19 (Fed. Cir. 1995); Georgia Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116,

1120 (S.D.N.Y. 1970), modified, 446 F.2d 295 (2d Cir. 1971), cert. denied, 404 U.S. 870 (1971).

2.      If infringement of the '734 and '054 Patents is proved, whether Kyphon's damages must be limited to a reasonable royalty of, at most 1%, on sales of the DOT Impactor, based upon a hypothetical arms length negotiation between Kyphon and DOT, at the time infringement began. 35 U.S.C. § 284; Unisplay S.A. v. American Elec. Sign Co., Inc., 69 F.3d 512, 517-19 (Fed. Cir. 1995); Georgia Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), modified, 446 F.2d 295 (2d Cir. 1971), cert. denied, 404 U.S. 870 (1971).

C.      Prejudgment Interest

1.      If any infringement is proved, whether Kyphon can establish entitlement to any prejudgment interest.

D.      Willful Infringement

1.      If infringement is proved, whether Kyphon can establish by clear and convincing evidence, in view of the totality of the circumstances, that such infringement was willful, i.e., that DOT knew of the '888, '404, '043, '734 and/or '054 Patents, and had no honest belief that it was not infringing the patents and/or that the patents were invalid. Ortho Pharm. Corp. v. Smith, 959 F.2d 936, 944-945 (Fed. Cir. 1992); Rolls-Royce Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1110 (Fed. Cir. 1986).

2.      If willfulness is proved, whether a finding of willful infringement merely authorizes, but does not mandate, an award of increased damages under 35 U.S.C. § 284. Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 543 (Fed. Cir. 1990), cert. denied, 500 U.S. 918 (1991).

3.      If willfulness is proved, whether and to what extent Kyphon is entitled to any enhanced damages.

AS OF 5/6/05

E.    Attorneys' Fees under 35 U.S.C. § 285

1.    Whether awarding attorneys' fees under § 285 is a two-step process, and specifically, whether a court must first determine whether the case is "exceptional," and then, whether, in the court's discretion, attorneys' fees are appropriate. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998).

2.    Whether a finding of willfulness does not necessarily mean that a case is "exceptional" for purposes of § 285, i.e., even where damages are increased under § 284, a court may decline to award attorneys' fees under § 285. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1461 (Fed. Cir. 1998).

3.    If DOT prevails, whether DOT is entitled to an award of attorneys' fees (i) if Kyphon knew or reasonably should have known that DOT did not infringe the patents-in-suit and/or that the patents-in-suit are invalid, or (ii) based on Kyphon's conduct during the course of this litigation. Eltech Sys. Corp. v. PPG Indus., Inc., 903 F.2d 805, 810-811 (Fed. Cir. 1990).

4.    If Kyphon prevails, whether Kyphon is entitled to attorneys' fees.

8