5

Case 1:04-cv-00204-JJF   Document 226-2   Filed 05/23/2005   Page 1 of 19



**Appendix 5A**

**Kyphon's Witness List**

I. **FACT WITNESSES**

Kyphon may call some or all of the following witnesses in its case-in-chief. Kyphon may also call any witnesses listed by DOT.

The addresses and telephone numbers of the individuals affiliated with Kyphon are listed as "Kyphon" and can be reached through litigation counsel. The individuals listed as "DOT" are DOT officers, directors, or employees. Unless otherwise noted, Kyphon intends to have these individuals testify live at trial.

Ronny Barak—by deposition
DOT

Mordechey Beyar—by deposition
DOT

Andrew V.S. Doggett
Kyphon

John C. Eisenhart—by deposition
Fleshner & Kim, LLP
2325 Dulles Corner Blvd, Suite 1100
Herndon, VA 20171

Charles Foster—by deposition
4821 Chestnut Street
New Orleans, LA 70115

Oren Globerman—by deposition
DOT

Dr. Andrea Halliday
1200 Hilyard St., Suite S530A
Eugene, OR 97401

Tamir Kazaz—by deposition
DOT

Dr. Joseph C. Loguidice
3735 Easton-Nazareth Hwy., Suite 101
Easton, PA

Elad Magal—by deposition
DOT

William Martin—by deposition
102 Eastin Road
Lexington, KY 40505

Christian S. McCutcheon
Kyphon

Richard Mott
Kyphon

Heather A. Ramey
Kyphon

Dr. Mark Reiley
Kyphon

Ralph Regueiferos—by deposition
DOT

Thomas Rielly—by deposition
5300 North Lamar Blvd., Suite 107
Austin, TX 78751

Dr. William Rosenberg—by deposition
6420 Prospect Street, Suite T411
Kansas City, MO 64132

Chad Saunders—by deposition
107 Sonny's Way
Fort Mill, SC 29708

Arie Scholten
Kyphon

Dr. John Steck—by deposition
West Jefferson Medical Center
1101 Medical Center Boulevard
Marrero, Louisiana 70072
(504) 347-5511

Dr. Karen Talmadge
Kyphon

Arthur Taylor
Kyphon

## II. **EXPERT WITNESSES**

Kyphon intends to call the following expert witnesses:

Dr. Michael Marks
Coastal Orthopaedics, PC
40 Cross St.
Norwalk CT 06851
(203) 845-2200
specialty: orthopedic surgery

Brian Napper
Stone Turn Group LLP
2121 North California Blvd., Suite 3290
Walnut Creek, CA 94596
(925) 974-3368
specialty: damages

Kyphon's experts have disclosed their opinions in expert reports and will be deposed as agreed by the parties.

50273775.doc

# B

**Appendix 5B**

**DOT'S LIST OF WITNESSES**

I. <u>FACT WITNESSES</u>

DOT may call each of the following witnesses who may testify in person or by deposition:

1. Barak, Ronnie
   Disc Orthopaedic Technologies, Inc.
   7 Center Dr., Suite 1
   Monroe Twp., NJ 08831

2. Beyar, Motti
   Disc-O-Tech Medical Technologies, Ltd.
   3 Hasadnaot Street, 2nd Floor
   Herzliya 46728
   Israel

3. Eisenhart, John
   Fleshner & Kim LLP
   14500 Avion Parkway, Suite 125
   Chantilly, VA 20151

4. Foster, Charles
   4821 Chestnut Street
   Newor, LA 70115

5. Globerman, Oren
   Disc-O-Tech Medical Technologies, Ltd.
   3 Hasadnaot Street, 2nd Floor
   Herzliya 46728
   Israel

6. Kazaz, Tamir
   Disc Orthopaedic Technologies, Inc.
   7 Center Dr., Suite 1
   Monroe Township, NJ 08831

7. Lane, Joseph
   The Hospital for Special Surgery
   535 East 70th Street
   New York, NY 10021

8. Magal, Elad
   Disc-O-Tech Medical Technologies, Ltd.
   3 Hasadnaot Street, 2nd Floor
   Herzliya 46728
   Israel

9. Majd, Mohammad E., M.D.
   Spine Surgery, PSC
   210 East Gray Street, Suite 601
   Louisville, KY 40202

10. Martin, William
    c/o DePuy Orthopedics
    232 Waller Avenue, Suite A
    Lexington, Kentucky 40503

11. Mott, Richard
    Kyphon Inc.
    1221 Crossman Avenue
    Sunnyvale, Ca 94089

12. Pell, Lewis [if necessary to rebut accusations by Richard Mott as to statements allegedly made by Mr. Pell].

13. Regueiferos, Ralph
    1656 West 64th Street
    Hialeah, Fla. 33012

14. Reiley, Mark, M.D.
    360 Magnolia Way
    Piedmont, New York 94611

15. Reilly, Thomas
    OSS Medical
    5300 N. Lamar Blvd., Suite 107
    Austin, TX 78751

16. Saunders, Chad
    5206 Woodland Bay Drive
    Belmont, North Carolina 28012-8879

17. Scholten, Arie
    471 Heartland Drive
    Manteca, CA 95337

  18. Steck, John, M.D.
     111 Medical Center Blvd. South 750
     Marrero, LA 70072

  19. Talmadge, Karen
     Kyphon Inc.
     1221 Crossman Avenue
     Sunnyvale, CA 94089

  20. Taylor, Arthur
     Kyphon Inc.
     1221 Crossman Avenue
     Sunnyvale, CA 94089

DOT reserves the right to call additional witnesses in rebuttal to those witnesses called by Kyphon.

II. **EXPERT WITNESSES**

DOT may present expert testimony from the following persons. These experts are expected to testify as to the facts and the opinions stated in their expert reports, which are incorporated herein by reference. In addition, the specialties of these experts are set forth in their respective expert reports and their curriculum vitae thereto.

  1. David Mitchell, M.D.
    Orthopedic Associates
    110 Dillon Drive
    Spartanburg, S.C. 29307

  2. Christine Meyer, Ph. D.
    NERA Economic Consulting
    50 Main Street, 14th Floor
    White Plains, NY 10606

6

Case 1:04-cv-00204-JJF   Document 226-2   Filed 05/23/2005   Page 9 of 19



**Appendix 6A**

**Kyphon's Statement of Anticipated Proofs**

Kyphon will offer the following proof at trial:

1) **Background**

    a)      The founding and business of Kyphon.

    b)      The invention of the patents-in-suit.

    c)      The development and commercialization of the patented technology by Kyphon.

    d)      Communications and competition with DOT

2) **Infringement by DOT**

    a)      Proof that DOT directly infringes Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054.

    b)      Proof that DOT customers use the SKy Bone Expander devices and accessories in a manner that satisfies all of the elements of Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054.

    c)        Proof that DOT actively induces its customers to use the SKy Bone Expander and accessories in a manner that satisfies all of the elements of Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054.

    d)        Proof that DOT offers to sell or sells the SKy Bone Expander and accessories in a way that contributes to infringement by its customers of Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054.

    e)        Proof that DOT's infringement of Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054 was willful.

3) **Validity of Kyphon' Patents**

    a)        Proof that rebuts DOT's assertion that Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; and Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734 are anticipated by the prior art.

b)  Proof that rebuts DOT's assertion that Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; Claims 2, 17, 20, 23-26, and 28 of U.S. Patent No. 6,235,043; Claims 1, 3-5, 7, 8, 10-17, and 19-21 of U.S. Patent No. 6,241,734; and Claims 26-29, 36-39, 41-44, and 46-49 of U.S. Patent No. 6,613,054 would have been obvious to one of ordinary skill in the art in light of the prior art, including objective indicia of nonobviousness.[1]

4) **Damages**

a)  Proof that Kyphon is entitled to lost profits damages in the amount of at least $1,078,418 (excluding pre-judgment interest).

b)  Proof that Kyphon is, in the alternative, entitled to a reasonable royalty amounting to at least $419,110 (excluding pre-judgment interest).

c)  Proof that this case is exceptional, and that Kyphon is entitled to increased damages.

d)  Proof that this is an exceptional case entitling Kyphon to its costs and reasonable attorneys fees incurred in defending this action.

50273779.doc

---

[1] Kyphon believes that the issue of obviousness is not properly presentable to the Jury. However, in the event that the Court decides otherwise, the bracketed, greyed text sets forth Kyphon's statement of the issues of fact regarding the issue of obviousness.

# B

**Appendix 6B**

**DOT'S STATEMENT OF INTENDED PROOF**

DOT reserves the right to review and revise these statements of intended proof based on the Court's claim construction.

I.  ISSUES OF INFRINGEMENT OF KYPHON'S PATENTS

   A.  INFRINGEMENT OF THE '888 AND '404 PATENTS

   1. Although Kyphon has the burden of proof on this issue, DOT will prove that DOT has not directly infringed and/or contributorily infringed Kyphon's '888 and/or '404 Patents, either literally or under the doctrine of equivalents. Kyphon's invention requires a balloon. Even if it does not require a balloon, the SKy Device does not "compact" cancellous bone to increase the size of the void, as meant by that term in the asserted claims of the '888 and '404 Patents. The SKy Device does not perform substantially the same function, in substantially the same way, to achieve substantially the same result, with respect to each element of the asserted claims of the '404 and '888 Patents.

   B.  INFRINGEMENT OF THE '043 PATENT

   1. Although Kyphon has the burden of proof on this issue, DOT will prove that DOT has not directly infringed and/or contributorily infringed Kyphon's '043 Patent, either literally or under the doctrine of equivalents. As with the '888 and '404 Patents, the '043 Patent requires an inflatable device. In addition, the '043 Patent requires an internal restraint on the inflatable device, where the restraint and the inflatable device are comprised of two different materials. The SKy Device does not infringe the '043 Patent for at least the following reasons:

   a. The SKy Device does not use an inflatable device or an equivalent thereof, as required by all asserted claims of the '043 Patent.

b. The SKy Device does not have internal restraints as required by Claim 2 of the '043 Patent.

c. The SKy Device does not have first and second materials to constrain expansion of the device, as required by Claims 17, 20, 23, 24, 25, 26 and/or 28.

d. The SKy Device does not compact cancellous bone as required by all asserted claims of the '043 Patent.

e. The SKy Device does not perform substantially the same function, in substantially the same way, to achieve substantially the same result, with respect to each element of the asserted claims of the '043 Patent.

C. INFRINGEMENT OF THE '734 AND '054 PATENTS

1. Although Kyphon has the burden of proof on this issue, DOT will prove that DOT has not directly and/or contributorily infringed Kyphon's '734 and '054 Patents. The pre-July 2004 SKy Impactor Device is designed to be used, intended to be used, and is used in manner completely different from how the '734 and '054 patents dictate the claimed apparatus is designed and intended to be used. The pre-July 2004 SKy Impactor Device does not infringe the '734 and '054 Patents for at least the following reasons:

a. The tamping operation of the Impactor Rod is performed relative to the Impactor Tube and not relative to the cannula, as required by all the asserted claims of the '734 and '054 Patents.

b. When the SKy system is used, material does not reside in the cannula, as required by all the asserted claims of the '734 Patent and Claims 26-29 of the '054 Patent.

2

    c.    The terminus of the Impactor Rod does not urge material residing in the cannula into the bone, as required by Claims 1, 3-5, 7-8, 10-11, 15-17, and 19-21 of the '734 Patent and Claims 26-29 of the '054 Patent.

    d.    When the SKy system is used, the Impactor Rod is not used together with the Impactor Tube to form a tamping instrument to urge material residing in the cannula into bone, as required by Claims 12-14 of the '734 Patent.

    e.    The Impactor Rod does not include any markings to visually gauge the advancement of the terminus relative to the distal end of the cannula, as required by Claims 5 and 17 of the '734 Patent and all the asserted claims of the '054 Patent.

    f.    The Impactor Rod does not include any markings indicating when the distal end of the Impactor Rod is aligned with the distal end of the cannula, as required by Claims 27, 29, 37, 42, and 47 of the '054 Patent.

    g.    The Impactor Rod does not include a set point marking spaced from the terminus at a distance generally equal to the length of the cannula, as required by Claims 28, 38-39, 43-44, and 48-49 of the '054 Patent.

    h.    The DOT Impactor does not perform substantially the same function, in substantially the same way, to achieve substantially the same result, with respect to each element of the asserted claims of the '734 and 054 patents.

D.    <u>WILLFULNESS</u>

1.    Although Kyphon has the burden of proof on this issue, if Kyphon proves infringement by DOT of the asserted Claims of the '888, '404, '043, '734 and/or '054 Patents, DOT will prove that its infringement was not willful because it did not know of the '888, '404,

'043, '734 and/or '054 Patents, and/or had no reason to believe that it was infringing another's valid intellectual property rights.

II. ISSUES OF INVALIDITY OF KYPHON'S PATENTS

    A. INVALIDITY OF THE '888 AND '404 PATENTS

        1. DOT will prove that the asserted claims of the '888 and/or '404 Patents are invalid by proving at least each of the following, either one of which invalidates the asserted claims:

           a. The asserted claims of the '888 and/or '404 Patents are invalid as anticipated by the prior art; and

           b. The asserted claims of the '888 and/or '404 Patents are invalid as obvious over the prior art.

    B. INVALIDITY OF THE '043 PATENT

        1. DOT will prove that the asserted claims of the '043 Patent is invalid by proving at least each of the following, either one of which invalidates the asserted claims:

           a. The asserted claims of the '043 Patent are invalid as anticipated by the prior art; and

           b. The asserted claims of the '043 Patent are invalid as obvious over the prior art.

    C. INVALIDITY OF THE '734 AND '054 PATENTS

        1. DOT will prove that the asserted claims of the '734 and/or '054 Patents are invalid by proving at least each of the following, either one of which invalidates the asserted claims:

           a. The asserted claims of the '734 and/or '054 Patents are invalid as anticipated by the prior art; and

  b.  The asserted claims of the '734 and/or '054 Patents are invalid as obvious over the prior art.

III. **DAMAGES**

 A. **DAMAGES RELATED TO THE '888, '404 AND '043 PATENTS**

  1. Although Kyphon has the burden of proof on this issue, if Kyphon proves infringement by DOT of the asserted claims of the '888, '404 and/or '043 Patents, DOT will prove that Kyphon is not entitled to lost profits, but is entitled to a royalty of at most, 5%, on sales of the SKy Device.

  2. Although Kyphon has the burden of proof on this issue, if Kyphon proves infringement by DOT, DOT will prove whether, and in what amount, prejudgment interest should be added to a damages award for infringement.

 B. **DAMAGES RELATED TO THE '734 AND '054 PATENTS**

  1. Although Kyphon has the burden of proof on this issue, if Kyphon proves infringement by DOT of the asserted claims of the '734 and '054 Patents, DOT will prove that Kyphon is not entitled to lost profits, but is entitled only to a royalty of at most, 1%, on sales of the DOT Impactor.

  2. Although Kyphon has the burden of proof on this issue, if Kyphon proves infringement by DOT, DOT will prove whether, and in what amount, prejudgment interest should be added to a damages award for infringement.