10

Case 1:04-cv-00204-JJF    Document 227-4    Filed 05/23/2005    Page 1 of 7

## Appendix 10

## [Proposed] Preliminary Jury Instructions

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

## The Parties

This case is an action for patent infringement arising under the patent laws of the United States. The parties are Kyphon, the plaintiff, and Disc-O-Tech Medical Technologies, Ltd and Disc Orthopaedic Technologies, Inc., the defendants. Disc-O-Tech Medical Technologies, Ltd and Disc Orthopaedic Technologies, Inc. are collectively referred to as "DOT."

Plaintiff is the owner of United States Patent Nos. 4,969,888; 5,108,404; 6,235,043; 6,241,734; and 6,613,054. The lawyers and witnesses in this case may refer to these patents collectively as "the patents-in-suit," or individually by the last three numbers of the patents. Plaintiff contends that defendants make, sell, and offer for sale certain surgical devices that infringe or are used to infringe the patents-in-suit. Noninfringement and invalidity are defenses to a charge of infringement. In this action, DOT denies that it infringes the patent. It also contends that the patents are invalid.

## Patent Law — General

The video you will now see will introduce to you the basics of the patent process.

[Federal Judicial Court Video]

You will hear many of the terms used in the video during the trial. They are summarized in the "Glossary of Patent Terms," which will be given to you along with these instructions. Feel free to refer to this glossary throughout the trial.

### Summary of the Patent Issues

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide:

1. Whether Kyphon has proven by a preponderance of the evidence that DOT has infringed any of the asserted claims of the patents-in-suit.

2. If you find any of the asserted claims of the patents-in-suit are infringed, whether Kyphon has proven by clear and convincing evidence that DOT's infringement was willful.

3. Whether DOT has proven by clear and convincing evidence that any of the asserted claims of the patents-in-suit are invalid.

4. If you find any of the asserted claims of the patents-in-suit are valid and infringed, what amount of damages, if any, Kyphon has proven by a preponderance of the evidence is due to it.

### Duty of Jury

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

1

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

### **Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial I will try to clarify this for you at that time.

3. Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

## Burden of Proof

This is a civil case. Kyphon has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means Kyphon has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Kyphon claims is more likely true than not. To put it differently, if you were to put Kyphon's and DOT's evidence on the opposite sides of a scale, the evidence supporting Kyphon's claims would have to make the scales tip somewhat on its side.

In this case, DOT is urging that Kyphon's patents are invalid. A patent, however, is presumed to be valid. Accordingly, DOT has the burden of proving that the patents-in-suit are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

## Conduct of the Jury

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television

3

report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use-they are not to be given or read to anyone else.

## Course of the Trial

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the plaintiff will present its witnesses, and the defendants may cross-examine them. Then the defendants will present their witnesses, and the plaintiff may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.

# GLOSSARY OF PATENT TERMS

| | |
|---|---|
| <u>Assignment</u> | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| <u>Claims</u> | That part of a patent which defines the metes and bounds of the invention. These are found at the end of the patent specification in the form of numbered paragraphs. |
| <u>Disclosure of description</u> | That part of the patent specification which explains how the invention works and usually includes a drawing. |
| <u>File wrapper</u> | The written record of proceedings in the United States Patent and Trademark Office (Patent Office or PTO) including the original patent application and subsequent communications between the Patent Office and applicant. |
| <u>Patent Application</u> | The initial papers filed in the Patent Office by an applicant. These typically include a specification, drawings and the oath (Declaration) of applicant. |
| <u>Patent Examiners</u> | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| <u>Prior art</u> | Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his/her application. |
| <u>References</u> | Any item of prior art (publication or patent) used to determine patentability. |
| <u>Specification</u> | That part of the patent application or patent that describes the invention and concludes with one or more claims. |

50273788.doc