11

**Appendix 11**

**Kyphon's Proposed Voir Dire**

It is the parties' understanding that the Court will conduct standard voir dire in the form appended to this document, entitled "Standard Voir Dire." In addition, the parties propose the following voir dire.

1.     Do you or any of your close family or friends have education, vocational training, or work experience in patents, biology, anatomy, orthopedics, mechanical engineering, or medical devices?

2.     Do you have any strong positive or negative feelings about patents, the process by which patents are obtained, or the rights of patent owners?

3.     Have you ever been sued, been a party to a lawsuit, had your deposition taken, or been a witness in court?

4.     Have you ever heard of or used any Kyphon Inc. products?

5.     Do you or any of your close friends or relatives work at Kyphon Inc. or own stock in Kyphon Inc. or have you or any of your close friends or relatives in the past worked at or owned stock of Kyphon Inc.?

6.     Have you ever heard of or used any Disc Orthopaedics Technologies, Inc. products?

7.     Do you or any of your close friends or relatives work at Disc Orthopaedics Technologies, Inc. or have you or any of your close friends or relatives in the past worked at Disc Orthopaedics Technologies, Inc.?

8.     Have you ever heard of or used any Disc-O-Tech Technologies, Ltd. products?

9.     Do you or any of your close friends or relatives work at Disc-O-Tech Technologies, Ltd. or have you or any of your close friends or relatives in the past worked at Disc-O-Tech Technologies, Ltd.?

## STANDARD VOIR DIRE

1.      Judge will read brief description of the case.

      Is any member of the panel familiar with the case or has any member of the panel heard or read anything about it?

2.      Judge will ask counsel to introduce himself or herself.  Do you know or have you or has any member of your family had any business dealings with any of the attorneys in their law firms.

3.      Judge will ask counsel to introduce the parties and name any witnesses they expect to call.  Do any members of the panel know the parties or any of the witnesses?

4.      If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

5.      Is there any member of the panel who has any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury?

6.      This case is expected to take _____ days to try, so that we expect the testimony in the trial will be completed by _____ .  Is there any member of the panel who would be unable to sit as a juror in the case for that period of time?

FINAL
QUESTION:   Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

50275896.doc

12

## <u>JUROR QUESTIONNAIRE</u>

Name:_____

1.     By whom are (were) you employed during the last 10 years?

|  |  | Is that a small company, large Company, government agency or self-employment? |
|---|---|---|
| <u>Employer</u> | <u>Number of Years</u> | |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

2.     What are (were) your 3 main responsibilities on your current or most recent job?

_____

_____

_____

3.     What is your last level of education completed?

_____  Some High School              _____  College Graduate
_____  Technical/Vocational School   _____  Post Graduate Degree
_____  High School Graduate          _____  Post Graduate Work
_____  Some College

4.     When you were in school, what were your:

_____  <u>Favorite Subjects</u>              _____  <u>Least Favorite Subjects</u>
_____              _____
_____              _____

5.     What was (is) your area of specialization in college, post-graduate or technical school?

_____  <u>Technical School</u>              _____  <u>College</u>
_____              _____

6.     Please indicate how comfortable you are with science and science-related concepts?

_____  Very comfortable              _____  Fairly comfortable
_____  Fairly uncomfortable          _____  Very uncomfortable

7.     Is your job in a health services related field?  Yes _____   No _____

If yes, please explain what type of work you do in the health services field

_____

8.    Does your job involve use of a medical device or equipment?  Yes _____ No _____

If yes, what type of work do you do with a medical device and with what type of medical device?

_____

9.    Have you ever worked as a sales person?  Yes _____ No _____

If yes, what did you sell?

_____

For what type of company were you a sales person?

_____

10.   Have you ever worked for an agency of the Federal Government?

        Yes _____                    No _____

If so, identify the agency or agencies and what you did in your job(s)?

_____
_____

11.   Have you ever been employed in, or by a company that makes or sells medical equipment or devices?  If so, identify the employer and your job description.

Yes _____ No _____

Employer, if any

_____

Job Description, if any

_____

12.   Including the present time, have you ever suffered from back pain or had back problems?

Yes _____ No _____

If so, are you currently receiving or have you ever received treatment?

Yes _____ No _____

2

If so, please describe the nature of the treatment:

_____

_____

_____

Did the treatment relieve your pain?  Yes _____  No _____

13.    Have you ever had back surgery?   Yes _____  No _____

If so, please explain:

_____

_____

_____

14.    Have you ever started your own business?  Yes _____ No _____

15.    Have you ever been employed in, or by a foreign company?  Yes _____     No _____

16.    Have you ever invested in a foreign company?  Yes _____ No _____

17.    Do you have special training or education in the following areas:

| | | | |
|---|---|---|---|
| Medicine | _____ | Biology | _____ |
| Science | _____ | Anatomy | _____ |
| Patents | _____ | Engineering | _____ |
| Mechanical Engineering | _____ | | |
| Physics | _____ | | |

18.    Do you consider yourself technically inclined?  Yes _____  No _____

19.    Do you consider yourself mechanically inclined?  Yes_____  No. _____

20.    What is (was) your spouse's occupation if employed outside the home?

_____

_____

21.    By whom is (was) your spouse/partner employed?

_____

_____

3

22.     What are (were) his or her 3 main responsibilities at work?

_____

_____

23.     Have you ever invented anything?

        _____ Yes     Please explain: _____
        _____ No      _____

24.     Has a relative or close personal friend of yours ever invented anything?

        _____ Yes     Please explain: _____
        _____ No      _____

25.     Have you ever *applied for or received* a patent, trademark, or copyright?

        _____ Yes     Please explain: _____
        _____ No      _____

26.     Has a relative or close personal friend of yours ever *applied for or received* a patent, trademark, or copyright?

        _____ Yes     Please explain: _____
        _____ No      _____

27.     Have you, a relative or close personal friend ever had any dealings with the U.S. Patent Office?

        _____ Yes     Please explain: _____
        _____ No      _____

28.     Have you, a relative or close friend ever worked for a company that patents inventions or ideas?

        _____ Yes     Please explain: _____
        _____ No      _____

29.     Does your current employer own any U.S. Patents?

        Yes_____     No_____     Don't know_____

30.     Do you have any strong feelings or opinions about patents or the process by which patents are obtained?  Yes_____  No_____

31.     Do you feel that it would be wrong for someone to profit from his invention or discovery?  Yes_____  No     _____

4

32.    Do you feel that inventions or discoveries in the medical field are not entitled to patent protection? Yes_____ No _____

33.    Have you ever served on a jury before?

      Yes    _____                    No    _____

34.    If yes, when? _____ (year). What type of trial?

      Civil    _____          Criminal    _____

35.    Have you heard of Kyphon Inc.?

      Yes    _____                    No    _____

      If so, are you familiar with any of their products?

      Yes    _____                    No    _____

36.    Have you ever used any Kyphon products? Yes _____    No _____

37.    Do you have any relationship or affiliation with Kyphon Inc. or any of its employees? Yes_____ No_____

38.    Do you currently, or have you ever, owned Kyphon Inc. stock? Yes _____ No _____

39.    Have you heard of Disc Orthopaedic Technologies, Inc.?

      Yes    _____                    No    _____

      If so, are you familiar with any of their products?

      Yes    _____                    No    _____

40.    Have you ever used any Disc Orthopaedic Technologies, Inc. products? Yes_____ No _____

41.    Do you have any relationship or affiliation with Disc Orthopaedic Technologies, Inc. or any of its employees? Yes_____ No_____

42.    Have you heard of Disc-O-Tech Medical Technologies, Ltd.?

      Yes    _____                    No    _____

If so, are you familiar with any of their products?

       Yes   \_\_\_\_\_                No   \_\_\_\_\_

43. Have you ever used any Disc-O-Tech Medical Technologies, Ltd. products?
Yes \_\_\_\_\_ No \_\_\_\_\_

44. Do you have any relationship or affiliation with Disc-O-Tech Medical
Technologies, Ltd. any of its employees? Yes\_\_\_\_\_ No\_\_\_\_\_

45. Have you heard of the law firm of Fish & Richardson, P.C.? Yes \_\_\_\_\_
No \_\_\_\_\_

If yes, what have you heard?
_____

46. Do you have any relationship or affiliation with Fish & Richardson or any of its
employees? Yes\_\_\_\_\_ No\_\_\_\_\_

47. Have you heard of the law firm of Hogan & Hartson, L.L.P.? Yes \_\_\_\_\_
No \_\_\_\_\_

If yes, what have you heard?
_____

48. Do you have any relationship or affiliation with Hogan & Hartson, L.L.P. or any
of its employees? Yes\_\_\_\_ No\_\_\_\_\_

49. Have you ever been sued, been a party to a lawsuit, had your deposition taken or
been a witness in court? Yes \_\_\_\_\_ No \_\_\_\_\_

If so, please explain

_____
_____
_____

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

KYPHON, INC.                             :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  :     Civil Action No. 04-204 JJF
                                         :
DISC-O-TECH MEDICAL                      :
TECHNOLOGIES LTD., et al.                :
                                         :
          Defendants.                    :

**ORDER ON KYPHON INC.'S APPLICATION TO**
**COMPEL CERTAIN DISCOVERY**

Upon consideration of Plaintiff's request to compel the production of certain documents, deposition testimony and interrogatory responses, and after consideration of the parties' December 20, 2004 and December 21, 2004 letter submissions as well as argument by counsel during a teleconference on December 21, 2004, and for reasons stated on the record:

IT IS HEREBY ORDERED this _23rd_ day of December 2004 that:[1]

1.     The documents sought by Plaintiff regarding the marketing of the accused SKy device outside the United States, and regarding Defendants' B-Twin VBR device are sufficiently relevant to be discoverable under the Federal Rules of Civil Procedure. The parties shall explore the extent to which the Defendants' burden of producing these documents may be minimized. After consultation with Plaintiff, and consistent with those consultations, Defendants shall then produce the requested documents by January 7, 2005. Defendants shall also allow testimony by its witnesses, including its corporate representative, regarding these subject areas.

---

[1] Given the commitments made by Defendeants in their December 21, 2004 letter and during the teleconference of that same day, Plaintiff's request to compel production of prosecution documents is deemed to be moot.

2.     Defendants shall provide the requested complete responses to Plaintiff's Interrogatories 4 and 12 by the earlier of either: ten business days after entry of this Order or January 7, 2005.

Vincent J. Poppiti
Special Master

062038.00611/40148670v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KYPHON, INC.                          :
                                      :
          Plaintiff,                  :
                                      :
     v.                               :     Civil Action No. 04-204 JJF
                                      :
DISC-O-TECH MEDICAL                   :
TECHNOLOGIES LTD., et al.             :
                                      :
          Defendants.                 :

## ORDER ON KYPHON INC.'S APPLICATION TO
## COMPEL CERTAIN DISCOVERY

Upon consideration of Plaintiff's complaint regarding the sufficiency of Defendants' responses to contention Interrogatories Nos. 2 and 3 and after consideration of the parties' January 17th letter submissions, the argument by counsel during a teleconference on January 18th, review of the transcript of the referenced teleconference, review of the parties post teleconference e-mail submissions gathered for me by counsel for Kyphon, Inc., and for reasons stated on the record:

IT IS HEREBY ORDERED this _25th_ day of January 2005 that:

1.     By the close of business on January 25, Defendants shall provide a more complete supplemental response to Interrogatory No. 2, that provides: an element-by-element analysis of the asserted claims in comparison to the asserted references; an identification of whether a references is asserted under 102 or 103; what particular combinations of the references are being asserted under 103; specific contentions regarding any other manner in which Defendants contend the patents-in-suit are invalid, unenforceable, or otherwise unpatentable (including, in particular, a summary listing of the various grounds upon which one or more patents is invalid in

light of facts relating to Mr. Brent Constantz and/or his prior company, Norian Corporation and with regard to these contentions, an identification of persons with knowledge thereof and documents supportive of Defendants' contentions. [See pages 20-21 and 27-28 of the January 18, 2005 transcript].

2.    By close of business on January 25th, Defendants shall provide a more complete supplemental response to Interrogatory No. 3, that provides an identification of the documents relevant to Defendants' contentions with respect to how the accused devices operate and are used.

3.    Each party may amend, supplement, or modify its contentions, subject to the other parties; right to challenge the timeliness or appropriateness for any such changes.

Vincent J. Poppiti
Special Master

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KYPHON INC.,

        Plaintiff,

  V.

DISC-O-TECH MEDICAL
TECHNOLOGIES LTD., and DISC
ORTHOPAEDIC TECHNOLOGIES, INC.,

        Defendants.

C.A. 04-204-JJF

## ORDER RE: KYPHON'S RULE 37 MOTION

Kyphon has moved to preclude, under Federal Rule of Civil Procedure ("FRCP") 37,
certain new evidence and contentions presented by Disc-O-Tech Medical Technologies Ltd. and
Disc Orthopaedic Technologies, Inc. (collectively "DOT") first disclosed after the close of fact
discovery. Having considered the written materials submitted by the parties on March 15, 2005,
and argument by counsel during a March 18, 2005 teleconference, I have determined as follows
for the reasons stated on the record:

1.    DOT has failed to comply with its discovery obligations, this Court's December
30, 2005 Scheduling Order, and my Order of January 25, 2005, with respect to
certain evidence and contentions;

2.    DOT has not provided substantial justification for its failure to comply with these
discovery obligations and Court Orders;

3.    While Kyphon has been prejudiced by DOT's actions, the prejudice can be
adequately cured;

062038.00611/40151774v1

4.    Pursuant to the Court's direction, the parties have agreed on the following:

(i)    The deadline for exchanging rebuttal expert reports regarding the '888, '404, and '043 patents shall be extended to Wednesday, March 23, 2005;

(ii)    The deadline for exchanging rebuttal expert reports regarding the '734 and '054 patents shall be extended to Wednesday, March 30, 2005;

(iii)    DOT shall provide to Kyphon by Wednesday, March 30, 2005, a complete version of the pre-July 2004 accused bone filler device and related components, to the extent not already provided in discovery, including a complete pre-July 2004 SKy Bone Expander device, with instrumentation, that functions with the DOT bone filler device along with all written material which accompanied the devices or was distributed in connection with promoting the devices, to the extent any such documentation has not already been provided in discovery; to the extent DOT contends such devices and/or documentation has been previously produced, DOT shall identify such production;

(iv)    DOT shall provide a witness designated under FRCP 30(b)(6) to testify, for a period of time not to exceed four hours, regarding the function of the pre-July 2004 accused bone filler device and related components at a mutually agreeable date on or before April 30, 2005;

(v)    By Monday, March 28, 2005, DOT shall provide responses to the two interrogatories and the nine requests for admissions that are being served today by Kyphon (each of which is attached as Exhibits A and B, respectively, to this Order);

2

(vi)     Kyphon's technical expert may rely upon the additional evidence referenced above during his testimony regarding the infringement and validity issues that are presented at trial. Similarly, DOT's technical expert may rely upon additional evidence referenced above during his testimony regarding the non-infringement and invalidity issues that are presented at trial.

5.     DOT shall reimburse Kyphon for the following expenses: (i) reasonable travel expenses related to the taking of the deposition noted above; and (ii) reasonable attorney and paralegal fees related to the preparation and presentation of Kyphon's Rule 37 motion.  In addition, DOT will provide and pay both sides' costs for a court reporter and videographer at the site of the deposition noted above and for Kyphon' s copy of the transcript and video of the deposition.

6.     DOT shall be responsible for full payment of the expenses for the time expended by the Special Master in considering Kyphon's Rule 37 motion.


SO ORDERED:

_____
Vincent J. Poppiti  (DSBA No. 100614)
Special Master

Dated:  March 22, 2005

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KYPHON INC.

        Plaintiff,

    v.

DISC-O-TECH MEDICAL

CA 04-0204-JJF

## PLAINTIFF'S THIRD SET OF INTERROGATORIES TO DEFENDANTS DISC-O-TECH MEDICAL TECHNOLOGIES, LTD. AND DISC ORTHOPAEDIC TECHNOLOGIES, INC. (NOS. 30-31)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Kyphon Inc. ("Kyphon") hereby requests Defendants Disc-O-Tech Medical Technologies, Ltd. ("DOT Ltd.") and Disc Orthopaedic Technologies, Inc. ("DOT Inc.") (collectively "DOT") to answer in writing and under oath the following interrogatories within thirty (30) days after service of these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

Kyphon hereby incorporates by reference the Definitions and Instructions set forth in Plaintiff's First and Second Set of Interrogatories to Defendants.

## INTERROGATORIES

## INTERROGATORY NO. 30:

Please describe in detail the manner in which DOT instructed persons in the United States to use its pre-July 2004 bone filler device and SKy Bone Expander device, including a narrative description of each step in the process necessary to perform a

reduction of a vertebral compression fracture, and an identification of documents that describe the approach that DOT instructs persons to follow.

## INTERROGATORY NO. 31:

To the extent DOT does not provide an unequivocal admission in response to all of the Requests for Admissions Nos. 30 through 38, please describe in detail the basis for each of DOT's refusals to provide the requested unequivocal admission.

Dated: March 21, 2005       FISH & RICHARDSON P.C.

By:     _Thomas L. Halkowski_

Thomas L. Halkowski (#4099)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Michael R. Hamlin
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Karen I. Boyd
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Rama G. Elluru (admitted only in Texas and
Virginia)
Fish & Richardson P.C.
1425 K Street, N.W.
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Plaintiff
KYPHON INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that on this 21ST day of March 2005, a true and correct copy of the **PLAINTIFF'S THIRD SET OF INTERROGATORIES TO DEFENDANTS DISC-O-TECH MEDICAL TECHNOLOGIES, LTD. AND DISC ORTHOPAEDIC TECHNOLOGIES, INC. (NOS. 30-31)** was caused to be served on the attorneys of record at the following addresses as indicated:

**VIA HAND DELIVERY**
Maryellen Noreika
Morris Nichols Arsht & Tunnell
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE 19899-1347

Attorneys for Defendants
*Disc-O-Tech Medical Technologies Ltd.
and Disc Orthopaedic Technologies, Inc.*

**VIA FACSIMILE**
Jonathan M. Sobel
Hogan & Hartson L.L.P.
875 Third Avenue
New York, NY 10022

Attorneys for Defendants
*Disc-O-Tech Medical Technologies Ltd.
and Disc Orthopaedic Technologies, Inc.*

Thomas L. Halkowski

80023567.doc

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KYPHON INC.,

        Plaintiff,

        v.

DISC-O-TECH MEDICAL
TECHNOLOGIES LTD., and DISC
ORTHOPAEDIC TECHNOLOGIES, INC.,

        Defendants.

C.A. No. 04-204-JJF

## PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANTS DISC-O-TECH MEDICAL TECHNOLOGIES, LTD. AND DISC ORTHOPAEDIC TECHNOLOGIES, INC. (NOS. 30-38)

Pursuant to Fed. R. Civ. P. 36, Plaintiff Kyphon Inc., ("Kyphon") hereby directs the following requests for admission to Defendants Disc-O-Tech Medical Technologies, Ltd. and Disc Orthopaedic, Inc. (collectively "DOT").

### DEFINITIONS

Kyphon hereby incorporates by reference the Definitions set forth in Plaintiff's First and Second Set of Interrogatories to Defendants as well as those set forth in Plaintiff's First Set of Requests for Admissions to Defendants.

### INSTRUCTIONS

1.    Defendants are instructed to admit or deny the following matters, or set forth in detail reasons why they cannot truthfully admit or deny the matter.

2.    The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as

in each case is most appropriate.

3.     These requests shall be deemed to be continuing as provided by Fed. R. Civ. P. 26(e). Any additional information relating in any way to these requests that you acquire, or that becomes known to you, up to and including the time of trial, shall be furnished to Kyphon promptly after such information is acquired or becomes known.

4.     If there are terms in these requests that have not been specifically defined and that you contend are either vague or ambiguous, you shall give such terms their ordinary meaning as understood by you and provide such ordinary meaning in the response to such requests.

5.     If you object to a request or to any portion of a request, you shall state the objection and provide all information called for by the request or any portion of the request to which you do not object.

2

## REQUESTS FOR ADMISSIONS

Please admit or deny the following:

30.  The Impactor Rod component of DOT's SKy Bone Expander system (i.e., including the bone filler device) sold prior to July 2004 is capable of being slid into the Bone Impactor tube to close the distal bore of the Bone Impactor tube.

31.  After being slid into the Bone Impactor tube as noted in Request No. 30 above, the Impactor Rod is capable of being used in combination with the Bone Impactor tube to "perform a tamping operation relative to the cannula" as that phrase is used in DOT's March 10, 2005, claim charts.

32.  Bone cement material can be placed within the cannula component of DOT's SKy Bone Expander system (i.e., including the bone filler device) sold prior to July 2004.

33.  The Impactor Rod component of DOT's SKy Bone Expander system (i.e., including the bone filler device) sold prior to July 2004 is capable of being used in combination with the bone filler introducer tube to urge bone cement from the cannula into a bone.

34.  The Impactor Rod component of DOT's SKy Bone Expander system (i.e., including the bone filler device) sold prior to July 2004 has markings that are

3

capable of gauging advancement into the cannula (when the Bone Impactor tube is slid into, and closes the distal bore of, the Bone Impactor tube).

35. During use as directed by DOT of the SKy Bone Expander system sold prior to July 2004 (i.e., including the bone filler device): (i) material resides in the Bone Impactor tube; and (ii) the Bone Impactor tube resides in the cannula.

36. During use as directed by DOT of the SKy Bone Expander system sold prior to July 2004 (i.e., including the bone filler device): (i) material resides directly within the Bone Impactor tube; (ii) the Bone Impactor tube resides in the cannula; and (iii) the Impactor Rod is pushed through the Bone Impactor tube and urges material residing directly within the Impactor tube out into the bone

37. The SKy Bone Expander system includes a cavity forming instrument that is inserted into bone.

38. The SKy Bone Expander system includes an expandable structure that is inserted into bone.

4

Dated: March 21, 2005          FISH & RICHARDSON P.C.


By: _____

Thomas L. Halkowski (#4099)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Michael R. Hamlin
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Karen L Boyd
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Rama G. Elluru (admitted only in Texas and
Virginia)
Fish & Richardson P.C.
1425 K Street, N.W.
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Plaintiff
KYPHON INCORPORATED

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KYPHON INC.,

        Plaintiff,

    v.

DISC-O-TECH MEDICAL
TECHNOLOGIES LTD., and DISC
ORTHOPAEDIC TECHNOLOGIES, INC.,

        Defendants.

C.A. 04-204-JJF

## ORDER RE: DISCOVERY DEADLINE

Notwithstanding the present fact discovery deadline of February 4, 2005, Kyphon is authorized to continue its efforts to seek discovery from parties or third parties concerning DOT's invalidity contentions relating to Dr. Constantz and Norian Corporation up through and including April 30, 2005. This Order addresses timing issues only, and does not rule on the propriety of any specific discovery requests that have been served, or that may be served, relating to these issues.

SO ORDERED this *24* day of March, 2005.

                          Vincent J. Poppiti
                          Special Master

062038.00611/40151863v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON INC., | |
| Plaintiff, | |
| v. | C.A. 04-204-JJF |
| DISC-O-TECH MEDICAL TECHNOLOGIES LTD., and DISC ORTHOPAEDIC TECHNOLOGIES, INC., | |
| Defendants. | |

## ORDER

**IT IS HEREBY ORDERED**, that April 14, 2005, is the deadline for all opposition briefs regarding claim construction and summary judgment motions filed in this matter.

**SO ORDERED**, this _____ day of April, 2005.

Vincent J. Poppiti
Special Master

062038.00611/40152322v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, I electronically filed **[PROPOSED]**

**JOINT PRETRIAL ORDER** with the Clerk of Court using CM/ECF which will send

notification of such filing(s) to the following:

Maryellen Noreika
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE  19899-1347

*Attorneys for Defendants*
*Disc-O-Tech Medical Technologies, Ltd.*
*and Disc Orthopaedic Technologies, Inc.*

/s/ Thomas L. Halkowski
Thomas L. Halkowski