IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KYPHON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-204-JJF |
| | ) | |
| DISC-O-TECH MEDICAL TECHNOLOGIES LTD., and DISC ORTHOPAEDIC TECHNOLOGIES, INC., | ) ) ) | REDACTED PUBLIC VERSION |
| | ) | |
| Defendants. | ) | |

**DOT'S MEMORANDUM IN SUPPORT OF ITS MOTION**
***IN LIMINE* TO PRECLUDE FORMER EMPLOYEE EVIDENCE**

Defendants Disc-O-Tech Medical Technologies, Ltd. and Disc Orthopaedic Technologies, Inc. ("DOT") respectfully submit this motion in limine, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence ("FRE"), to preclude Kyphon Inc. ("Kyphon") from presenting argument or evidence, in the form of documents or testimony, relating to allegations that DOT attempted to hire Kyphon's employees or representatives while they were employed by Kyphon, that Kyphon's employees or representatives violated any agreement with Kyphon in connection with their joining DOT, and/or that there was an overlap in time between Kyphon employees or representatives expressing an interest in working for DOT and their formally leaving Kyphon (collectively, "former employee evidence").

**PRELIMINARY STATEMENT**

Kyphon's exhibit list identifies numerous deposition exhibits that relate to former employee evidence – namely, the contention that DOT tried to lure Kyphon employees or representatives away from Kyphon while they were still working on behalf of Kyphon. These allegations, and other former employee evidence -- besides being unsupported by the record -- have no relevance at all to the infringement and willful infringement issues in this case. The allegations are designed to make DOT look like a "bad guy" that must be the type of company that would willfully infringe. The allegations are no more relevant than the fact that Kyphon told one of DOT's representatives that if he quit working for DOT, he would not be subpoenaed in this litigation. The improper conduct lies with Kyphon – but such mud slinging, from either side, is not relevant to the issues at trial. (On the other hand, if Kyphon is permitted to impugn DOT with these or any similar allegations, DOT should be permitted to rebut those allegations by showing Kyphon's practices in the marketplace.)

This former employee evidence should be excluded under FRE 401 and 402. FRE 401 provides that "'[r]elevant evidence' is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 402 provides that "[e]vidence which is not relevant is nor admissible."

The former employee evidence is collateral evidence that is not at all probative of whether or not DOT (1) was aware of the patents in suit and (2) acted without a reasonable good faith belief that the patents are invalid or are not infringed. This "evidence" does not bear on willful infringement any more than an allegation that a competitor is a "generally bad guy" shows that they are likely to infringe. In that sense, this former employee evidence is like

- 2 -

collateral propensity evidence – except that the allegations, were they even true, have no correlation or relevance to willful infringement.

This former employee evidence is also misleading and creates a danger of unfair prejudice. Thus, even if it were relevant, it should be excluded for that reason as well, pursuant to FRE 403. ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.")

In fact, these allegations were the basis of two other lawsuits by Kyphon against the former distributors (DOT was not a party), that have since been settled. The allegations underlying those cases have no proper role in this patent infringement case.

## FACTUAL BACKGROUND

Among the irrelevant and unduly prejudicial evidence on Kyphon's trial exhibit list (set forth below) are documents relating to personal lawsuits between Kyphon and its former sales representatives, involving these former employees' purported violation of Kyphon proprietary agreements by virtue of later distributing DOT products. Kyphon has also deposed former Kyphon employees regarding the timing of their leaving Kyphon and the timing of their talking to, or working on behalf of, DOT; in particular, Kyphon has sought to show some overlap in the timing or the two relationships.

Among the evidence at issue is testimony and documents from Kyphon's depositions herein of a number of third party distributors of DOT's accused devices, including the depositions of                                                                Two of these distributors                                                were previously employed by Kyphon

prior to their distribution of the accused product on behalf of DOT. In personal lawsuits unrelated to this litigation, Kyphon sued both of these individuals for purported violation of confidentiality agreements with Kyphon, when they entered into distribution agreements with DOT; both of these suits have since settled.

The Complaint by Kyphon against           is one of the exhibits on Kyphon's "pared down" trial exhibit list (see Joint Pretrial Order, filed May 12, 2005 ("Joint PTO"), at Appendix 4A, PTX 1110):

(A copy of the Complaint, PTX 1110, is attached hereto as Exhibit A.) Kyphon referenced these lawsuits against former employees in its preliminary injunction papers, in connection with Kyphon's irreparable harm allegations:

> "Kyphon also believes discovery will show that DOT has targeted Kyphon's sales people, similar to DOT's targeting of Kyphon's surgeons, and thereby induced unlawful conduct as set forth in a complaint recently filed in the State of California. (Memorandum in Support of Plaintiff Kyphon, Inc.'s Motion for Preliminary Injunction, at p. 24).
>
> Kyphon is presently in litigation with           over DOT's interactions with him even before he left Kyphon's employment, and the information he imparted to DOT both before and after leaving Kyphon.
>     in Support of Plaintiff Kyphon's Motion for a Preliminary Injunction, dated October 6, 2004, at p.2)."

(See Exhibit B, Memorandum in Support of Plaintiff Kyphon Inc.'s Motion for Preliminary Injunction, and Exhibit C,           hereto.)

- 4 -

is listed on Kyphon's trial witness list as a witness who will testify in person at trial (see Joint PTO, Appendix 5A). has not been deposed herein. To the extent his testimony would relate to these former employee issues (which may be the entirety of his expected testimony), testimony should be precluded.

Moreover, during the depositions of the two prior employees of Kyphon, Kyphon introduced a number of exhibits pertaining to these individuals' prior employment relationships with Kyphon. Those exhibits appear on Kyphon's trial exhibit list (Appendix 4A to the Joint PTO) as PTX 317, PTX 319-322, PTX 324-325, PTX 327-328, PTX 330-343, PTX 346-352. The descriptions of these exhibits are copied below:

These exhibits are not necessarily exhaustive of all of the documentary evidence on Kyphon's exhibit list relating to allegations regarding alleged improper actions with respect to Kyphon's former employees.

Kyphon's alleged "evidence" of improprieties in DOT's hiring of former Kyphon employees or representatives is smoke and mirrors, and has nothing to do with infringement or willful infringement. It should be excluded under FRE 401 and 402. It is also highly prejudicial, intended to mislead the jury into thinking DOT is a bad guy, who must have been willful. It should be excluded under FRE 403 for that reason, as well.

## CONCLUSION

For the reasons set forth above, DOT respectfully requests that Kyphon be precluded from presenting argument or evidence, in the form of documents or testimony, relating to allegations that DOT attempted to hire Kyphon's employees or representatives while they were employed by Kyphon, that Kyphon's employees or representatives violated any agreement with Kyphon in connection with their joining DOT, and/or that there was an overlap in time between Kyphon employees or representatives expressing an interest in working for DOT and their formally leaving Kyphon.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Maryellen Noreika

Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
 *Attorneys for Defendants*
 *Disc-O-Tech Medical Technologies, Ltd. and*
 *Disc Orthopaedic Technologies Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Jonathan M. Sobel
Arlene L. Chow
Robert J. DeMento
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, NY 10022
(212) 918-3000

May 16, 2005

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to be served this 16th day of May, 2005 upon the following in the manner indicated:

**BY HAND DELIVERY**

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

                                                         /s/ Maryellen Noreika
                                                        Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to be served this 23rd day of May, 2005 upon the following in the manner indicated:

**BY HAND DELIVERY**

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114


/s/ Maryellen Noreika (#3208)
Maryellen Noreika (#3208)