IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON INC.,<br><br>      Plaintiff,<br><br>v.<br><br>DISC-O-TECH MEDICAL TECHNOLOGIES LTD., and DISC ORTHOPAEDIC TECHNOLOGIES, INC.,<br><br>      Defendants. | C.A. No. 04-204-JJF |

## [PROPOSED] JOINT REVISED PRETRIAL ORDER

**Counsel for Plaintiff**

Thomas L. Halkowski (#4099)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
Michael R. Hamlin
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

David J. Miclean
Karen I. Boyd
Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Rama G. Elluru (admitted only in Texas and Virginia)
1425 K Street, N.W.
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

**Counsel for Defendant**

Maryellen Noreika (#3208)
Morris Nichols Arsht & Tunnell
Chase Manhattan Centre
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 658-9200
Fax: (302) 425-3011

Eric J. Lobenfeld
Jonathan M. Sobel
Robert J. DeMento
Arlene L. Chow
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

Dated: June 10, 2005

On May 17, 2005 at 4:00 p.m., counsel for Plaintiff Kyphon Inc. ("Kyphon") and counsel for Defendants Disc-O-Tech Medical Technologies Ltd. and Disc Orthopaedic Technologies, Inc., attended a pre-trial conference before this Court. This order reflects the rulings made in that pre-trial conference. The Court hereby orders the following matters as to the trial scheduled to begin on June 20, 2005.

I. **NATURE OF THE ACTION AND PLEADING**

This lawsuit involves a patent dispute between Kyphon and DOT. On April 2, 2004, Kyphon sued DOT, alleging that DOT infringes several of Kyphon's patents. Kyphon has since amended its complaint and has withdrawn one of the patents it originally asserted. The patents at issue for this trial are U.S. Patent Nos. 4,969,888; 5,108,404; and 6,235,043. Kyphon has accepted an offer of judgment for infringement of U.S. Patent Nos. 6,241,734 B1 (the "'734 Patent") and 6,613,054 B2 (the "'054 Patent"). Kyphon is seeking monetary damages and injunctive relief, with respect to the remaining patents—the '888, '404, and '043 patents. DOT denies infringement of the remaining patents, and asserts the defenses of invalidity and non-infringement. DOT is seeking a declaratory judgment that the 4,969,888; 5,108,404; and 6,235,043 patents are not infringed and are invalid.

DOT requests that Kyphon be precluded from mentioning to the jury the issue of infringement of the '734 or '054, as DOT contends that such issues are irrelevant to the issues remaining to be tried, and would be unduly prejudicial, as well.

For purposes of trial, Kyphon is asserting Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; and Claims, 17, 20, 24, and 26 of U.S. Patent No. 6,235,043. Special Master Poppiti has

granted summary judgment of infringement of the asserted claims of the '888 and '404 patents. These decisions are currently under review by the Court.

Kyphon's understanding of the purpose of this Revised Pretrial Order was to focus on the upcoming liability trial. Therefore, with the exception of the witness and exhibit lists, which include Kyphon's preliminary assessments regarding the damages and willfulness trial, Kyphon's Appendices do not include damages and willfulness matters, or the matters that have already been resolved by the Special Master. That is, Kyphon has focused this Pretrial Order in anticipation that infringement will be tried for the '043 patent, and that validity will be tried for the '888, '404 and '043 patents (presuming a finding of infringement regarding any of the asserted claims of the '043 patent).

DOT's understanding is that the court wishes to have one Pretrial Order for all phases of trial, and has proceeded based on that understanding (with the exception that the parties have not yet exchanged page and line designations for deposition with respect to phase three issues).

## II.   BASIS OF FEDERAL JURISDICTION

The Court has subject matter jurisdiction over the Complaint and Counterclaim pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a). Neither party disputes personal jurisdiction or venue.

## III.   FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF

A statement of stipulated facts is attached as Appendix 1. Kyphon requested that these stipulated facts be read to the jury with the Preliminary Jury Instructions. The Court denied this request on May 17, 2005 at the Pretrial Conference.

IV. **THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF FACT TO BE LITIGATED**

Kyphon's statement of the issues of fact that remain to be litigated is attached as Appendix 2A. DOT's statement of issues of fact that remain to be litigated is attached as Appendix 2B.

V. **THE PARTIES' CONTENTIONS REGARDING THE ISSUES OF LAW TO BE LITIGATED**

Kyphon's statement of the issues of law that remain to be litigated is attached as Appendix 3A. DOT's statement of the issues of law that remain to be litigated is attached as Appendix 3B.

VI. **EXHIBITS AND OBJECTIONS**

During the May 17, 2005 Pretrial Conference, the Court instructed the parties to limit their exhibit lists to 100 exhibits. The parties disagree about whether this limitation should apply to the liability and damages/willfulness phases of the suit collectively or separately. Kyphon sent a letter to the Court on June 7, 2005 seeking additional guidance on this matter.[1] DOT submitted a reply letter to the Court on June 10, noting, inter alia,

---

[1] Kyphon: Kyphon also notes that it has continued its efforts to further reduce the number of witnesses and exhibits for the upcoming trial regarding the issues of infringement and validity, and the number of exhibits preliminarily identified for use at the subsequent trial regarding the issues of willfulness and damages. Kyphon's overall list has now been trimmed to 131 exhibits, and it has eliminated one deposition designation (Barak) and one live witness (Loguidice). DOT filed a motion *in limine* on June 10 to preclude the testimony of Drs. Halliday one of Kyphon's live witnesses. DOT was notified in January – while discovery was pending – that Kyphon intended to call Dr. Halliday. DOT had a every opportunity to take her deposition, during discovery, to learn anything it desired regarding information which she could present at trial. DOT, however, chose not to do so. As a courtesy, Kyphon recently advised DOT that Dr. Halliday would be presenting testimony regarding objective indicia of non-obviousness. DOT's effort to now raise an objection regarding her testimony, is both belated and baseless. Because Kyphon has not had an opportunity to review the motion that DOT filed just today, we reserve the right to further address DOT's motion as appropriate.

4

that Kyphon's revised exhibit list contains numerous compilation exhibits, which DOT contends further violate the Court's instructions at the May 17 Pretrial Conference.

The parties' list of pre-marked exhibits to be offered at trial are attached as Appendix 4A (Kyphon's Revised Exhibit List) and Appendix 4B (DOT's Revised Exhibit List). Each party reserves the right to introduce or use any exhibit listed in Appendices 4A and 4B, whether or not that particular party is the initial proponent of the exhibit. Each party's objections to the other party's exhibits are noted in each exhibit list.

DOT contends that Kyphon's exhibit list contains numerous improper compilation exhibits. Attached as Appendix 4C is a letter from Kyphon's counsel, sent on June 10, 2005, the day this revised proposed pretrial order was submitted, explaining further changes in Kyphon's exhibit list. DOT notes that after receiving DOT's exhibit list, Kyphon "pared down" its exhibit list be omitting approximately 12 exhibits that are on DOT's list, while reserving the right to use exhibits from DOT's list. One example is the file history for the '043 patent. DOT contends that such action violates the spirit and letter and the Court's instructions regarding paring down exhibit lists. DOT contends that Kyphon also created additional compilation exhibits by its June 12 changes.

Kyphon believes that argument as to specific objections is not properly part of this Pretrial Order, and looks forward to addressing these issues at the appropriate time and place. Kyphon additionally reserves the right to object on relevance and FRE 105 grounds, depending on how DOT attempts to use exhibits in trial. DOT's position is that

---

DOT: DOT's motion explains why that is not so: Kyphon had finally pared down its witness list as of June 1, 2005, and Kyphon advised on June 7, three days prior to submission of this revised pretrial order, as to the subject matter of Dr. Halliday's testimony. Moreover, the merits of DOT's motion are set forth in the moving papers (D.I. 246).

objections should be noted in the objections column of the other parties' exhibit lists. Notwithstanding, whichever way the Court decides this issue, DOT's position is that if the parties are permitted to reserve objections on relevance and FRE 105 grounds, as Kyphon requests, then that right should be mutual (i.e., it should apply to both parties).

Unless otherwise agreed during trial, each party will provide the other party a list of exhibits, by exhibit number and intended witness, that it intends to use on direct examination by 7:00 p.m. the day before the exhibits are intended to be used in court. If the party decides, after 7:00 p.m. the night before the intended use of exhibits, to use additional exhibits on direct, that party will notify the opposing party as early as possible, but in no event later than 11:00 p.m. the night before the exhibits are intended to be used in court. The parties will meet and confer on any objections by 9:30 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed exhibit. The parties hereby agree that, once confirmed, the exhibits to be used in direct examination may not change absent good cause.

## VII.   WITNESSES

Kyphon's witness list, including live and deposition witnesses for both the liability and damages/willfulness trials, is attached as Appendix 5A. DOT's list of witnesses for all three phases of trial is attached as Appendix 5B.

In addition to the witnesses on the witness lists, each party reserves the right to call the following individuals to testify in person or by deposition:

1.   Current or former employees of the parties required to authenticate or who are otherwise necessary to admit any disputed document into evidence;

2.   Any witnesses appearing on the other party's witness list indicated to testify live, if not called as a witness by that party.

In the event that a witness listed as a live witness is not available for or is not called to testify at trial, the parties will not object to the other side supplementing its designations. DOT believes that this supplementation should only be allowed, however, up to the limit of four deponents (i.e., if necessary, according to DOT, the party would substitute such designations as appropriate to stay within the four-deposition limit).

Unless otherwise agreed to during trial, each party will provide to the other party a list of witnesses whom it intends to call on direct examination by 7:00 p.m. two nights before those witnesses are intended to testify in court. The parties hereby agree that, once confirmed, the identity and order of witnesses to be used in direct examination may not change absent good cause.

**VIII.   PARTY'S STATEMENTS OF ANTICIPATED PROOFS**

Plaintiff Kyphon's statement of its anticipated proofs is attached as Appendix 6A. Defendant DOT's statement of its anticipated proofs is attached as Appendix 6B.

**IX.   DISCOVERY DESIGNATIONS**

Plaintiff Kyphon's discovery designations for the first two phases of trial are attached as Appendix 7A and are included in its Revised Exhibit List (Appendix 4A). DOT's objections to Kyphon's discovery designations are in Appendix 7B. DOT's discovery designations are in Appendix 7C, and are included in its Revised Exhibit List (Appendix 4B). Kyphon's objections to DOT's Discovery Designations are in Appendix 7D.

The parties have designated deposition testimony based on the Special Master's decisions, but if those decisions are changed or modified, the parties do not object to the other side supplementing and/or substituting its designations. DOT believes that any

such changes must be made within the overall limitation of allowing only the use of four depositions for all phases of trial.

X.   **PROPOSED AMENDMENTS TO THE PLEADINGS**

None.

XI.  **CERTIFICATION AS TO EXPLORATIONS OF SETTLEMENT**

Counsel hereby certify that representatives of the parties having the authority to negotiate settlement have had discussions and communications in a good faith effort to explore the resolution of this controversy by settlement. To date, those discussions have not resulted in settlement. There are no ongoing discussions.

XII. **MOTIONS IN LIMINE**

The parties' motions *in limine* and the oppositions to the motions *in limine* were appended to the Pretrial Order submitted May 12, 2005. DOT also submitted an additional motion in limine to preclude "former employee" evidence relating, inter alia, to alleged attempts to hire away Kyphon employees, on May 16, 2005. [D.I. 208] Kyphon submitted an objection and response to this motion on May 17, 2005. [D.I. 215]. DOT filed an additional motion in limine on June 10, 2005, to preclude the trial testimony of Drs. Halliday and Loguidice. [D.I. 246.] Kyphon was just made aware of this motion today and has not seen a copy of the motion. However, from DOT's representations, Kyphon believes DOT's motion to be both baseless and untimely. Kyphon contends that the parties had agreed that all motions *in limine* would be exchanged prior to the filing of the May 12, 2005 Joint Proposed Pretrial Order, and this is plainly reflected in emails exchanged between counsel in which the pretrial procedure was agreed upon. DOT contends that Kyphon has only recently pared down its witness

list (along with its other proposed evidence), and that DOT's motion is timely. (See DOT's motion, D.I. 246, at p. 2, and footnote 1 herein, above).

## XIII. OTHER MATTERS

### A. Authentication and Admission of Evidence

Printed copies or clear reproductions of United States and foreign patents or patent applications or prosecution histories of any such patent and indexed copies of the file histories filed with the Court are deemed authentic and may be used by either party in lieu of the original or certified copies. The date of filing or publication on such documents shall be accepted as correct, subject, however, to correction if error should appear.

Kyphon requests that counsel be permitted to move, and the Court admit if appropriate, evidence on the morning following use of the evidence. DOT requests that evidence be offered and admitted at the time it is used with a witness at trial.

### B. Deposition Designations

During the May 17, 2005 Pretrial Conference, the Court instructed the parties to limit their deposition designations to four witnesses. The parties disagree about whether this limitation should apply to the liability and damages/willfulness phases of the suit collectively or separately. Kyphon sent a letter to the Court on June 7, 2005 seeking: (i) additional guidance on this matter; and (ii) flexibility, during the fact-intensive willfulness and damages trial, to utilize additional short excerpts to be presented within any reasonable overall time limitation set by the Court for presentation of each parties' case in this matter. DOT's June 10, 2005 letter response to the Court objected to Kyphon exceeding four depositions in total, for all three phases of trial.

The parties have established a schedule and procedure for exchanging designations of deposition testimony for those witnesses who will be called to testify by deposition (either by video or by reading the transcript into the record). The parties exchanged deposition designations on June 8, 2005 for the upcoming trials regarding infringement and validity only, and will exchange counter designations and objections by 5:00 p.m. Eastern time on June 14, 2005, and objections to counter designations by 5:00 p.m. Eastern time on June 17, 2005. Designations shall be made by exchanging highlighted transcripts, with Kyphon using yellow and DOT using blue. A schedule for the exchange of deposition designations that relate to any trial regarding willfulness and damages issues will be agreed upon at a later date.

Unless otherwise agreed during trial, each party will provide the other party a list of deposition designations (from the previously designated testimony) that it intends to introduce by 7:00 p.m. two days before the designations are intended to be used in court. New deposition designations may not be added without good cause. The other party will provide counter-designations and objections by 7:00 p.m. the next evening. Such counter-designations may include deposition testimony previously designated by the other party. The parties will meet and confer on any objections by 10:00 p.m. that evening and will present any unresolved issues to the Court the morning of the proposed use of the disputed testimony. The parties hereby agree that, once confirmed, the deposition designations may not change absent good cause.

The manner of using counter-designations at trial shall be in the same manner (video versus read deposition transcripts) as that used for the designation sought to be rebutted, such that all designations, counter-designations, and cross-designations will be

played or read to the jury, as the case may be, as one consecutive segment in the order the testimony appears in the transcript. If a party offers video testimony, that party shall be responsible for including video portions of counter-designated testimony that is designated as described in this section. If a party does not offer video testimony, that party need not offer video of the other party's counter-designations.

### C. Demonstrative Exhibits

Kyphon shall provide DOT with its demonstrative exhibits for the infringement trial by June 17, 2005. DOT shall provide Kyphon with its rebuttal demonstrative exhibits 48 hours before it commences its infringement defense. DOT shall provide Kyphon with its demonstrative exhibits three days before opening statements for the validity trial. Kyphon shall provide DOT with its rebuttal demonstrative exhibits 48 hours before it commences its invalidity defense. Demonstrative exhibits do not include materials that merely present a portion of an exhibit on either of the parties' exhibit lists, or mere enlargements thereof.

### D. Order of Proof

Kyphon will present its witnesses first on the issue of infringement. DOT will then answer on infringement, and Kyphon will be allowed a brief rebuttal. The Court has directed that the jury will then deliberate and render an infringement verdict. Immediately following, DOT will present its witnesses on the issue of validity to the same jury, and Kyphon will then answer DOT's invalidity case. DOT will be allowed a brief rebuttal, and then the jury will deliberate. After rulings on whatever post-trial motions are occasioned by the liability verdicts, the Court will schedule a trial on damages and willfulness, as necessary. Both parties are prepared to be flexible to avoid inconvenience to witnesses.

If the Court substantially affirms the Special Master's determinations, Kyphon respectfully renews its request to conduct the infringement and validity trials together, without an intervening deliberation regarding the issue of infringement. Under the Special Master's rulings, DOT has been found to infringe the asserted claims of the '888 and '404 patents, and a validity trial regarding those patents would need to be conducted. Therefore, if the Special Master's rulings are substantively affirmed, the potential of avoiding a trial on validity issues would not exist by bifurcating infringement and validity.[2]

DOT requests that the Court not alter its ruling as to the phasing of trial. In all events, there will be an infringement trial on the '043 patent, and there is no relevance to the jury hearing about infringement of the separate '888 and '404 patents (were the Court to affirm the Special Master's decision). The jury has no need to know about infringement issues relating to the '888 and '404 patents, particularly since they will not even know that there will be an invalidity trial on those patents until they have deliberated on alleged infringement of the '043 patent. Instead, under the Court's current phasing, they will focus their attention on the '043 patent, and not be distracted or prejudiced by issues of infringement of the '888 and '404 patents. Moreover, it would serve only to prejudice the jury if they were told about infringement of the '888 and '404 patents at any time (were the Court to affirm the Special Master's decision). DOT contends there would be no confusion if the jury were told in phase 2 to focus only on validity issues.

---

[2] Kyphon notes that DOT's discussion on this point fails to adequately address the confusion the jury would experience when being asked to assess the validity of three patents, after assessing the infringement issue for only one patent.

12

### E. Jury Notebooks/ Handwritten Notes

The parties shall be allowed to provide, for consideration during the deliberation process, a jury notebook to each of the jurors, which shall contain actual evidence admitted during trial. The jurors shall be permitted to take handwritten notes during the presentations of the parties. The jury will be permitted to bring these notebooks and handwritten notes into the deliberation room.

### F. Use of Verdict Forms

DOT's proposed verdict is attached as Appendix 8. Kyphon wishes to meet and confer regarding the verdict form, and will present a revised proposed form when either agreement has been reached, or agreement cannot be reached.[3]

### G. Jury Instructions

DOT's proposed preliminary and final jury instructions are attached as Appendices 9 and 9.1 Kyphon's proposed preliminary and final jury instructions were previously submitted to the Court with the proposed pretrial order filed May 12, 2005. The parties will continue efforts to work with each other to minimize the disputed issues prior to presenting a final set of proposed jury instructions to the Court. The instructions will be modified as appropriate depending upon the Court's rulings regarding the pending objections to the Special Master's determinations regarding claim construction and the parties' summary judgment motions.

Kyphon also respectfully requests that, if the Court affirms the Special Master's determinations regarding DOT's infringement of the asserted claims of the '404 and '888 patents, that the jury be advised of the Court's summary judgment determinations. Without such an instruction regarding the '404 and '888 patents, the jury would be left to

wonder why it was addressing infringement of just one patent, yet is being directed to address validity issues for two other patents. The risk of juror confusion, or perhaps worse, unfounded speculation, would exist whether the jury addressed the infringement and validity issues together, or whether it first addressed '043 infringement issues and then addressed the validity issues. Kyphon also believes it would, in effect, be penalized for choosing to present persuasive, undisputed, evidence of infringement to the Court. In other words, an instruction from the Court – rather than mere silence – would be an appropriate substitute for the strong evidence that Kyphon could have otherwise been presented to the jury. Kyphon is prepared to address this issue in greater detail, and as appropriate, upon issuance of the Court's final decisions regarding the Special Master's summary judgment determinations.

DOT requests that the jury not be instructed as to infringement of the '888 and '404 patents (were the Court to affirm the Special Master's decision). In all events, there will be an infringement trial on the '043 patent, and there would be no relevance to the jury hearing about infringement of the separate '888 and '404 patents. The jury has no need to know about infringement issues relating to the '888 and '404 patents, particularly since they will not even know that there will be an invalidity trial on those patents until they have deliberated on alleged infringement of the '043 patent. Instead, under the Court's current phasing, they will focus their attention on the '043 patent, and not be distracted or prejudiced by issues of infringement of the '888 and '404 patents. Moreover, it would serve only to prejudice the jury if they were told about infringement of the '888 and '404 patents (were the Court to affirm the Special Master's decision).

---

[3] Kyphon previously submitted its proposed verdict form as an attachment to the proposed pretrial order filed May 12, 2005.

### H. Voir Dire

Kyphon's proposed questions for voir dire are attached as Appendix 10.

DOT requests that the Court use the juror questionnaire filed jointly by the parties on May 11, 2005, in lieu of voir dire questions. In the event the Court does not wish to use the questionnaire, DOT requests that questions 1-8, 11-13, 18-21, 25-26, 30-49 of the proposed questionnaire be posed to the jury as voir dire. A copy of the joint questionnaire is attached as Appendix 12. DOT believes that Kyphon's proposed voir dire questions are not sufficiently comprehensive.

### I. Transition Statements

As an aid to the jury, the parties will be permitted to offer brief transition statements to introduce witnesses and identify the issues on which each witness is expected to testify. With the exception of closing arguments, neither party will be allowed at any time to argue or comment on the evidence.

### J. Handling of Confidential Information at Trial

The parties request that trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown as required under the governing law in the Third Circuit, the courtroom will be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this corporate representative before trial.

Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial.

Prior to that time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the envelopes and labels necessary for any materials placed under seal.

### K.     Exclusion of Witnesses

The parties request pursuant to Fed. R. Evid. 615 that the Court prevent fact witnesses from hearing the testimony of other witnesses. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

### L.     The Following Issues and Motions are Pending Before the Court

The Special Master's decisions on the following issues are pending before the Court:

1. Claim construction
2. Kyphon's motion for summary judgment of infringement of the 4,969,888; 5,108,404; 6,241,734 B1 and 6,613,054 B2 patents.
3. DOT's motion for summary judgment of noninfringement of the 4,969,888; 5,108,404 and 6,235,043 patents.
4. DOT's motion for summary judgment of invalidity of the 4,969,888 and 5,108,404 patents

The resolution of these motions may impact the instructions to be provided to the jury. The parties will meet and confer regarding such instructions following rulings on these motions.

  **M.** **Set-up of Electronic and Computer Devices**

The parties request that the Court grant access to the Courtroom on the day preceding trial—June 17, 2005—-for the purposes of setting up electronic and computer devices.

## XIV. JURORS

The jury will consist of eight (8) jurors, all of whom shall deliberate if still able to do so by the time of deliberations, provided that there shall be a minimum of six (6) jurors who deliberate and render a verdict.

## XV. PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| */s/ Thomas L. Halkowski* | */s/ Maryellen Noreika* |
| Thomas L. Halkowski (#4099) | Maryellen Noreika (#3208) |
| Fish & Richardson P.C. | Morris Nichols Arsht & Tunnell |
| 919 N. Market Street, Suite 1100 | Chase Manhattan Centre |
| P.O. Box 1114 | 1201 North Market Street, Suite 2100 |
| Wilmington, DE 19899-1114 | P.O. Box 1347 |
| Tel: (302) 652-5070 | Wilmington, DE 19899-1347 |
| Fax: (302) 652-0607 | Tel: (302) 658-9200 |
|  | Fax: (302) 425-3011 |
| Frank E. Scherkenbach |  |
| Michael R. Hamlin | Eric J. Lobenfeld |
| 225 Franklin Street | Jonathan M. Sobel |
| Boston, MA 02110-2804 | Robert J. DeMento |
| Tel: (617) 542-5070 | Arlene L. Chow |
| Fax: (617) 542-8906 | Hogan & Hartson, L.L.P. |
|  | 875 Third Avenue |
| David J. Miclean | New York, NY 10022 |
| Karen I. Boyd | Tel: (212) 918-3000 |
| Limin Zheng | Fax: (212) 918-3100 |
| 500 Arguello Street, Suite 500 |  |
| Redwood City, CA 94063 |  |
| Tel: (650) 839-5070 |  |
| Fax: (650) 839-5071 |  |
|  |  |
| Rama G. Elluru (admitted only in Texas and Virginia) |  |
| 1425 K Street, N.W. |  |
| Washington, DC 20005 |  |
| Tel: (202) 783-5070 |  |
| Fax: (202) 783-2331 |  |

**IT IS SO ORDERED** this ___ day of June, 2005.

_____
UNITED STATES DISTRICT COURT JUDGE

6-10-05 pretrial order--final .doc