# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

June 10, 2005



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA ECF**
The Honorable Joseph J. Farnan, Jr.
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   Kyphon Inc. v. Disc-O-Tech Medical Technologies, et al.
      USDC-D. Del. - C.A. 04-204-JJF

Dear Judge Farnan:

Kyphon and DOT have submitted a joint Pre-trial Order today, including revised exhibit and witness lists, as you instructed during the pre-trial conference on May 12, 2005.

Kyphon had sent a letter to the Court on June 7, 2005 asking for guidance about the witness and exhibit lists. Since Kyphon sent that letter, it has continued to shrink both its witness list and exhibit list. We have deleted one live witness (Dr. Loguidice) and one deposition witness (Mr. Barak). We have also further reduced our exhibit list from 166 exhibits to 131. Setting aside the documents related only to the separate trial on damages and willfulness, the list of exhibits to be used in the upcoming trial is certainly under 100 exhibits - as the Court instructed.

However, in an effort to eliminate as much evidence as possible regarding the extensive success and praise enjoyed by Kyphon's pioneering invention, DOT's letter of today complains about "compilation" exhibits. With regard to the exhibit singled out by DOT concerning news articles praising Kyphon's invention, Kyphon chose to gather together a representative set of materials, in an effort to efficiently present this widespread evidence to the jury. Moreover, a review of the 14 other exhibits cited by DOT shows that 11 of them are either not at issue, were actually gathered together by DOT itself, or are simply copies of exhibits as used in deposition.[1] As for the few remaining exhibits, Kyphon simply disagrees with DOT's complaints, because the

---

[1] Two exhibits are CDs with related materials that **DOT chose** to gather and then label with one bates-number (PTX 36 and PTX 72); one is simply a copy of **DOT's own** training manual that consists of Powerpoint presentations covering a few subjects (PTX 144 ); four exhibits are simply exact copies of exhibits used in deposition (PTX 44, 80, 92 and 161); and four exhibits have been removed from Kyphon's list (PTX 37, 133, 150 and 155).

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
June 10, 2005
Page 2

materials, as organized, are well-suited for an efficient presentation of evidence.[2] Thus, DOT's exaggerated complaints are without merit.

Therefore, for the reasons Kyphon noted in its letter of June 7, 2005 seeking the Court's guidance, Kyphon respectfully requests that the Kyphon witness and exhibit lists submitted as part of the proposed pretrial order be accepted by the Court in their current form. Counsel remains available for a phone or in-person conference on these matters, should the Court desire.

Respectfully submitted,

*Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc    Maryellen Noreika – Morris Nichols
      Jonathan M. Sobel – Hogan & Hartson

21104853 fes last edits.doc

---

[2] This includes a group of similar versions of DOT's own brochures (PTX 8); two related presentations by DOT's expert (PTX 129); and a set of handwritten notes on consecutive pages, as produced in this litigation (PTX 124).