June 15, 2005

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

      Re:    Kyphon, Inc. v. Disc-O-Tech Medical Technologies, Ltd., *et al.*,
             C.A. No. 04-0204 (JJF)

Dear Judge Farnan:

      I write on behalf of the Disc-O-Tech defendants ("DOT") regarding bifurcation of the infringement and validity issues at trial. In the Pretrial Order (D.I. 247), Kyphon requested that the Court reconsider its decision to bifurcate the issues of infringement and validity. While DOT initially objected to Kyphon's request, upon reflection, DOT has realized that if the Court were to adopt the Special Master's findings of claim construction and infringement, it would be more efficient and easier for jury to understand the issues if the three remaining patents were addressed together in one proceeding, rather than piecemeal in two. Thus, to the extent that the Special Master's findings were to be upheld, DOT withdraws its objections to Kyphon's request.

      There are currently three patents remaining in this case – U.S. Patent Nos. 4,969,888 ("the '888 patent"), 5,108,404 ("the '404 patent") and 6,235,043 ("the '043 patent").[1] The Special Master has granted summary judgment of infringement with respect to the '888 and '404 patents. Thus, if the Special Master's findings on claim construction and summary judgment were to stand, only infringement of the '043 patent would be tried in the first phase, while validity of all three remaining patents would be tried in the later phase. The three patents, however, are related, involve similar technology and terms and have the same inventors. Thus, the presentation of evidence would be more efficient and easier for the jury to understand if all of the patents are addressed together.[2]

---

[1]     At the time of the pretrial conference, five patents were being asserted against defendants. Two of the patents have now been removed from the case (D.I. 220).

[2]     DOT maintains its objection to Kyphon's request to inform the jury of the findings of infringement with respect to the '404 and '888 patents. As explained in the Pretrial

**(cont'd)**

The Honorable Joseph J. Farnan, Jr.
June 15, 2005
Page 2

      Additionally, if the Court does not overturn the Special Master's findings on claim construction and summary judgment, bifurcation would not avoid the need for a separate trial on validity issues because two of the patents have already been found to be infringed under the current claim construction.  Should the Court overturn the Special Master's findings on infringement, such that infringement of all three of the remaining patents would be addressed by the jury, the efficiencies discussed here would no longer be applicable and bifurcation of infringement and validity would be appropriate.

      Respectfully,

      */s/ Maryellen Noreika*
      Maryellen Noreika (#3208)

MN/bls

cc:   Peter T. Dalleo, Clerk (By Hand)
      Thomas L. Halkowksi, Esquire (By Hand)

---

**(cont'd)**
    Order, the jury can be instructed that it does not have to address infringement of those patents without being informed of the infringement determination.