M<small>ORRIS</small>, N<small>ICHOLS</small>, A<small>RSHT</small> & T<small>UNNELL</small>

1201 N<small>ORTH</small> M<small>ARKET</small> S<small>TREET</small>
P.O. B<small>OX</small> 1347
W<small>ILMINGTON</small>, D<small>ELAWARE</small>  19899-1347

302 658 9200
302 658 3989 F<small>AX</small>

M<small>ARYELLEN</small> N<small>OREIKA</small>
*302-575-7278*
*mnoreika@mnat.com*

**June 17, 2005**

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

      Re:    Kyphon, Inc. v. Disc-O-Tech Medical Technologies, Ltd., *et al.*,
              C.A. No. 04-0204 (JJF)

Dear Judge Farnan:

      I write on behalf of the Disc-O-Tech defendants ("DOT") to respond to Kyphon's letter regarding the availability of Dr. Halliday, who Kyphon proposes to have testify regarding secondary considerations of non-obviousness. DOT has moved in limine to preclude Dr. Halliday's testimony. Should the Court grant that motion, the issue of Dr. Halliday's availability is moot.

      If, however, Dr. Halliday is permitted to testify, DOT cannot agree to her testifying prior to the conclusion of the testimony DOT's witnesses on validity. As the Court noted during the June 16 conference, the trial on validity issues is likely to commence on Thursday. During that phase of the trial, DOT bears the burden of proving invalidity of numerous claims of three patents. Dr. Halliday's proposed testimony on secondary considerations is entirely rebuttal. To allow Kyphon to present rebuttal testimony (particularly testimony presumably extolling the benefits of Kyphon's products) before DOT has been able to put on its case would be prejudicial to DOT and confusing to the jury.

The Honorable Joseph J. Farnan, Jr.
**June 17, 2005**
**Page 2**

       Thus, to the extent that the progress of the trials allows DOT to put on its validity case before Dr. Halliday has to leave, DOT is willing to try to accommodate her schedule. To the extent that is not possible, Dr. Halliday's scheduling issues should not be permitted to trump DOT's right to present its case. This is particularly so, given that Kyphon's expert will also testify as to secondary considerations – rendering Dr. Halliday's testimony largely cumulative.

                                                             Respectfully,

                                                    */s/ Maryellen Noreika*
                                                    Maryellen Noreika (#3208)

MN/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
        Thomas L. Halkowksi, Esquire (By Hand)