IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KYPHON INC.,

            Plaintiff,

      v.

DISC-O-TECH MEDICAL TECHNOLOGIES
LTD., and DISC ORTHOPAEDIC
TECHNOLOGIES, INC.,

            Defendants.

C.A.  No. 04-204-JJF

---

## JOINT [PROPOSED] FINAL JURY INSTRUCTIONS: VALIDITY PHASE

FISH & RICHARDSON P.C.
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Tel: (617) 542-8906

Karen I. Boyd
Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
(650) 839-5071

Rama G. Elluru
1425 K. Street, N.W.
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Plaintiff
KYPHON INCORPORATED


DATED: June 18, 2005

MORRIS NICHOLS ARSHT & TUNNELL
Maryellen Noreika
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 575-7278
Fax: (302) 658-3989

HOGAN & HARTSON, LLP
Eric Lobenfeld
Jonathan M. Sobel
Robert DeMento
Arlene Chow
875 Third Avenue
New York, NY 10022
Tel:  (212) 918-3000
Fax: (212) 918-3100

Attorneys for Defendants
DISC-O-TECH MEDICAL
TECHNOLOGIES, LTD and DISC
ORTHOPAEDIC TECHNOLOIGES, INC.

1.    **GENERAL INSTRUCTIONS**

## 1.1     INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

As I did in the infringement phase, I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 1.2    JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide under the appropriate burden of proof, which party should prevail on any given issue.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**1.3     BURDEN OF PROOF**

DOT contends that Kyphon's patents are invalid.  The patents, however, are presumed to be valid.  Accordingly, DOT has to prove that the patents are invalid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Finally, keep in mind that "proof beyond a reasonable doubt" does not play any part in this case and you should, therefore, not consider it at all in your deliberations.

### 1.4    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And, sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**1.5     CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### 1.5.1   USE OF NOTES

You may use notes taken during trial to assist your memory.  As I instructed earlier however, you should use caution in consulting your notes.  There is always a tendency to attach undue importance to matters that you have written down.  Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

**1.6     DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**1.7     CREDIBILITY OF WITNESSES**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

**1.8    NUMBER OF WITNESSES**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

**1.9    EXPERT WITNESSES**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

**1.10   DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a deposition transcript or the playing of video tape excerpts from a deposition. This testimony is entitled to the same consideration you would give it had the witnesses personally appeared in court.

## 1.11    DEMONSTRATIVE EXHIBITS

During the course of the trial, you have seen many exhibits.  Many of these exhibits were admitted as evidence. You will have these admitted exhibits in the jury room for your deliberations.  The remainder of the exhibits (including charts and animations) were offered to help illustrate the testimony of the various witnesses. These illustrative exhibits, called "demonstrative exhibits," have not been admitted, are not evidence, and should not be considered as evidence.  Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in this case.

2.     **THE PARTIES AND THEIR CONTENTIONS**

## 2.1    THE PARTIES

The plaintiff in this case is Kyphon Inc.  The defendants are Disc-O-Tech Medical Technologies Ltd. and Disc Orthopaedic Technologies, Inc.  I will refer to plaintiff as "Kyphon" and to defendants as "DOT."

## 2.2    DOT'S CONTENTIONS

DOT contends that the following Kyphon patent claims are invalid as anticipated and/or obvious in light of the prior art:  Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; and Claims 17, 20, 24, and 26 of U.S. Patent No. 6,235,043.

## 2.3    KYPHON'S CONTENTIONS

Kyphon contends that the asserted claims are not invalid as either anticipated or obvious in light of the prior art.

3.    **CLAIMS**

Before you can decide whether or not any of Kyphon's patent claims are invalid, you will have to understand the patent "claims."  Patent claims are the numbered paragraphs at the end of a patent.  The patent claims here are Claims 1, 3, 7-9, 11, and 14 of U.S. Patent No. 4,969,888; Claims 1, 3, 8-10, 12, and 15 of U.S. Patent No. 5,108,404; and Claims 17, 20, 24, and 26 of U.S. Patent No. 6,235,043.

Patent claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent.

Claims are typically divided into parts called "elements."  For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop.  The tabletop, legs and glue are each a separate element of the claim.

It may be helpful to refer to the copy of the patents-in-suit that you have been given as I discuss the claims at issue here.  The claims of the '404 patent are toward the end, starting in column 9.  The claims of the '888 patent are toward the end, starting in column 9.  The claims of the '043 patent are toward the end, starting in column 14.

### 3.1    CONSTRUCTION OF CLAIMS

It is the Court's duty under the law to define what the patent claims mean.  I have made my determination and I will now instruct you on the meaning of each claim.  You must apply the meaning that I give in each patent claim to decide if such claim is valid.  You must ignore any different interpretations given to these terms by the witnesses or the attorneys.

| '888 and '404 Patent Claim 1 | Claim Construction |
| --- | --- |
| | |
| bone marrow | a combination of the connective tissue and the cancellous bone framework inside a bone |
| forming a passage in the bone marrow | forming a channel in the bone marrow |
| compacting the bone marrow to increase the volume of said passage | compacting the bone marrow to increase the volume of the created channel |
| flowable material capable of setting to a hardened condition | filling the created channel with a material that is capable of flowing into the channel and of setting to a hardened condition |

| '888 and '404 Patent Claim 3 | Claim Construction |
| --- | --- |
| | |
| forcing the [osteoporotic] bone marrow outwardly of the central portion of the bone. | compacting the bone marrow so as to force it outwardly from the central portion of the bone |

| '888 Patent Claim 7/ '404 Patent Claim 8 | Claim Construction |
| --- | --- |
| | |
| drilling said [osteoporotic] bone marrow to form said passage | using a drill to form a channel into and through the bone marrow |

| '043 Patent Claim 2 | Claim Construction |
|---|---|
| | |
| a body adapted to be inserted into bone and undergo expansion | a body adapted so as to be capable of insertion into bone and of expansion in cancellous bone |
| includes an internal restraint coupled to an interior of the body to constrain the expansion | includes an internal restraint coupled to the interior of the body, that constrains the expansion of the body in cancellous bone |
| causing constrained expansion of the body | causing constrained expansion of the body |
| compacting cancellous bone by the constrained expansion | compacting cancellous bone by the body's constrained expansion |

| '043 Patent Claim 17 | Claim Construction |
|---|---|
| | |
| a body adapted to be inserted into bone and undergo expansion | a body adapted so as to be capable of insertion into bone and of expansion in cancellous bone |
| causing constrained expansion of the body | causing constrained expansion of the body |
| compacting cancellous bone by the constrained expansion | compacting cancellous bone by the body's constrained expansion |

Except where the Court has directed otherwise, all other claim language should be interpreted in accordance with its ordinary and accustomed meaning.

## 3.2     DEPENDENT AND INDEPENDENT CLAIMS

There are two types of patent claims: independent claims and dependent claims.  An independent claim does not refer to any other claim of the patent.  In simple terms, an independent claim stands on its own two feet.  Claim 1 of the '404 patent, for example, is an independent claim.

A dependent claim refers to at least one other claim in the patent.  A dependent claim includes all of the elements in the claims to which it refers.  Therefore, to determine what a dependent claim covers, you must look at both the dependent claim and the claim or claims to which it refers.  For example, claim 3 of the '404 patent is a dependent claim.  It refers to claim 1.  Therefore claim 3 includes all of the elements of claim 1, plus the additional element of claim 3.

If in your analysis, you find an independent claim to be invalid, you must separately assess the validity of the dependent claims that depend from it.  If, however, you find a dependent claim to be invalid, the broader claim or claims from which it depends will also be invalid.

**4.     VALIDITY**

## 4.1     PRESUMPTION OF VALIDITY

The granting of a patent by the Patent Office carries with it the presumption that the patent is valid.  From issuance of the patent, it is presumed that its subject matter is new and useful, and constitutes an advance which was not, at the time the invention was made, obvious to one of ordinary skill in the art.  The law presumes, in the absence of clear and convincing evidence to the contrary, that the Patent Office acted correctly in issuing the patent.

This presumption of validity puts the burden of proving invalidity on DOT.  While this presumption can be rebutted, the burden is on DOT to do so.  This burden requires that DOT prove by clear and convincing evidence that in this case, each of the asserted claim is invalid.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of the factual contention is highly probable.  Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

Each of the asserted claims is presumed valid independently of the validity of each other claim.

**4.2    ANTICIPATION [Kyphon's]**

DOT contends that the asserted claim of the patents-in-suit are anticipated by the prior art.  Prior art is the legal term used to describe what others had done in the field before the invention was made and may include things such as articles, books, and other patents.  It is not necessary that the prior art has been available to every member of the public.  It must have been available, without restriction, to that segment of the public most likely to avail itself of the prior art's contents.

An invention that is "anticipated" by the prior art is not entitled to patent protection.  In order to prove that an invention is "anticipated," DOT must prove by clear and convincing evidence that a single piece of prior art describes or discloses all of the elements of the claimed invention.

There cannot be an accidental or unrecognized anticipation.  A prior duplication of the claimed invention that was accidental, or unrecognized, unappreciated and incidental to some other purposes, is not an invalidating anticipation.

**DOT's Objection to Kyphon's Instruction 4.2**

Kyphon's proposed instruction is unclear and omits relevant law with respect to "inherency" and the proposed "accidental or unrecognized anticipation" addition is confusing.  DOT's proposed instruction tracks the proposed District of Delaware Uniform Jury Instructions for Patent Cases, dated June 2003, No. 4.5 and includes the relevant law.

25

**4.2     ANTICIPATION [DOT's][1]**

DOT contends that the invention covered by the patents-in-suit are invalid because they are not new.  DOT contends that the asserted claim of the patents-in-suit are anticipated by the prior art.  Prior art is the legal term used to describe what others had done in the field before the invention was made and may include things such as articles, books, and other patents.  It is not necessary that the prior art has been available to every member of the public.  It must have been available, without restriction, to that segment of the public most likely to avail itself of the prior art's contents.

An invention that is "anticipated" by the prior art is not entitled to patent protection.  In order to prove that an invention is "anticipated," DOT must prove by clear and convincing evidence that a single piece of prior art describes or discloses all of the elements of the claimed invention.

In deciding whether a single item of prior art anticipates a patent claim, you should consider not only what is expressly disclosed or embodied in the particular item of prior art but also what is inherently present.  Something is inherent in an item of prior art if it is necessarily present in the thing described in the prior art reference and it would be recognized by persons of ordinary skill in the art.  A gap in the prior art reference may be filled by referring to other evidence that describes the missing descriptive matter that is necessarily present in the reference, and to show that the

---

[1]Except as otherwise noted, modeled on the proposed D. Del. Uniform Jury Instructions for Patent Cases, dated June 2003, No. 4.5.

missing matter would be so recognized by persons of ordinary skill in the art.[2]

**Kyphon's Objection to DOT's Instruction 4.2**

Kyphon's proposed instruction tracks DOT's instruction as proposed on June 10, 2005, except that it deletes the paragraph on inherency, which has never been argued by DOT.

---

[2]This paragraph is modeled on instruction given on pages 41-42 of this Court's Charge to the Jury on October 0f 2004 in St. Clair Intellectual Property Consultants, Inc. V. Canon, Inc., Canon U.S.A. Inc., C.A. No. 03-241 JJF.

### 4.2.1          PRINTED PUBLICATION

DOT contends that the asserted claims of the patents were anticipated because the invention defined in those claims was described in a prior publication, such as an article, book or another patent.  A patent claim may be anticipated and invalid if the entire invention defined by that claim was described in a printed publication either: (i) before Kyphon made its invention; or (ii) more than one year before the effective filing date of Kyphon's patent application.  The date of invention is the effective filing date of the patents-in-suit, where the patentee does not show corroborating evidence showing earlier invention at a specific date prior to filing.

For a printed publication to anticipate a claim of a patent, DOT must show that the printed publication, when read by a person of ordinary skill in the art, expressly or inherently embodies or discloses each element of Kyphon's claim.  The disclosure must be complete enough to enable one of ordinary skill in the art to practice the invention, without undue experimentation.  In determining whether the disclosure is enabling, you should take into account what would have been within the knowledge of a person of ordinary skill in the art at the time, and you may consider expert testimony and other publications that shed light on the knowledge such a person would have had at that time.

### 4.3    OBVIOUSNESS

In order to be patentable, an invention must not have been obvious to a person of ordinary skill in the art at the time the invention was made.  The issue is not whether the claimed invention would be obvious to you as a layman, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made.

In determining obviousness or non-obviousness of the subject matter of each of the asserted claims, you should take the following steps:

1.    You should determine the scope and content of the prior art relied on by DOT;

2.    You should then identify the difference, if any, between each asserted claim of the patents-in-suit and the prior art; and

3.    You should determine the level of ordinary skill in the pertinent art at the time the inventions of the patents-in-suit were made.

Against this background, you will then decide whether the subject matter of each asserted claim would have been obvious or unobvious to a person of ordinary skill in the pertinent art.  You should also consider objective factors such as commercial success, long felt but unresolved need, failure of others to solve the problem, acquiescence in the patents by others, unexpected results, praise by others, copying by others, and whether the same or similar inventions were made independently by others prior to or at about the same time as the invention of the patent in suit.

**4.3.1    SCOPE AND CONTENT OF PRIOR ART [Kyphon's]**

As I just instructed you, in deciding whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art.  This means that you must determine what prior art is reasonably pertinent to the particular problem with which the inventor was faced. The prior art that DOT contends to render the patents-in-suit obvious in this case includes the following:

1.    United States patents that issued or have a filing date before the invention date (when asserted against the '888 and '404 patents), or the filing date (January 26, 1994) (when asserted against the '043 patent); and

2.    Other publications having a publication date before the invention date (when asserted against the '888 and '404 patents), or the filing date (January 26, 1994) (when asserted against the '043 patent).

**DOT's Objection to Kyphon's Instruction 4.3.1**

Kyphon's Instruction misrepresents DOT's contentions as to relevant prior art.  Moreover, Kyphon has no corroborating evidence of a pre-filing date of invention for its asserted patents; thus, the only relevant date is the effective filing date of the asserted patents.  See, e.g., Finnigen Corp. v. International Trade Comm'n, 180 F.3d 1354, 1367-1368 (Fed. Cir. 1999).  Moreover, Kyphon's instruction omits relevant law and is incomplete.  DOT's instruction cites to the effective filing dates of the patents, includes relevant law, and tracks the proposed District of Delaware Uniform Jury Instructions for Patent Cases, dated June 2003, No. 4.8.1.

30

### 4.3.1    SCOPE AND CONTENT OF PRIOR ART [DOT's][3]

As I just instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem the inventor faced. Prior art is reasonably pertinent if it is in the same field as the claimed invention or is from another field that a person of ordinary skill would look to in trying to solve the problem the named inventor was trying to solve. The prior art includes the following:

1.    prior patents that issued before the date of invention with respect to each patent;

2.    prior publications having a publication date before the date of invention with respect to each patent;

3.    U.S. Patents that have a filing date prior to the date of invention with respect to each patent.

In this case, the date of invention is presumed to be the effective filing date of the patent.[4] A patentee must corroborate any alleged pre-filing date of invention by contemporaneous documentary evidence showing earlier invention at a specific date

-------

[3]Except where otherwise noted, modeled on the D. Del. Uniform Jury Instructions for Patent Cases, dated March 1993, Instruction 4.8.1

[4]Echolochem, Inc. v. Southern Cal. Edison, Co., 227 F.3d 1361, 1371 (Fed. Cir. 2000); Bausch & Lomb, Inc. v. Barnes & Hind/Hydrocurve, Inc., 796 F.2d 44,449 (Fed. Cir. 1986)

prior to the effective filing date of the patents-in-suit.[5]  Accordingly, the presumed

dates of invention of the patents-in-suit are as follows:  February 9, 1989 for the '404

and '888 patents; January 26, 1994 for the '043 patent; Aug. 14, 1998 for the '734

and '054 patents.


**Kyphon's Objection to DOT's Instruction 4.3.1**

DOT's proposed instruction misstates the law of corroboration, and is

argumentative and misleading.

---

[5]See, e.g., <u>Finnigen v. International Trade Comm'n</u>, 180 F. 3d 1354, 1367-1368 (Fed. Cir. 1999); <u>see also</u> Donald S. Chisum, Chisum on Patents §3.08[3] (and cases cited therein).

### 4.3.2  DIFFERENCES OVER THE PRIOR ART

The next factor that you must consider is the differences, if any, between the prior art and the claimed invention.  Although it is proper for you to note any differences between the claimed invention and the prior art, it is improper to consider the invention as consisting of only those differences, because the test is whether the claimed invention as a whole would have been obvious after considering all of the prior art.  Each claim must be considered in its entirety.

### 4.3.3  LEVEL OF ORDINARY SKILL [Kyphon's]

Next, you are to determine the level of ordinary skill in the art to which the claimed inventions pertain at the time the claimed inventions were made.  A person of ordinary skill is not the inventor, but rather a hypothetical person who is presumed to be aware of all the prior art at the time of the invention.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventors, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions to the problems encountered by the inventors, the sophistication of the technology and the education of others working in the field.

### DOT's Objection to Kyphon's Instruction 4.3.3:

Kyphon's instruction is inaccurate.  Kyphon's instruction gives the implication that the inventor cannot be a person of ordinary skill in the art.  DOT's proposed Instruction tracks the proposed District of Delaware Uniform Jury Instructions for Patent Cases, dated June 2003, No. 4.8.3. and the 1993 District of Delaware Instruction, No. 4.8.3.

### 4.3.3   LEVEL OF ORDINARY SKILL [DOT's][6]

Next, you are to determine the level of ordinary skill in the art to which the claimed invention pertains at the time the claimed invention was made.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventor, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions to the problems encountered by the inventor, the sophistication of the technology, and the education of others working in the field.

**Kyphon's Objection to DOT's Instruction 4.3.3:**

DOT's proposed construction does not include the concept that a person of ordinary skill is a hypothetical, not a real, person.

---

[6]Modeled on the proposed D. Del. Uniform Jury Instructions for Patent Cases, dated June 2003, No. 4.8.3 and 1993 District of Delaware Instruction, No. 4.8.3.

### 4.3.4   OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS

In making your decision as to the obviousness or non-obviousness of the claimed invention, you must consider the following objective evidence that may tend to show the non-obviousness of the claims at issue:

1)   commercial success or lack of commercial success of products covered by the patents in suit;

2)   a long-felt need in the art that was satisfied by the invention of the patent-in-suit;

3)   the failure of others to make the invention;

4)   copying of the invention by others in the field;

5)   unexpected results achieved by the invention;

6)   praise of the invention by the infringer or others in the field;

7)   expressions of disbelief or skepticism by those skilled in the art upon learning of the invention;

8)   the inventor proceeded in a direction contrary to the accepted wisdom of those skilled in the art; and

9)   the taking of licenses under the patent by others.

However, there must be a connection between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue.  For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those claimed in the patent-in-suit, then any commercial success may have no relation to the issue of obviousness.

37

### 4.3.5    MOTIVATION TO COMBINE [Kyphon's]

Once the prior art is assembled and considered, you should determine whether the prior art, considered as a whole, suggests the claimed invention.  Prior art references may be combined to show obviousness if there is some motivation or suggestion to combine the references and if the combination would be reasonably likely to achieve the goal of the invention.  The suggestion or motivation to combine and the expectation of success must be found in: the prior art itself, the knowledge of persons of ordinary skill in the art at the time the invention was made, or, in some cases, the nature of the problem to be solved.

**DOT's Objection to Kyphon's Instruction 4.3.5:**

Kyphon's proposed instruction is inaccurate in stating that obviousness is based on whether the combined prior art references "suggest the claimed invention" or are "reasonably likely to achieve the goal of the invention."  Where there is a suggestion or motivation to combine references, obviousness exists where the combined references discloses the claimed invention.  See Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc., 75 F.3d 1568, 1573 (Fed. Cir. 1996).

### 4.3.5    MOTIVATION TO COMBINE [DOT's]

Once the prior art is assembled and considered, you should determine whether the prior art, considered as a whole, discloses the claimed invention.  Prior art references may be combined to show obviousness if there is some motivation or suggestion to combine the references and if the combination would disclose the claimed invention.  The suggestion or motivation to combine and the expectation of success must be found in: the prior art itself, the knowledge of persons of ordinary skill in the art at the time the invention was made, or, in some cases, the nature of the problem to be solved.  See Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc., 75 F.3d 1568, 1573 (Fed. Cir. 1996).

**Kyphon's Objection to DOT's Instruction 4.3.5:**

DOT's instruction misstates the law.  Federal Circuit cases make it clear that a reasonable expectation of success is required for an obviousness finding.  *Velander v. Garner*, 348 F.3d 1359, 1363 (Fed. Cir. 2003); *In re Vaeck*, 947 F.2d 488, 493 (Fed. Cir. 1991); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1124 (Fed. Cir. 2000); *In re Dow Chem.*, 837 F.2d 469, 473 (Fed. Cir. 1988).

### 4.3.6   OBVIOUSNESS - HINDSIGHT

The question of non-obviousness is simple to ask, but difficult to answer.  A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the patentee's invention.  If you find the available prior art shows each of the elements of the patent claims at issue, you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the claims in suit.  The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the patents-in-suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.

### 4.3.7   OBVIOUS TO TRY

The evidence might indicate to you that what the inventors did was obvious to try. If so, this does not indicate the patent is invalid for obviousness.  "Obvious to try" is not the standard, rather it is whether the invention as a whole would have been obvious to those of ordinary skill in the inventor's field at the time he or she made his invention.

5.    **DELIBERATION AND VERDICT**

## 5.1   INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  That should stay secret until you are finished.

**5.2   UNANIMOUS VERDICT**

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you become convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached an unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is

the sole and exclusive duty and responsibility of the jury.

### 5.3    DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that — your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

## 5.4   COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

2005-06-17 NEW Validity Instructions with CC BoP and dependent

FISH & RICHARDSON P.C.

/s/ *Thomas L. Halkowski*

_____

Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Tel: (617) 542-8906

Karen I. Boyd
Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
(650) 839-5071

Rama G. Elluru
1425 K. Street, N.W.
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331


Attorneys for Plaintiff
KYPHON INCORPORATED

MORRIS NICHOLS ARSHT &
TUNNELL

/s/ *Maryellen Noreika*

_____

Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 575-7278
Fax: (302) 658-3989

HOGAN & HARTSON, LLP
Jonathan M. Sobel
Robert DeMento
Eric Lobenfeld
Arlene Chow
875 Third Avenue
New York, NY 10022
Tel:  (212) 918-3000
Fax: (212) 918-3100

Attorneys for Defendants

DISC-O-TECH MEDICAL
TECHNOLOGIES, LTD and DISC
ORTHOPAEDIC TECHNOLOGIES,
INC.

Page

1.  **GENERAL INSTRUCTIONS**...................................................  2

    1.1  INTRODUCTION..........................................................  3

    1.2  JURORS' DUTIES.........................................................  4

    1.3  BURDEN OF PROOF.....................................................  5

    1.4  EVIDENCE DEFINED...................................................  6

    1.5  CONSIDERATION OF EVIDENCE...............................  7

        1.5.1     USE OF NOTES.........................................  8

    1.6  DIRECT AND CIRCUMSTANTIAL EVIDENCE...........  9

    1.7  CREDIBILITY OF WITNESSES....................................10

    1.8  NUMBER OF WITNESSES.......................................... 11

    1.9  EXPERT WITNESSES................................................. 12

    1.10  DEPOSITION TESTIMONY......................................... 13

    1.11  DEMONSTRATIVE EXHIBITS.................................... 14

2.  **THE PARTIES AND THEIR CONTENTIONS**...................... 15

    2.1  THE PARTIES...............................................................16

    2.2  DOT'S CONTENTIONS................................................ 17

    2.3  KYPON'S CONTENTIONS........................................... 18

3.  **CLAIMS**................................................................................19

    3.1  CONSTRUCITON OF CLAIMS.....................................20

    3.2  DEPENDENT AND INDEPENDENT CLAIMS..............22

i

**4.**    **VALIDITY**................................................................23

    4.1    PRESUMPTION OF VALIDITY....................................24

    4.2    ANTICIPATION[Kyphon's].............................................25

        DOT's Objection to Kyphon's Instruction 4.2.................25

    4.2    ANTICIPATION [DOT's]..................................................26

        Kyphon's Objection to DOT's Instruction 4.2.................27

        4.2.1    PRINTED PUBLICATION...................................28

    4.3    OBVIOUSNESS...............................................................29

        4.3.1    SCOPE AND CONTENT OF PRIOR ART
                [Kyphon's]................................................................30

        DOT's Objection to Kyphon's Instruction 4.3.................30

        4.3.1    CONTENT OF PRIOR ART [DOT's]..................31

            Kyphon's Objection to DOT's Instruction 4.3.1....32

        4.3.2    DIFFERENCES OVER THE PRIOR ART...........33

        4.3.3.    LEVEL OF ORDINARY SKILL [Kyphon's].......34

            DOT's Objection to Kyphon's Instruction 4.3.3....34

        4.3.3    LEVEL OF ORDINARY SKILL [DOT's]............35

            Kyphon's Objection to DOT's Instruction 4.3.3....35

        4.3.4    OBJECTIVE CRITERIA CONCERNING
                OBVIOUSNESS......................................................36

        4.3.5    MOTIVATION TO COMBINE [Kyphon's].........37

            DOT's Objection to Kyphon's Instruction 4.3.5....37

        4.3.5    MOTIVATION TO COMBINE [DOT's].............38

            Kyphon's Objection to DOT's Instruction 4.3.5....38

4.3.6    OBVIOUSNESS -HINDSIGHT........................39

4.3.7    OBVIOUS TO TRY...........................................40

**5.    DELIBERATION AND VERDICT**........................................41

5.1    INTRODUCTION............................................................42

5.2    UNANIMOUS VERDICT...............................................43

5.3    DUTY TO DELIBERATE................................................45

5.4    COURT HAS NO OPINION...........................................46