**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

KYPHON INC.,

        Plaintiff,

    v.

DISC-O-TECH MEDICAL
TECHNOLOGIES LTD., and DISC
ORTHOPAEDIC TECHNOLOGIES,
INC.,

        Defendants.

C.A.  No. 04-204-JJF

---

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS FOR THE**

**VALIDITY CASE**

---

       Members of the jury:

       Now that we are in the validity phase of the trial, I have the following preliminary

instructions for guidance on your role as jurors in this phase of the case.

1.      **The Parties**

   As you know by now, the parties are Kyphon, the plaintiff, and DOT, the defendants.  Kyphon is the owner of United States Patent No. 6,235,043.  Kyphon is also the owner of United States Patent Nos. 4,969,888 and 5,108,404.  As in the infringement phase of the trial, the lawyers and witnesses in this phase of the trial may refer to these patents collectively as "the patents-in-suit," or individually by the last three numbers of the patents.  Kyphon contends that DOT makes, sells, and offers for sale certain surgical devices that infringe or are used to infringe the patents-in-suit.  Invalidity is a defense to a charge of infringement.  In this action, DOT contends that the patents are invalid.

**2.**      **Summary of the Patent Issue**

In this phase of the trial, you must decide whether DOT has proven by clear and convincing evidence that any of the asserted claims of the patents-in-suit are invalid according to the instructions that I shall give you at the end of the trial.  Those instructions will repeat this summary and will provide more detail.

3.      **<u>Duty of Jury</u>**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**4.**   **Evidence**

Also as in the first phase of the trial, the evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.   Statements, arguments, and questions by lawyers are not evidence.

2.   Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document.  If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this does occur during the trial I will try to clarify this for you at that time.

3.   Anything you see or hear outside the Courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

**5.**       **<u>Burden of Proof</u>**

In this case, DOT is urging that Kyphon's patents are invalid.  A patent, however, is presumed to be valid.  Accordingly, DOT has the burden of proving that the patents-in-suit are invalid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt."  That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one.  You should therefore not consider it in this case.

6.      **Conduct of the Jury**

Now, a few words to remind you about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, except among yourselves. If anyone outside of the jury should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use-they are not to be given or read to anyone else.

You may discuss the case with each other from the beginning of the case. You may write down any questions you have as the trial proceeds. At a break, you may give those questions to the courtroom deputy. For reasons you do not have to consider, you may or may not have your questions answered by the lawyers or the witnesses for the parties.

**7.**     <u>**Course of the Trial**</u>

The validity phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument.  It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, DOT will present its witnesses, and Kyphon may cross-examine them.  Then Kyphon will present its witnesses, and DOT may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.

## GLOSSARY OF PATENT TERMS

| | |
|---|---|
| Assignment | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| Claims | That part of a patent which defines the metes and bounds of the invention. These are found at the end of the patent specification in the form of numbered paragraphs. |
| Disclosure of description | That part of the patent specification which explains how the invention works and usually includes a drawing. |
| File wrapper | The written record of proceedings in the United States Patent and Trademark Office (Patent Office or PTO) including the original patent application and subsequent communications between the Patent Office and applicant. |
| Patent Application | The initial papers filed in the Patent Office by an applicant. These typically include a specification, drawings and the oath (Declaration) of applicant. |
| Patent Examiners | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| Prior art | Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his/her application. |
| References | Any item of prior art (publication or patent) used to determine patentability. |
| Specification | That part of the patent application or patent that describes the invention and concludes with one or more claims. |

Respectfully Submitted,

FISH & RICHARDSON P.C.                    MORRIS NICHOLS ARSHT & TUNNEL


 /s/ *Thomas L. Halkowski*                  /s/ *Maryellen Noreika*

Thomas L. Halkowski (#4099)               Maryellen Noreika
919 N. Market Street, Suite 1100          Chase Manhattan Centre
P.O. Box 1114                             1201 North Market Street, Suite 2100
Wilmington, DE  19899-1114                P.O. Box 1347
Tel:  (302) 652-5070                      Wilmington, DE  19899-1347
Fax:  (302) 652-0607                      Tel:  (302) 658-9200
                                          Fax:  (302) 575-7278

Frank E. Scherkenbach
225 Franklin Street                       HOGAN & HARTSON LLP
Boston, MA  02110-2804                    Eric Lobenfeld
Tel:  (617) 542-5070                      Jonathan M. Sobel
Fax:  (617) 542-8906                      Robert DeMento
                                          Arlene Chow
Karen I. Boyd                             875 Third Avenue
Limin Zheng                               New York, NY  10022
500 Arguello Street, Suite 500            Tel: (212) 918-3000
Redwood City, CA  94063                   Fax: (212) 918-3100
Tel: (650) 839-5070
Fax:  (650) 839-5071

                                          Attorneys for Defendants
Rama G. Elluru                            DISC-O-TECH MEDICAL
1425 K Street, N.W.                       TECHNOLOGIES, LTD. and DISC
Washington, DC  20005                     ORTHOPAEDIC TECHNOLOGIES, INC.
Tel:  (202) 783-5070
Fax:  (202) 783-2331


Attorneys for Plaintiff
KYPHON INCORPORATED



Dated:  June 18, 2005

9