IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|                                                      |     |                     |
|------------------------------------------------------|-----|---------------------|
| KYPHON INC.,                                         | :   |                     |
|                                                      | :   |                     |
|                                                      | :   |                     |
|                                                      | :   |                     |
|                                                      | :   |                     |
| Plaintiff,                                           | :   |                     |
|                                                      | :   |                     |
|                                                      | :   | C.A. No. 04-204-JJF |
| v.                                                   | :   |                     |
|                                                      | :   |                     |
| DISC-O-TECH MEDICAL TECHNOLOGIES                     | :   |                     |
| LTD., and DISC ORTHOPAEDIC                           | :   |                     |
| TECHNOLOGIES, INC.,                                  | :   |                     |
|                                                      | :   |                     |
|                                                      | :   |                     |
|                                                      | :   |                     |
| Defendants.                                          | :   |                     |
|                                                      | :   |                     |

## **JURY INSTRUCTIONS**

June ___, 2005
Wilmington, Delaware

1.      GENERAL INSTRUCTIONS . . . . . . . . . . . . . . .1

        1.    INTRODUCTION . . . . . . . . . . . . . . . . 1

        1.2   JURORS' DUTIES . . . . . . . . . . . . . . . 2

        1.3   BURDEN OF PROOF   . . . . . . . . . . . . . . 3

        1.4   EVIDENCE DEFINED . . . . . . . . . . . . . . 4

        1.5   CONSIDERATION OF EVIDENCE . . . . . . . . . 5

                    1.5.1    USE OF NOTES . . . . . . . . . . . 6

        1.6   DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . 7

        1.7   CREDIBILITY OF WITNESSES . . . . . . . . . 8

        1.8   NUMBER OF WITNESSES . . . . . . . . . . . . 9

        1.9   EXPERT WITNESSES . . . . . . . . . . . . . 10

        1.10  DEPOSITION TESTIMONY . . . . . . . . . . . 11

        1.11  DEMONSTRATIVE EXHIBITS . . . . . . . . . . 12

2.      THE PARTIES AND THEIR CONTENTIONS. . . . . . . . 13

        2.1   THE PARTIES . . . . . . . . . . . . . . . . 13

        2.2   KYPHON'S CONTENTIONS. . . . . . . . . . . . 14

        2.3   DISC-O-TECH'S CONTENTIONS . . . . . . . . . 15

3.      INFRINGEMENT . . . . . . . . . . . . . . . . . . 16

        3.1   CLAIM INFRINGEMENT . . . . . . . . . . . . . 16

        3.2   CONSTRUCTION OF CLAIMS . . . . . . . . . . . 17

        3.3   PATENT INFRINGEMENT — GENERALLY . . . . . . 18

        3.4   DIRECT INFRINGEMENT . . . . . . . . . . . . 19

        3.5   LITERAL INFRINGEMENT . . . . . . . . . . . 20

        3.6   OPEN-ENDED OR "COMPRISING" CLAIMS . . . . . 21

        3.7   INFRINGEMENT DESPITE IMPROVEMENTS . . . . . 22

i

4.    DELIBERATION AND VERDICT . . . . . . . . . . . . . . .23

      4.1   INTRODUCTION . . . . . . . . . . . . . . . .24

      4.2   UNANIMOUS VERDICT.. . . . . . . . . . . . . . 24

      4.3   DUTY TO DELIBERATE . . . . . . . . . . . . .26

      4.4   COURT HAS NO OPINION. . . . . . . . . . . . . .27

1.  GENERAL INSTRUCTIONS

1.1  INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1.2 JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide under the appropriate burden of proof, which party should prevail on any given issue.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

1.3   BURDEN OF PROOF


     This is a civil case in which Kyphon is charging Disc-O-Tech
Medical Technologies Ltd. and Disc Orthopaedic Technologies,
Inc., which are collectively referred to as "Disc-O-Tech," with
patent infringement.  Kyphon has the burden of proving patent
infringement by what is called a preponderance of the evidence.
That means Kyphon has to produce evidence which, when considered
in light of all of the facts, leads you to believe that what
Kyphon claims is more likely true than not.  To put it
differently, if you were to put Kyphon's and Disc-O-Tech's
evidence on the opposite sides of a scale, the evidence
supporting Kyphon's claims would have to make the scales tip
somewhat on Kyphon's side.

     Those of you who are familiar with criminal cases will have
heard the term "proof beyond a reasonable doubt."  That burden
does not apply in a civil case and does not play any part in this
case.  Therefore, you should not consider it at all in your
deliberations.

3

## 1.4  EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And, sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

4

1.5  CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

1.5.1    USE OF NOTES

You may use notes taken during trial to assist your memory. As I instructed earlier however, you should use caution in consulting your notes. There is always a tendency to attach undue importance to matters that you have written down. Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

## 1.6   DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 1.7  CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

## 1.8  NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

1.9  EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

1.10 DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition transcript or the playing of video tape excerpts from a deposition.  This testimony is entitled to the same consideration you would give it had the witnesses personally appeared in court.

1.11 DEMONSTRATIVE EXHIBITS

During the course of the trial, you have seen many exhibits. Many of these exhibits were admitted as evidence. You will have these admitted exhibits in the jury room for your deliberations. The remainder of the exhibits (including charts and animations) were offered to help illustrate the testimony of the various witnesses. These illustrative exhibits, called "demonstrative exhibits," have not been admitted, are not evidence, and should not be considered as evidence. Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in this case.

12

2.   THE PARTIES AND THEIR CONTENTIONS

2.1 THE PARTIES

The plaintiff in this case is Kyphon Inc.  The defendants are Disc-O-Tech Medical Technologies Ltd. and Disc Orthopaedic Technologies, Inc.  I will refer to plaintiff as "Kyphon" and to defendants as "Disc-O-Tech."

## 2.2    KYPHON'S CONTENTIONS

Kyphon contends that Disc-O-Tech has infringed, and continues to infringe, Claim 17 of Kyphon's '043 patent by making, using, selling, offering for sale, and marketing certain surgical devices.  I will refer to this patent as the "patent-in-suit," or the '043 patent.

14

2.3  DISC-O-TECH'S CONTENTIONS

     Disc-O-Tech contends that its products do not literally infringe Claim 17 of the patent-in-suit.

3.    INFRINGEMENT

3.1   CLAIM INFRINGEMENT


Before you can decide whether or not Disc-O-Tech has infringed any of Kyphon's patents, you will have to understand the patent "claims."  Patent claims are the numbered paragraphs at the end of a patent.  The patent claim involved here is Claims 17 of the '043 patent.

Patent claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent.  Only the claims of a patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed.

Claims are typically divided into parts called "elements." For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop.  The tabletop, legs and glue are each a separate element of the claim.

When making your decision regarding infringement, you should not compare Disc-O-Tech's SKy Bone Expander devices with any specific example set out in the patents-in-suit, or with any product manufactured by Kyphon.  Rather, you must only compare the method of using Disc-O-Tech's SKy Bone Expander devices with Claim 17 of the '043 patent.


16

3.2  CONSTRUCTION OF CLAIMS

It is the Court's duty under the law to define what the patent claims mean.  I have made my determination and I will now instruct you on the meaning of each claim.  You must apply the meaning that I give in each patent claim to decide if such claim is valid and infringed.  You must ignore any different interpretations given to these terms by the witnesses or the attorneys.

It may be helpful to refer to the copy of the patent-in-suit that you have been given as I discuss the claim at issue here. The claims of the '043 patent are toward the end, starting in column 14.

The following definitions must be applied:

"**A body adapted to be inserted into bone and undergo expansion**" means "A body adapted so as to be capable of insertion into bone and of expansion into cancellous bone."

"**Compacting cancellous bone by the constrained expansion**" means "compacting cancellous bone by the body's constrained expansion."

Except where the Court has directed otherwise, all other claim language should be interpreted in accordance with its ordinary and accustomed meaning.

17

3.3  PATENT INFRINGEMENT — GENERALLY

A patent owner may enforce its right to exclude others from making, using, selling, or offering to sell the patented invention by filing a lawsuit for patent infringement.  Here, Kyphon, the patent owner, has sued Disc-O-Tech, the accused infringer, and has alleged that Disc-O-Tech's SKy Bone Expander devices infringe claim 17 of Kyphon's '043 patent.

Patent law provides that any person or business entity which makes, uses, sells, or offers to sell, without the patent owner's permission, any product or method legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.

18

3.4  DIRECT INFRINGEMENT

In this case, if you find that Kyphon has proven by a preponderance of the evidence that Disc-O-Tech has made, used, sold, or offered to sell the invention defined in at least one claim of a patent-in-suit, Disc-O-Tech would be liable for infringing that patent.

Keep in mind that a person may infringe a patent without knowledge that what he is doing infringes the patent.  He may also infringe even though in good faith he believes that what he is doing does not infringe any patent.

The parties disagree as to whether Disc-O-Tech's SKy Bone Expander System, when used to perform a surgical operation as directed, performs the specific series of steps set forth in claim 17 of the '043 patent.

19

3.5  LITERAL INFRINGEMENT

For Disc-O-Tech's method to literally infringe Kyphon's patent claim, the subject matter of the patent claim must be found in Disc-O-Tech's method of using its product.  In other words, one of Kyphon's patent claims is literally infringed if Disc-O-Tech's method of using its product includes each and every element or step in that claim.  If Disc-O-Tech's method of using its product omits any single component or method step recited in Kyphon's patent claim, Disc-O-Tech does not literally infringe that claim.

Remember, the question is whether Disc-O-Tech's method of using its product infringes any claim of Kyphon's patents-in-suit, not whether any of Disc-O-Tech's method of using its product is similar or even identical to a method used or promoted by Kyphon.  Accordingly, you must be certain to compare Disc-O-Tech's accused method of using its product with the asserted claims, and not with any method used or promoted by Kyphon.

3.6 OPEN-ENDED OR "COMPRISING" CLAIMS

The preamble to the independent claims of the patents-in-suit use the transitional phrase "comprising." "Comprising" is interpreted the same as "including" or "containing." In patent claims, comprising means that the claims are open-ended. As such, the claim is not limited to only what is in the claim. Based on this explanation, if you find that Disc-O-Tech's method includes all of the components or steps of an asserted claim, that claim is infringed — the fact that Disc-O-Tech's method of using the product may also include an additional component or step is irrelevant. The presence of additional components or steps in the accused method does not mean that the accused method does not infringe a patent claim.

21

3.7  INFRINGEMENT DESPITE DISC-O-TECH'S IMPROVEMENTS

You may find that Disc-O-Tech's accused method represents an improvement over the invention defined in one or more of Kyphon's patent claims.  However, you are not to presume that these facts mean that Disc-O-Tech cannot infringe Kyphon's patent claims.  As long as Disc-O-Tech's accused method includes all of the elements of at least one of Kyphon's patent claims, then Kyphon's patent claims are infringed by Disc-O-Tech's method despite any improvement by Disc-O-Tech.

## 4.   DELIBERATION AND VERDICT

### 4.1 INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  That should stay secret until you are finished.

4.2 UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you become convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans.  You are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached an unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these

24

instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

4.3  DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that — your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

26

## 4.4  COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

27