*filed in open court*
*6/23/05 JCR*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON INC., | |
| Plaintiff, | |
| vs. | C.A. No. 04-204-JJF |
| DISC-O-TECH MEDICAL TECHNOLOGIES, LTD. and DISC ORTHOPAEDIC TECHNOLOGIES, INC., | |
| Defendants. | |

## CONSENT JUDGMENT AND INJUNCTION

WHEREAS, plaintiff Kyphon Inc. ("Kyphon") and defendants Disc-O-Tech Medical Technologies, Ltd. and Disc Orthopaedic Technologies, Inc. (collectively "DOT") (Kyphon and DOT collectively referred to herein as "the Parties") desire to resolve their disputes regarding infringement and validity of the asserted claims of U.S. Patent No. 4,969,888 (claims 1, 3, 7-9, 11, and 14), U.S. Patent No. 5,108,404 (claims 1, 3, 8-10, 12, and 15), and U.S. Patent No. 6,235,043 B1 (claims 17, 20, 24 and 26) (collectively, "the asserted claims");

WHEREAS, the Court ruled during a pretrial conference held on June 16, 2005 [D.I. 261], that the Court was adopting the Special Master's recommended rulings that:

(i) construed the disputed terms of the '888, '404 and '043 patents;

(ii) Kyphon was entitled to Summary Judgment of infringement by DOT of claims 1, 3, 7-9, 11, and 14 of the '888 and claims 1, 3, 8-10, 12, and 15 of the '404 patent; and

(iii) DOT was not entitled to Summary Judgment of Invalidity of the asserted claims of the '888, '404 and '043 patents.

WHEREAS, a jury returned a verdict of literal infringement of claim 17 of the '043 patent on June 22, 2005;

WHEREAS, DOT has previously stipulated [D.I. 270] that (1) if judgment is entered that DOT infringes claim 17 of the '043 patent, then DOT agrees that at the same time judgment may be entered that it also infringes asserted claims 20, 24, and 26 of the '043 patent; and (2) DOT does not contest that if the use of the Sky Bone Expander System infringes the asserted claims of the '888, '404, and '043 patents, DOT induces infringement and contributes to the infringement of those claims, and agrees that judgment may be entered on inducement and contributory infringement, if and when judgment is entered on infringement;

WHEREAS, the parties have informed the Court that they have settled their dispute, subject to the entry by the Court of this Consent Judgment and Injunction;

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

1. DOT infringes the asserted claims of the '888, '404 and '043 patents;

2. All asserted claims of the '888, '404 and '043 patents are valid and enforceable;

3. As of July 22, 2005, DOT, including their officers and directors, agents, servants, employees, attorneys, distributors, successors, assigns, and those persons in active concert or participation with them who receive notice of this judgment by personal service or otherwise, are enjoined from the importation or sale of the SKy Bone Expander product or any other products not colorably different from the SKy Bone Expander product, and any other acts that directly or indirectly infringe any asserted claim of the

'888, '404 or '043 patents, and from causing, inducing or contributing to the infringement of those patents by others;

4. This Court retains exclusive jurisdiction of this action for the purposes of insuring compliance with this Consent Judgment and Injunction;

5. No appeal shall be taken by any party from this Consent Judgment and Injunction, the right to appeal being expressly waived by all parties;

6. This Consent Judgment and Injunction shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice;

7. Each party shall bear its own costs and attorneys' fees, and no damages to any party;

8. Final Judgment shall be entered, forthwith, without further notice.

The Clerk is directed to enter this final Consent Judgment and Injunction forthwith.

IT IS SO ORDERED this 23 day of June, 2005.

_____
The Honorable Joseph Farnan, Jr.
United States District Judge