IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 04-204-JJF |
| ) | |
| DISC-O-TECH MEDICAL TECHNOLOGIES, LTD. ) | |
| and DISC ORTHOPAEDIC TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

**MEDTRONIC'S BRIEF IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO INTERVENE FOR THE PURPOSE OF MODIFYING THE STIPULATED PROTECTIVE ORDER AND TO MODIFY THE STIPULATED PROTECTIVE ORDER**

OF COUNSEL:

Steven M. Zager
Fred I. Williams
Michael Simons
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Michael A. O'Shea
Paul A. Gennari
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
(202) 887-4000

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

Attorneys for Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.

Dated: November 9, 2006

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | | NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF ARGUMENT | 1 |
| II. | | STATEMENT OF FACTS | 2 |
| | A. | Procedural Background Justifying the Need for an Expedited Ruling | 2 |
| | B. | Relevance of the Disc-O-Tech Documents | 4 |
| III. | | ARGUMENT | 5 |
| | A. | Permissive Intervention under FED. R. CIV. P. 24(b)(2) Is Appropriate in this Case. | 6 |
| | B. | Modification of the Delaware Protective Order under FED. R. CIV. P. 26(c) Is Appropriate Here. | 7 |
| | | 1. Disclosure of the Disc-O-Tech documents to Medtronic will not violate Disc-O-Tech's privacy interests. | 9 |
| | | 2. Medtronic seeks these documents for a legitimate purpose | 10 |
| | | 3. Disclosure to Medtronic will not cause Disc-O-Tech any embarrassment. | 10 |
| | | 4. Allowing Medtronic access to these documents promotes efficiency and fairness and may improve public health and safety | 11 |
| | | 5. The fifth and sixth factors are not relevant here. | 11 |
| | | 6. Disc-O-Tech's reliance on the Delaware protective order is also irrelevant here. | 11 |
| IV. | | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

## CASES

*Beckman Industrial, Inc. v. International Insurance Co.*,
  966 F.2d 470 (9th Cir. 1992) ............................................................................6, 7, 9

*Cipollone v. Liggett Group, Inc.*,
  785 F.2d 1108 (3rd Cir. 1986) ..................................................................................8

*Foltz v. State Farm Mutual Automobile Insurance Co.*,
  331 F.3d 1122 (9th Cir. 2003) ................................................................................11

*Leucadia, Inc. v. Applied Extrusion Tech., Inc.*,
  998 F.2d 157 (3rd Cir. 1993) ................................................................................7, 8

*Olympic Refining Co. v. Carter*,
  332 F.2d 260 (9th Cir. 1964) ....................................................................................7

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3rd Cir. 1994) ........................................................................6, 7, 8, 11

*Public Citizen v. Liggett Group, Inc.*,
  858 F.2d 775 (1st Cir. 1988) ...................................................................................12

San Jose Mercury News, Inc. v. U.S. District Court—
  N. District (San Jose), 187 F.3d 1096 (9th Cir. 1999) ............................................12

*Shingara v. Skiles*,
  420 F.3d 301 (3rd Cir. 2005) ............................................................................7, 8, 9

*United Nuclear Corp. v. Cranford Insurance Co.*,
  905 F.2d 1424 (10th Cir. 1990) .............................................................................7, 9

*United States v. Dentsply International, Inc.*,
  187 F.R.D. 152 (D. Del. 1999) ..............................................................................6, 8

*Wohlar v. General Motors Corp.*,
  712 A.2d 464 (Del. Super. 1997) ............................................................................10

## RULES

Fed. R. Civ. P. 24(b)(2) ..................................................................................................2, 5, 6

Fed. R. Civ. P. 26(c) ...........................................................................................................2, 7

Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc. (collectively "Medtronic") submit this Brief in Support of their Emergency Motion for Leave to Intervene for the Purpose of Modifying the Stipulated Protective Order and to Modify the Stipulated Protective Order.

I. **NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF ARGUMENT**

Medtronic seeks to intervene in this case under Federal Rule of Civil Procedure 24(b)(2) for the limited purpose of modifying the protective order entered by this Court on September 30, 2004. Although this case concluded last year, certain documents and judicial records from the case remain sealed and subject to the September 30, 2004, protective order (the "Delaware protective order").

Kyphon has sued Medtronic for patent infringement in Tennessee.[1] Kyphon has told the Tennessee court that it should be guided by this Court's decision in this case. For that reason, Medtronic requested the production of the pleadings, declarations, depositions, and expert reports (the "Disc-O-Tech documents") in this case. Kyphon has now responded that it does not object to the production of those documents, but that Disc-O-Tech Medical Technologies, Ltd. ("Disc-O-Tech") has objected based on the Delaware protective order. Disc-O-Tech does not explain the basis for its general, unsubstantiated objection.

The Tennessee magistrate judge recently conducted a hearing in which she found that the Disc-O-Tech documents were relevant and discoverable. But she deferred to this Court to decide the issue of whether to modify the Delaware protective order to allow Kyphon to produce the Disc-O-Tech documents in the Tennessee case and to overrule Disc-O-Tech's objection to that

---

[1] The same patents have also been subject to discovery in a case between the parties in California.

production on the basis of the Delaware protective order. A copy of Judge Vescovo's ruling is attached as Exhibit "A" to the Declaration of Fred I. Williams in Support of this Motion ("Williams Declaration").

There is a protective order in the Tennessee case (the "Tennessee protective order") that protects the information in the Disc-O-Tech documents from further disclosure, provides that the documents may only be used for the purpose of the litigation, and restricts Medtronic's access to the documents to two in-house lawyers at Medtronic who manage litigation and do not participate in Medtronic's day-to-day business or patent prosecution. Accordingly, there is no reasonable basis to sustain Disc-O-Tech's objection. Nor did Disc-O-Tech even attempt to articulate a reasonable basis for its objection in the letter its lawyer sent objecting to the production of the documents, which is attached as Exhibit "B" to the Williams Declaration.

Kyphon has moved for a preliminary injunction in Tennessee to stop Medtronic from selling a product called the Arcuate XP. The hearing on Kyphon's motion for preliminary injunction is next week. Medtronic therefore has a compelling and immediate need for the documents and records from this case.

## II.     STATEMENT OF FACTS

### A. Procedural Background Justifying the Need for an Expedited Ruling

Medtronic files this motion on an emergency basis and respectfully requests that this Court issue an expedited ruling on the motion given the upcoming hearing on Kyphon's motion for preliminary injunction in the Tennessee case. Kyphon's motion is set for hearing on November 17, 2006.[2]

---

[2] Medtronic is also filing a motion in the Tennessee court to request a continuance of the November 17, 2006, hearing to permit the litigation of the instant motion in this Court.

2

Judge Vescovo has already found that Medtronic has been diligent in trying to obtain the Disc-O-Tech documents. *See* Exhibit "A" to Williams Decl., p. 3. In June 2006, Medtronic first attempted to obtain from Kyphon the documents and pleadings from Kyphon's patent case against Disc-O-Tech in this Court. On September 12, 2006, Kyphon finally agreed to produce a complete set of the Disc-O-Tech documents. Kyphon changed its position the following day, refusing to produce the documents. But it was not until October 4, 2006, that Kyphon claimed that the Disc-O-Tech documents were subject to a protective order entered in this case that prohibited Kyphon from providing the documents to Medtronic.

On October 14, 2006, Medtronic filed a motion to compel the Disc-O-Tech documents in the Tennessee case. *See* Exhibit "C" to Williams Decl. On October 15, 2006, Kyphon first requested Disc-O-Tech's consent to produce the documents. *See* Exhibit "D" to Williams Decl. On October 25, Disc-O-Tech provided its formal objection to the disclosure of the Disc-O-Tech documents. In its objection letter, Disc-O-Tech's counsel simply states, without explanation, that Disc-O-Tech "does not consent to the release of any confidential information of [Disc-O-Tech] to Medtronic in the possession of Kyphon." *See* Exhibit "B" to Williams Decl.

Judge Vescovo heard Medtronic's motion to compel on November 2, 2006. On November 7, 2006, Judge Vescovo ordered that certain of the Disc-O-Tech documents are relevant and discoverable and advised Medtronic to seek a modification of the Delaware protective order.[3] *See* Exhibit "A," to Williams Decl., p. 3. At the hearing, Kyphon conceded that it was willing and able to produce the requested Disc-O-Tech documents to Medtronic as

---

[3] Judge Vescovo's Order also suggested that Medtronic file a subpoena on Disc-O-Tech to obtain the Disc-O-Tech documents. Medtronic therefore issued a subpoena on Disc-O-Tech today. Medtronic had no reason to issue a subpoena until recently given Kyphon's reassurances that it would produce the Disc-O-Tech documents and that Disc-O-Tech did not object to their release until October 25, 2006.

soon as this Court modifies the Delaware protective order. *See* Exhibit "E" to Williams Decl., pp. 24:24-25:12; 20:10-16.

### B. Relevance of the Disc-O-Tech Documents

Medtronic's discovery requests to Kyphon request all documents concerning this case,[4] and those documents are both responsive and relevant to the Tennessee case. Indeed Judge Vescovo already ruled that many of the Disc-O-Tech documents are relevant and discoverable. *See* Exhibit "A" to Williams Decl., p. 3. Not only are the documents from this case relevant— they are the ***primary*** basis of Kyphon's patent-infringement claims in the Tennessee case. First, Kyphon has alleged patent infringement against Medtronic based upon the same patents that were at issue in this case and urged the Tennessee court to adopt this Court's interpretation of those patents. For example, Kyphon asserts that its infringement analysis in the Tennessee case "is based on the construction of patent claims proved by the Delaware court in *Kyphon, Inc. v. Disc-O-Tech Medical Tech. Ltd.*" *See* Exhibit "H" to Williams Decl., Response to Interrogatory No. 6.

Second, Kyphon plans to offer the testimony of Dr. Michael Marks as an expert witness in support of its motion for preliminary injunction in Tennessee. Dr. Michael Marks is the same expert witness who testified on Kyphon's behalf in this case concerning the ***same*** issues in dispute.

---

[4] On June 29, 2006, Medtronic requested "[a]ll documents ... referring to, relating to or concerning any legal or administrative proceedings involving any of the Accused Kyphon Products." *See* Exhibit "F" to Williams Decl., Request No. 30. The "Accused Kyphon products" incorporate the same patents that were at issue in this case. Moreover, on August 3, 2006, Medtronic specifically requested that Kyphon produce "[a]ll documents ... referring to, relating to, concerning, prepared, filed, served, or produced in the lawsuit captioned *Kyphon, Inc. v. Disc-O-Tech Medical Technologies, Ltd.*," referring to this case. *See* Exhibit "G" to Williams Decl., Request No. 74.

4

Third, just as it did in this case, Kyphon has moved for a preliminary injunction in the Tennessee case. This Court denied Kyphon's motion for a preliminary injunction, in which Kyphon apparently made many of the same arguments that it is now making in the Tennessee case. Kyphon's preliminary injunction motion in Tennessee relies heavily on this Court's findings in this case by repeatedly citing to this Court's prior construction of the claims; citing to the Court's rulings on motions for summary judgment in this case; and commenting on why Disc-O-Tech agreed to withdraw its product from the market rather than try its invalidity defense. Despite Kyphon's repeated reliance on this case, Kyphon claims that the Delaware protective order prevents Kyphon from producing a complete copy of the parties' related briefing on Kyphon's motion for preliminary injunction in this case and the documents underlying and relating to this Court's ruling on Kyphon's motion.

Fourth, Kyphon has urged the Tennessee court to consider the Consent Judgment and Injunction, entered by this Court on June 23, 2005, when evaluating the merits of the Tennessee case. The Consent Judgment is part of the settlement agreement between Kyphon and Disc-O-Tech. And the settlement agreement is the best evidence of how this case—which involves similar issues to the Tennessee case—was actually resolved. Yet Kyphon refuses to produce or answer questions about the settlement agreement because the agreement is protected by the Delaware protective order.

## III.  ARGUMENT

Medtronic has a right to intervene in this case pursuant to FED. R. CIV. P. 24(b)(2). Because Medtronic is intervening for the sole purpose of modifying a protective order, intervention is appropriate. Moreover, neither Disc-O-Tech nor Kyphon will be harmed by the modification, and neither have shown good cause for not allowing Medtronic access to the Disc-

O-Tech documents because those documents will be shielded by the Tennessee protective order. Accordingly, Medtronic respectfully requests this Court modify the Delaware protective order.

### A. Permissive Intervention under FED. R. CIV. P. 24(b)(2) Is Appropriate in this Case.

Permissive intervention under Federal Rule of Civil Procedure 24(b)(2) "is appropriately used to enable a litigant who was not an original party to a case to challenge protective orders or confidentiality orders entered in that case." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3rd Cir. 1994); *see also United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 157 (D. Del. 1999).[5] Federal Rule of Civil Procedure 24(b)(2) provides that "upon timely application anyone may be permitted to intervene in a case ... when an applicant's claim or defense and the main case have a question of law or fact in common." FED. R. CIV. P. 24(b)(2). But when an intervenor is not becoming a party to the case, as in this case, the common claim or defense requirement of FED. R. CIV. P. 24(b)(2) need not be proven:

> Specificity, *e.g.*, that the intervenors' claim involve ... the same legal theory that was raised in the main case, is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order.

*Pansy*, 23 F.3d at 778 (citing and adopting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 n.3 (9th Cir. 1992); *see also Dentsply*, 187 F.R.D. at 157. In other words, when a party intervenes solely to challenge a protective order, it necessarily meets "the requirement of FED. R. CIV. P. 24(b)(2) that [its] claim must have 'a question of law or fact in common' with the main

---

[5] *Pansy* also explains that this Court has jurisdiction over Medtronic's motion "based on the fact that it already has the power to modify the protective order and no independent jurisdictional basis is needed." *Pansy*, 23 F.3d at 473, n.3; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 n.3 (9th Cir. 1992) ("[A]n independent jurisdictional basis is not required because intervenors do not seek to litigate a claim on the merits.").

case." *Pansy*, 23 F.3d at 778. Not only is that the situation here, but there are also questions of law common to the Tennessee and Delaware cases, which both involve alleged infringement of the same patents.

Medtronic has a right to intervene in this case even though this case has ended. *See id.* at 779 ( "[A] district court may properly consider a motion to intervene permissively for the limited purpose of modifying a protective order even after the underlying dispute between the parties has long been settled."); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 n.5 (3rd Cir. 1993) (same); *see also United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (allowing intervention three years after underlying litigation was settled and dismissed); *Beckman*, 966 F.2d at 471 (intervention allowed two years after termination of underlying case); *Olympic Ref. Co. v. Carter*, 332 F.2d 260, 265-66 (9th Cir. 1964) (allowing third party to challenge a protective order three years after the underlying litigation had terminated). The fact that this case has concluded, therefore, does not diminish Medtronic's right to intervene.

### B. Modification of the Delaware Protective Order under FED. R. CIV. P. 26(c) Is Appropriate Here.

Pursuant to Federal Rule of Civil Procedure 26(c), Disc-O-Tech has the burden to show "good cause" for continued protection of the documents requested by Medtronic. *Leucadia*, 998 F.2d 157 at 166; *Pansy*, 23 F.3d at 786-87 ("The burden of justifying the confidentiality of each and every document sought to be covered by the protective order remains on the party seeking the order."); *Shingara v. Skiles*, 420 F.3d 301, 306 (3rd Cir. 2005) ("[A]fter the court enters [a protective] order there must be good cause to maintain the order in the face of a motion to vacate it, particularly when, as here, the moving party did not have an opportunity to oppose the entry of the protective order in the first instance."). When a party seeks documents that were initially

protected by a blanket protective order, the party seeking to maintain a protective order "must make a 'particularized showing of the need for continued secrecy' if the documents are to remain under seal." *Pansy*, 23 F.3d at 788 (citing *Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 346 (3rd Cir. 1986)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786; *see also Dentsply*, 187 F.R.D. at 158 ("The litigant seeking the protective order must articulate the injury with specificity."). General allegations of harm, "unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Leucadia*, 998 F.2d at 166; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986); *Pansy*, 23 F.3d at 786.

In determining whether good cause exists, courts "balance the risk of injury without the protective order and the requesting party's need for information." *Dentsply*, 187 F.R.D. at 158. The Third Circuit has enumerated seven factors a court should consider when determining whether a party has good cause to maintain a protective order: 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety and whether the sharing of information among litigants will promote fairness and efficiency; 5) whether a party benefiting from the order of confidentiality is a public entity or official; 6) whether the case involves issues important to the public; and 7) the parties' reliance on the protective order. *Pansy*, 23 F.3d at 787-91; *Shingara*, 420 F.3d at 306.

8

All of the factors that are relevant in this case favor modification of the Delaware protective order, particularly because the documents sought by Medtronic would be shielded by the Tennessee protective order.

1. *Disclosure of the Disc-O-Tech documents to Medtronic will not violate Disc-O-Tech's privacy interests*

Disc-O-Tech cannot show any reason, much less satisfy the requisite good cause and specific injury standards, for denying Medtronic's counsel access to the Disc-O-Tech documents. Medtronic and Kyphon have entered into a broad protective order in the Tennessee case that is similar to the blanket protective order entered by this Court in this case. *See* Exhibit "I" to Williams Decl. Pursuant to the Tennessee protective order, Medtronic and Kyphon must keep confidential any documents filed under seal and any discovery that is marked confidential or attorneys' eyes only. *Id.* at pp. 5-8. The Tennessee protective order only allows outside counsel for Medtronic and two in-house lawyers who manage litigation for Medtronic to review the confidential documents. *Id.* No one else—other than Medtronic's experts in the Tennessee case, who have agreed to be bound by the terms of the protective order—has access to the documents. *Id.* at pp. 8-9.

Courts routinely grant motions to intervene and modify protective orders in situations such as this one where the intervening party agrees that the documents will be protected by a protective order in another case. *See Beckman*, 966 F.2d at 475 ("[L]egitimate interests in privacy can be protected by putting the intervenors under the same restrictions as those contained in the original protective order…. Here, intervenors already have agreed to use the information in accordance with protective orders in the [pending] cases."); *United Nuclear*, 905 F.2d at 1428 ("any legitimate interest the defendants have in continued secrecy as against the public at large can be accommodated by placing Intervenors under the restrictions on use and disclosure

9

contained in the original protective order); *Pansy*, 23 F.3d at 790 ("If access to protected material can be granted without harm to legitimate secrecy interests, or if no such interests exist, continued judicial protection cannot be justified. In that case, access should be granted even if the need for the protected materials is minimal."); *Wohlar v. Gen. Motors Corp.*, 712 A.2d 464, 470 (Del. Super. 1997) ("[A]ny prejudice to [the party seeking to uphold the protective order] is diminished, if not eliminated[,] by the fact that documents produced to Intervenors … would not be made public and would be subject to the confidentiality conditions articulated in the original protective order.").

Modifying the Delaware protective order will not diminish Disc-O-Tech's privacy interests. Disc-O-Tech therefore cannot justify "continued judicial protection" of the documents in light of the limited use and access requested by Medtronic.

2. *Medtronic seeks these documents for a legitimate purpose.*

As explained in detail above, Medtronic has a compelling and immediate need for the Disc-O-Tech documents. They are crucial to Medtronic's ability to defend Kyphon's motion for preliminary injunction in Tennessee. This fact strongly favors modification of the Delaware protective order to allow Medtronic access to the Disc-O-Tech documents.

3. *Disclosure to Medtronic will not cause Disc-O-Tech any embarrassment.*

Granting Medtronic access to the Disc-O-Tech documents will not cause Disc-O-Tech any embarrassment. Under the terms of the Tennessee protective order, Medtronic is prohibited from sharing the documents with the public. This factor thus favors modification of the Delaware protective order.

4. *Allowing Medtronic access to these documents promotes efficiency and fairness and may improve public health and safety.*

Disclosure of the Disc-O-Tech documents is the only way Medtronic can litigate its disputes with Kyphon on a level playing field. Kyphon has access to Disc-O-Tech's documents and continues to rely extensively on them in the Tennessee case. Yet the Delaware protective order prevents Medtronic from having equal access. Fairness requires that Medtronic likewise have the same level of access to the documents from Kyphon's lawsuit against Disc-O-Tech, on which Kyphon relies so heavily. In addition, modification of the Delaware protective order is the most efficient way to provide Medtronic access to the documents. It will allow the parties to forego more time-consuming discovery requests, subpoenas, and depositions. Likewise, to the extent the Disc-O-Tech documents concern a medical device, they may well implicate public concern and safety; so this factor also favors modification of the Delaware protective order to allow for disclosure of the documents, which relate to the advancement of medical technology.

5. *The fifth and sixth factors are not relevant here.*

These two factors—whether the party benefiting from the order of confidentiality (Disc-O-Tech) is a public entity and whether the case involves issues important to the public— are not relevant to Medtronic's request for modification of the Delaware protective order. Even if the court modifies the Delaware protective order, the documents will still be subject to the Tennessee protective order. And under that order, the documents will not be accessible to the public.

6. *Disc-O-Tech's reliance on the Delaware protective order is also irrelevant here.*

Whether Disc-O-Tech may have relied on the Delaware protective order when filing or producing documents in this case is of no moment. Even if the Delaware protective order is modified, those documents will remain confidential under the Tennessee protective order, which provides for very limited disclosure. Furthermore, a party's reliance on a protective order is

11

"less with a blanket [protective] order, because it is by nature overinclusive." *Pansy*, 23 F.3d at 790 n.25 (citing *Beckman*, 966 F.2d at 475-76)); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003) (because defendant "obtained the blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these records under seal forever"); *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("[B]lanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document."); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988) ("Although ... blanket protective orders may be useful in expediting the flow of pretrial materials, they are by nature overinclusive and are, therefore, peculiarly subject to modification."). The Delaware protective order is a blanket protective order. *See* Exhibit "J" to Williams Decl. Accordingly, any purported reliance on that protective order by Disc-O-Tech is tenuous as well as irrelevant.

## IV. CONCLUSION

Medtronic is intervening in this case solely to modify the Delaware protective order and obtain access to documents subject to that order, and Medtronic requests that the Court grant Medtronic's emergency request to modify the order. Medtronic has a compelling and urgent need for the documents. Disc-O-Tech will suffer no harm by giving Medtronic access to the Disc-O-Tech documents. Additionally, the seven factors set forth above weigh heavily in favor of modifying the Delaware protective order to provide Medtronic access to the Disc-O-Tech documents. Medtronic therefore requests that this Court grant Medtronic's motion to intervene, expeditiously modify the Delaware protective order to allow Medtronic access to the Disc-O-Tech documents, and award any other relief to which Medtronic is justly entitled.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Steven M. Zager
Fred I. Williams
Michael Simons
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Michael A. O'Shea
Paul A. Gennari
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
(202) 887-4000

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

Attorneys for Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.

Dated: November 9, 2006

761385

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on November 9, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Thomas L. Halkowski, Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com

Maryellen Noreika, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
menefiling@mnat.com

I hereby certify that on November 9, 2006 I have sent by E-mail the foregoing document to the following non-registered participants:

Paul I. Rachlin, Esq.
Proskauer Rose LP
1585 Broadway
New York, NY 10036-8299
prachlin@proskauer.com

Frank E. Scherkenbach, Esq.
Fish & Richardson P.C.
225 Frankling Street
Boston, MA 02110-2804
scherkenbach@fr.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com