IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 04-204-JJF |
| | ) |
| DISC-O-TECH MEDICAL TECHNOLOGIES, LTD. | ) |
| and DISC ORTHOPAEDIC TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

**MEDTRONIC'S BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR LEAVE TO INTERVENE FOR THE PURPOSE OF MODIFYING THE STIPULATED PROTECTIVE ORDER AND TO MODIFY THE STIPULATED PROTECTIVE ORDER**

OF COUNSEL:

Steven M. Zager
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Edward F. Fernandes
Fred I. Williams
Michael Simons
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West 6th Street, Suite 2100
Austin, TX 78701
(512) 499-6200

Michael A. O'Shea
Paul A. Gennari
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
(202) 887-4000

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

ATTORNEYS FOR MEDTRONIC
SOFAMOR DANEK, INC., MEDTRONIC
SOFAMOR DANEK USA,
INC., AND SDGI HOLDINGS, INC.

Dated: February 26, 2007

TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | | NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF ARGUMENT | 1 |
| II. | | STATEMENT OF FACTS | 2 |
| | A. | Medtronic's Original Motion to Intervene | 2 |
| | B. | Medtronic's Renewed and Expanded Motion to Intervene | 3 |
| III. | | ARGUMENT | 4 |
| | A. | Medtronic Has a Right to Intervene in this Case to Modify the Delaware Protective Order | 4 |
| | B. | It is Proper to Modify the Delaware Protective Order to Give Medtronic Access to all Documents From This Case | 5 |
| IV. | | CONCLUSION | 5 |

## TABLE OF AUTHORITIES

## RULES

Fed. R. Civ. P. 24(b)(2).................................................................................................4

Fed. R. Civ. P. 26(c) ....................................................................................................5

Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc. (collectively "Medtronic") submit this Brief in Support of their Renewed and Expanded Motion for Leave to Intervene for the Purpose of Modifying the Stipulated Protective Order and to Modify the Stipulated Protective Order.

## I. NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF ARGUMENT

In November 2006, Medtronic filed a motion to intervene in this case under Federal Rule of Civil Procedure 24(b)(2) for the limited purpose of modifying the protective order entered by this Court on September 30, 2004 (the "Delaware Protective Order"). Medtronic asked the Court to modify the Delaware Protective Order expeditiously and to order Kyphon to produce documents from this case in a nearly identical patent infringement case filed by Kyphon against Medtronic in the Western District of Tennessee. The urgency was created by the fact that Medtronic needed certain documents from this case before the November 17, 2006, hearing on Kyphon's motion for preliminary injunction in the Tennessee case. On November 14, 2006, this Court granted Medtronic's motion as to certain documents Medtronic identified as crucial to its defense of Kyphon's preliminary injunction motion. The preliminary injunction hearing has been completed, and Kyphon and Medtronic are now proceeding with discovery on the merits of Kyphon's claims.

Kyphon recently confirmed that it is withholding additional documents responsive to Medtronic's discovery requests because of the terms of the Delaware Protective Order. As a result, and in order to facilitate discovery in the Tennessee case, Medtronic renews and expands its motion to intervene so that it can obtain the remaining responsive documents and pleadings from this case in order to adequately defend against Kyphon's identical claims in the Tennessee case. Medtronic has requested these additional documents from Kyphon, but Kyphon refuses to

produce the remaining documents, claiming that it is prohibited from doing so by its continuing obligations under the Delaware Protective Order and because this Court's recent modification of that order was limited to specific documents.

Kyphon's refusal to produce the documents is unfortunate given that Kyphon recently announced that it has agreed to purchase all of Disc-O-Tech Medical Technologies, Ltd.'s ("Disc-O-Tech") spine-related assets. Kyphon does not otherwise object to the production of the documents but says that Disc-O-Tech has objected based on the Delaware Protective Order. Disc-O-Tech has not explained the basis for its general, unsubstantiated objection and chose not to respond to Medtronic's previously-served subpoena.

## II.    STATEMENT OF FACTS

### A.    Medtronic's Original Motion to Intervene

On November 9, 2006, Medtronic filed in this case an Emergency Motion for Leave to Intervene for the Purpose of Modifying the Stipulated Protective Order and to Modify the Stipulated Protective Order (the "Original Motion"). *See* Docket Nos. 288-290. In the Original Motion, Medtronic asked to intervene in this case to modify the Delaware Protective Order entered by this Court on September 30, 2004. Medtronic asked this Court to modify the Delaware Protective Order so that Kyphon would be permitted to produce documents from this case in a similar patent infringement case Kyphon filed against Medtronic in the Western District of Tennessee.[1] Medtronic requested an expedited ruling on the Original Motion because the hearing on Kyphon's motion for preliminary injunction in the Tennessee case was scheduled to begin on November 16, 2006.

---

[1] The Tennessee case involves the same patents that were at issue in this case, and Kyphon has taken the position that the Tennessee court should be guided by this Court's decisions and interpretations in the Delaware case.

On November 14, 2006, this Court granted Medtronic's Original Motion only as to those certain documents that Medtronic had previously identified as crucial to its defense of Kyphon's preliminary injunction motion.[2] This Court concluded that a modification of the Delaware Protective Order was necessary to allow Medtronic to defend against Kyphon's preliminary injunction motion and that the Tennessee protective order would sufficiently protect the documents sought by Medtronic.

In response to this Court's order, Kyphon produced the specified Disc-O-Tech documents prior to the preliminary injunction hearing, which began on November 17, 2006.[3] The Disc-O-Tech documents that Kyphon produced were relevant to the Tennessee case, and Medtronic used certain of the documents during the preliminary injunction proceeding.

### B.    Medtronic's Renewed and Expanded Motion to Intervene

Medtronic now needs the remaining documents and pleadings from this case to adequately defend the same patent claims that Kyphon asserts in the Tennessee case. Thus, Medtronic has filed this Renewed and Expanded Motion for Leave to Intervene for the Purpose of Modifying the Stipulated Protective Order and to Modify the Stipulated Protective Order ("Renewed Motion").[4] The Disc-O-Tech documents that Medtronic still needs include, but may

---

[2] Medtronic had prepared a list of crucial documents and presented it to the Tennessee court at a November 2, 2006 hearing ("Document Chart"). *See* Exhibit A to the Declaration of Fred I. Williams in Support of Medtronic's Renewed Motion for Leave to Intervene for the Purpose of Modifying the Stipulated Protective Order and to Modify the Stipulated Protective Order ("Williams Decl."). The documents listed on the Document Chart were those that Medtronic needed immediately to defend against Kyphon's preliminary injunction motion, which was scheduled to begin on November 16, 2006.

[3] The parties presented closing arguments on Kyphon's preliminary injunction motion on December 15, 2006, but the Tennessee court has not yet ruled on the motion.

[4] If the Court grants the relief sought in this Renewed Motion, there will be no need for Medtronic to seek any further relief from this Court.

3

not be limited to, many of the documents listed in Kyphon's original communication with Disc-O-Tech regarding Medtronic's requests for production. *See* Exhibit B to Williams Decl.

Medtronic's Tennessee discovery requests to Kyphon specifically ask for documents concerning this case.[5] Although Kyphon has produced some documents from this case, it has refused to produce all documents, asserting that it is prohibited from doing so because of Kyphon's continuing obligations under the Delaware Protective Order and because this Court's November 14, 2006, modification of that order was limited to specific documents.[6] Kyphon recently announced its agreement to purchase all of Disc-O-Tech's spine-related assets,[7] but Kyphon still refuses to produce the remaining documents.

Medtronic attempted to obtain these documents from Disc-O-Tech, serving a subpoena on Disc-O-Tech on November 9, 2006.[8] But Disc-O-Tech did not respond to the subpoena.

### III. ARGUMENT

#### A. Medtronic Has a Right to Intervene in this Case to Modify the Delaware Protective Order

As established in Medtronic's Original Motion and its brief in support, Medtronic should be allowed to intervene in this case under Federal Rule of Civil Procedure 24(b)(2) to modify the

---

[5] On June 29, 2006, Medtronic requested "[a]ll documents ... referring to, relating to or concerning any legal or administrative proceedings involving any of the Accused Kyphon Products." *See* Docket No. 290 at Exhibit "F", Request No. 30. The "Accused Kyphon products" incorporate the same patents that were at issue in this case. Moreover, on August 3, 2006, Medtronic specifically requested that Kyphon produce "[a]ll documents ... referring to, relating to, concerning, prepared, filed, served, or produced in the lawsuit captioned *Kyphon, Inc. v. Disc-O-Tech Medical Technologies, Ltd.*," referring to this case. *Id.* at Exhibit "G", Request No. 74.

[6] *See* Exhibit C to Williams Decl.

[7] *See* Exhibit D to Williams Decl.

[8] *See* Exhibit E to Williams Decl.

4

Delaware Protective Order. Medtronic references and incorporates its Original Motion and its brief in support thereof. *See* Docket Nos. 288-290.

### B. It is Proper to Modify the Delaware Protective Order to Give Medtronic Access to all Documents From This Case

Modification of the Delaware Protective Order under Federal Rule of Civil Procedure 26(c) is proper to allow Medtronic access to all Disc-O-Tech documents. As shown in Medtronic's Original Motion and the brief in support, Disc-O-Tech cannot show good cause for the continued protection of the documents sought by Medtronic, especially because the Tennessee protective order provides similar and adequate protection for the confidentiality of the documents. Additionally, any belated attempt by Disc-O-Tech to argue good cause would be unpersuasive given Kyphon's recent agreement to acquire all of Disc-O-Tech's spine-related assets. *See* Exhibit D to Williams Decl. Medtronic has a compelling need for all of the documents from this case, including those documents previously identified by Kyphon as containing Disc-O-Tech's confidential information. *See* Exhibit B to Williams Decl.; *see also* Exhibit F to Williams Decl. The documents from the Disc-O-Tech case are the primary basis of Kyphon's patent-infringement claims against Medtronic in the Tennessee case. Medtronic needs the remaining documents and pleadings from this case because they are relevant and essential to Medtronic's ability to defend the claims asserted by Kyphon in the Tennessee case. Kyphon has conceded that these documents are responsive to Medtronic's discovery requests. But it has refused to produce the documents because of its continuing obligations under the Delaware Protective Order.

### IV. <u>CONCLUSION</u>

Medtronic is intervening in this case solely to modify the Delaware Protective Order and obtain access to the documents that remain subject to that order. Medtronic requests that this

5

Court grant Medtronic's motion to intervene; modify the Delaware Protective Order to allow Medtronic access to all documents in this case; order Kyphon to produce all documents from this case, including those specifically identified in Exhibits B and F to the Williams Decl.; and award any other relief to which Medtronic is justly entitled.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Steven M. Zager
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
(713) 220-5800

Edward F. Fernandes
Fred I. Williams
Michael Simons
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West 6th Street, Suite 2100
Austin, TX 78701
Telephone: (512) 499-6200

Michael A. O'Shea
Paul A. Gennari
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
(202) 887-4000

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

ATTORNEYS FOR MEDTRONIC
SOFAMOR DANEK, INC., MEDTRONIC
SOFAMOR DANEK USA,
INC., AND SDGI HOLDINGS, INC.

Dated: February 26, 2007

779810

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 26, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Thomas L. Halkowski, Esq.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Maryellen Noreika, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
menefiling@mnat.com

I hereby certify that on February 26, 2007 I have sent by E-mail the foregoing document to the following non-registered participants:

Frank E. Scherkenbach, Esq.
Fish & Richardson P.C.
225 Frankling Street
Boston, MA 02110-2804
scherkenbach@fr.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com