# EXHIBIT A

## SEALED DOCUMENTS NOT PRODUCED BY KYPHON

| DATE | DOCKET NO. | DESCRIPTION | STATUS |
|---|---|---|---|
| 6/18/2004 | 12 | Declaration of Thomas Halkowski in Support of Opposition to Defendants' Motion to Stay | Produced at KY404712-826 |
| 8/9/2004 | 20 | Letter to the Court from Fish & Richardson | |
| 8/9/2004 | 21 | Answer Brief Filed by Kyphon Inc. in Opposition to Defendants' Motion to Stay in Response to the Amended Complaint | Produced at KY404963-976 |
| 8/9/2004 | 22 | Declaration of William J. Marsden, Jr. Filed by Kyphon Inc. in Support of Plaintiff's Answer Brief | Produced at KY404977-5025 |
| 8/18/2004 | 27 | Letter to Court from Fish & Richardson | |
| 10/8/2004 | 55 | Opening Brief Filed by Kyphon Inc. in Support of Their Motion for Preliminary Injunction | |
| 10/8/2004 | 56 | Declaration of Richard W. Mott Filed by Kyphon Inc. Appending Opening Brief | Produced at KY445915-35 |
| 10/8/2004 | 57 | Declaration of Dr. Joseph M. Lane Filed by Kyphon Inc. Appending Opening Brief | Produced at KY402036-043 |
| 10/8/2004 | 58 | Declaration of Heather A. Ramey Filed by Kyphon Inc. Appending Opening Brief | |
| 10/8/2004 | 59 | Declaration of Christian S. McCutcheon Filed by Kyphon Inc. Appending Opening Brief | Produced at KY400676-679 |
| 10/8/2004 | 60 | Declaration of Andrew V.S. Doggett Filed by Kyphon Inc. Appending Opening Brief | Produced at KY400672-675 |
| 10/8/2004 | 61 | Declaration of Ms. Cheri S. Borgstede Filed by Kyphon Inc. Appending Opening Brief | Produced at KY400669-671 |
| 10/8/2004 | 62 | Declaration of Thomas L. Halkowski Filed by Kyphon Inc. Appending Appendix Brief | Produced at KY445809-914 |

1

| DATE | DOCKET NO. | DESCRIPTION | STATUS |
|---|---|---|---|
| 10/2/2004 | 64 | Memorandum Filed by Kyphon Inc. in Support of Plaintiff's Motion for Preliminary Injunction | Produced at KY445778-808 with Redactions |
| 11/12/2004 | 83 | Answer Brief Filed by Defendants in Opposition to Plaintiff's Motion for Preliminary Injunction | |
| 11/12/2004 | 84 | Declaration of Maryellen Noreika Filed by Defendants Appending Answer Brief | |
| 11/12/2004 | 85 | Declaration of Brent R. Constantz, Ph.D. Filed by Defendants Appending Answer Brief | |
| 11/12/2004 | 86 | Declaration of William S. Rosenberg, M.D. Filed by Defendants Appending Answer Brief | |
| 11/24/2005 | 91 | Motion to Strike Portions of the Declaration of William S. Rosenberg, M.D. | Produced at KY445293-300 with Redactions |
| 11/24/2005 | 92 | Reply Brief Filed by Kyphon Inc. in Support of Its Motion for Preliminary Injunction | Produced at KY445926-954 with Redactions |
| 11/24/2005 | 93 | Declaration of Thomas L. Halkowski Filed by Kyphon Inc. in Support of Its Reply Brief | Produced at KY445955-6198 with Redactions |
| 4/6/2005 | 136 | Claim Construction Opening Brief regarding Kyphon's U.S. Patent Nos. 6,241,734 B1 and 6,613,054 B2 Filed by Defendants | Redacted Version at Docket No. 154; Public Version Produced at KY403989-402 |
| 4/6/2005 | 137 | Opening Brief in Support of Motion for Summary Judgment that Kyphon Inc.'s U.S. Patent Nos. 5,108,404 and 4,969,888 are Invalid Due to Anticipation and/or Obviousness Filed by Defendants | Redacted Version at Docket No. 156; Public Version Produced at KY400317-380 and KY404111-142 |
| 4/6/2005 | 138 | Opening Brief in Support of Motion for Summary Judgment for Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108, 404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 153 |

2

| DATE | DOCKET NO. | DESCRIPTION | STATUS |
|------|-----------|-------------|--------|
| 4/6/2005 | 139 | Claim Construction Opening Brief regarding Kyphon's U.S. Patent Nos. 4,969,888; 5,108,404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 155; Public Version Produced at KY404063-110 |
| 4/6/2005 | 140 | Vol. 1 - Appendix regarding Motion for Summary Judgment that Kyphon Inc.'s U.S. Patent Nos. 5,108,404 and 4,969,888 are Invalid Due to Anticipation and/or Obviousness and Motion for Summary Judgment for Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108, 404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 157 |
| 4/6/2005 | 141 | Vol. 2 - Appendix regarding Motion for Summary Judgment that Kyphon Inc.'s U.S. Patent Nos. 5,108,404 and 4,969,888 are Invalid Due to Anticipation and/or Obviousness and Motion for Summary Judgment for Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108, 404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 158 |
| 4/6/2005 | 142 | Vol. 3 - Appendix regarding Motion for Summary Judgment that Kyphon Inc.'s U.S. Patent Nos. 5,108,404 and 4,969,888 are Invalid Due to Anticipation and/or Obviousness and Motion for Summary Judgment for Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108, 404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 159 |
| 4/6/2005 | 143 | Vol. 4 - Appendix regarding Motion for Summary Judgment that Kyphon Inc.'s U.S. Patent Nos. 5,108,404 and 4,969,888 are Invalid Due to Anticipation and/or Obviousness and Motion for Summary Judgment for Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108, 404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 160 |

| DATE | DOCKET NO. | DESCRIPTION | STATUS |
|---|---|---|---|
| 4/6/2005 | 144 | Vol. 5 - Appendix regarding Motion for Summary Judgment that Kyphon Inc.'s U.S. Patent Nos. 5,108,404 and 4,969,888 are Invalid Due to Anticipation and/or Obviousness and Motion for Summary Judgment for Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108, 404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 161 |
| 4/7/2005 | 145 | Claim Construction Opening Brief regarding Construction of Disputed Claim Terms for the Patents-in-Suit Filed by Kyphon Inc. | |
| 4/7/2005 | 146 | Vol. 1 - Declaration of Thomas Halkowski regarding Construction Opening Brief regarding Construction of Disputed Claim Terms for the Patents-in-Suit Filed by Kyphon Inc. | Redacted Version at Docket No. 168; Produced at KY445373-490 and KY445524-634; Some Exhibits Redacted; Exhibits F and I-K Not Produced |
| 4/7/2005 | 147 | Vol. 2 - Declaration regarding Construction Opening Brief regarding Construction of Disputed Claim Terms for the Patents-in-Suit Filed by Kyphon Inc. | Redacted Version at Docket No. 169; Produced at KY445635-752; Exhibits O, Q-R, T-W and BB Not Produced |
| 4/7/2005 | 149 | Opening Brief in Support of Motion for Partial Summary Judgment of Infringement Filed by Kyphon Inc. | Redacted Version at Docket No. 170 |
| 4/7/2005 | 150 | Vol. 1 - Declaration regarding Motion for Partial Summary Judgment of Infringement Filed by Kyphon Inc. | |
| 4/7/2005 | 151 | Vol. 2 - Declaration regarding Motion for Partial Summary Judgment of Infringement Filed by Kyphon Inc. | Redacted Version at Docket No. 171 |
| 4/14/2005 | 163 | Response to Kyphon's Opening Brief Regarding Construction of Disputed Claim Terms for the Patents-in-Suit Filed by Defendants | Redacted Version at Docket No. 185 |

4

| DATE | DOCKET NO. | DESCRIPTION | STATUS |
|---|---|---|---|
| 4/14/2005 | 164 | Brief in Opposition to Motion for Partial Summary Judgment of Infringement Filed by Defendants | Redacted Version at Docket No. 186 |
| 4/14/2005 | 165 | Response to Kyphon's Opening Brief Regarding Construction of Disputed Claim Terms for the Patents-in-Suit Filed by Defendants | |
| 4/14/2005 | 172 | Brief in Opposition to Motion for Summary Judgment that Kyphon Inc.'s U.S. Patent Nos. 5,108,404 and 4,969,888 are Invalid Due to Anticipation and/or Obviousness Filed by Kyphon Inc. | Redacted Version at Docket No. 188; Produced at KY400381-410 |
| 4/14/2005 | 173 | Brief in Opposition regarding Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108,404; and 6,235,043 Filed by Kyphon Inc. | Redacted Version at Docket No. 187; Public Version Produced at KY404389-411 |
| 4/14/2005 | 174 | Claim Construction Answering Brief Filed by Kyphon Inc. | Redacted Version at Docket No. 189 |
| 4/14/2005 | 175 | Declaration of Dr. Michael Marks, M.D. regarding Answering Brief in Opposition | Produced at 444481-497 |
| 4/14/2005 | 176 | Declaration of Thomas L. Halkowski regarding Answering Brief in Opposition | Redacted Version at Docket No. 190 |
| 4/20/2005 | 181 | Corrected Version - Opening Brief in Support of Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 4,969,888; 5,108,404; and 6,235,043 B1 Filed by Defendants | Redacted Version at Docket No. 183; Public Version Produced at KY404279-307 |
| 4/20/2005 | 184 | Claim Construction Chart Filed by Disc-O-Tech | Redacted Version at Docket No. 196 |
| 5/10/2005 | 201 | Motion in Limine Precluding Kyphon from Presenting Evidence Reflecting Praise of Kyphon's Commercial Embodiments Filed by Disc-O-Tech | |

5

| DATE | DOCKET NO. | DESCRIPTION | STATUS |
|------|-----------|-------------|--------|
| 5/10/2005 | 202 | Motion in Limine to Preclude Evidence regarding Compromise Negotiations & the Timing of DOT's Assertion of its Detailed Non-Infringement & Invalidity Contentions, regarding the Bone Filler Patents-in-Suit Filed by Disc-O-Tech | |
| 5/12/2005 | 204 | Proposed Pretrial Order Jointly Filed Under Seal | Redacted Version of Part 1 at Docket No. 225; Redacted Version of Part 2 at Docket No. 226; Redacted Version of Part 3 at Docket No. 227 |
| 5/13/2005 | 205 | Memorandum in Support regarding Motion in Limine Precluding Kyphon from Presenting Evidence Reflecting Praise of Kyphon's Commercial Embodiments Filed by Disc-O-Tech | |
| 5/13/2005 | 206 | Memorandum in Support regarding Motion in Limine to Preclude Evidence regarding Compromise Negotiations & the Timing of DOT's Assertion of its Detailed Non-Infringement & Invalidity Contentions, regarding the Bone Filler Patents-in-Suit Filed by Disc-O-Tech | |
| 5/16/2005 | 208 | Disc-O-Tech's Memorandum in Support to Preclude Former Employee Evidence | Redacted Version at Docket No. 228 |
| 5/27/2005 | 230 | Response to Order regarding Opinion of Special Master in Support of Summary Judgment of U.S. Patent Nos. 4,969,888 and 5,108,404 Filed by Kyphon | |
| 5/27/2005 | 231 | Motion to Seal Objections to the Special Master's Order and Supporting Opinion Granting Kyphon's Motion for Partial Summary Judgment of the Infringement of the '404 and '888 Patents | |

6

| DATE | DOCKET NO. | DESCRIPTION | STATUS |
|---|---|---|---|
| 5/27/2005 | 232 | Objections to the Special Master's Opinion and Order Denying DOT's Motion for Summary Judgment that the '404 and '888 Patents are Invalid | Redacted Version at Docket No. 240 |
| 5/27/2005 | 233 | Objections to the Special Master's Opinion and Order on Claim Construction | Redacted Version at Docket No. 241 |
| 6/3/2005 | 237 | Memorandum in Opposition to Motion to Seal Objections to the Special Master's Order and Supporting Opinion Granting Kyphon's Motion for Partial Summary Judgment of the Infringement of the '404 and '888 Patents | |
| 6/3/2005 | 238 | Kyphon's Memorandum in Opposition to Objections to the Special Master's Opinion and Order on Claim Construction | |
| 6/10/2005 | 246 | Disc-O-Tech's Memorandum in Support of Motion in Limine to Preclude Testimony from Dr. Halliday regarding Objective Indicia of Non-Obviousness (Ex. C also filed under seal) | |
| 6/21/2005 | 271 | Opening Brief in Support of Kyphon's Objection to DOT's Improper Claim Construction Arguments to the Jury | |
| 6/22/2005 | 279 | Court Exhibits for Jury Trial Held on 6/20/2005-6/22/2005 | |

7

# EXHIBIT B

**Subject:**          FW: Kyphon v. DOT:  Medtronic litigation

**Attachments:**      List of Dot Conf docs.doc; Kyphon Medtronic Protective Order.pdf



List of Dot Conf
docs.doc (41 ...



Kyphon Medtronic
Protective Or...

                      -----Original Message-----
From: Karen Boyd [mailto:Boyd@fr.com]
Sent: Sunday, October 15, 2006 4:49 PM
To: Sobel, Jonathan M.
Subject: Kyphon v. DOT: Medtronic litigation

Dear Jonathan--

As I explained in a voicemail a few weeks ago, Kyphon is involved in litigation with
Medtronic involving some of the same patents as those in the DOT litigation.  Medtronic
has requested the pleadings and discovery documents from the DOT litigation, many of which
contain DOT confidential information.  I have attached a list of the documents that we
have identified as containing DOT confidential information.  Please let me know if we may
produce these documents to counsel for Medtronic.
I have attached the Protective Order that has been entered in the Medtronic matter.

Under a recent supplemental agreement between Kyphon and Medtronic, we are to ask
permission to produce third party confidential documents.  If the third party objects
within 10 days, then the requesting party has to move to compel production.

I look forward to hearing back from you. Let me know if you need any other information.

Best regards,

Karen

**********************************************************************
***************************************************

This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is prohibited.
If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used, for
the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter addressed herein.

**********************************************************************
***************************************************

This electronic message transmission contains information from this law firm which may be
confidential or privileged. The information is intended to be for the use of the
individual or entity named above. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of this information is
prohibited.

If you have received this electronic transmission in error, please notify us by telephone
(+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

**Kyphon Pleadings**
2004/06/14 Motion to Compel and Request for Shortened Response Time (ITC)
2004/06/14 Memorandum in Support of Kyphon's Motion to Compel, incl. Exhibits A-E
(ITC)
2004/06/15 Kyphon's Supplemental Submission Pursuant to Ground Rule 3.5 in Connection
with its Motion to Compel (ITC)
2004/07/28 Kyphon's Opposition to Respondent's July 16, 2004, Motion to Compel
Responses to Discovery, incl. Appendix A (ITC)
2004/08/12 Declaration of Heather A. Ramey in Support of Kyphon Inc.'s Motion for a
Preliminary Injunction
2004/09/09 Declaration of Dr. Joseph M. Lane in Support of Kyphon Inc.'s Motion for a
Preliminary Injunction, incl. Exhibit 1
2004/10/08 Plaintiff Kyphon's Motion and Memorandum in Support of Kyphon's Motion for
a Preliminary Injunction
2004/10/08 Declaration of Thomas L. Halkowski in Support of Kyphon's Motion for a
Preliminary Injunction, incl. Exhibits A-W
2004/10/08 Declaration of Richard W. Mott in Support of Kyphon's Motion for a
Preliminary Injunction, incl. Exhibits A-B
2004/10/08 Declaration of Andrew Doggett in Support of Kyphon's Motion for a Preliminary
Injunction
2004/10/08 Declaration of Christian McCutcheon in Support of Kyphon's Motion for a
Preliminary Injunction
2004/11/24 Declaration of Thomas L. Halkowski in Support of Kyphon's Motion for
Preliminary Injunction, incl. Exhibits A- HH
2004/11/24 Kyphon's Reply in Support of its Motion for Preliminary Injunction
2004/11/24 Plaintiff Kyphon's Motion to Strike Portions of the Declaration of William S.
Rosenberg, M.D.
2005/03/08 Expert Witness Report of Michael Marks, incl. Exhibits A-H
2005/03/10 Expert Report of Brian Napper
2005/03/11 Supplemental Expert Witness Report of Michael Marks re Infringement Issues,
incl. Exhibits I, J, B-1, H-1
2005/03/23 Declaration of Thomas L. Halkowski in Support of Kyphon's Opening Brief
Regarding Construction of the Disputed Claim Terms for the Patents-In-Suit
2005/04/06 Kyphon's Opening Brief re Construction of Disputed Claim Terms for the
Patents-in-Suit
2005-04-06 Kyphon's Motion for Partial Summary Judgment of Infringement
2005-04-06 Memorandum in Support of Kyphon's Motion for Partial Summary Judgment of
Infringement
2005-04-06 Declaration of Thomas L. Halkowski in Support of Kyphon's Motion for Partial
Summary Judgment of Infringement
2005-04-14 Kyphon's Opposition to DOT's Proposed Claim Construction of Disputed Claim
Terms of '888, '404, '043 and '734, '054
2005-04-14 Exhibit 6 to Thomas Halkowski Declaration in Support of Opposition to DOT
Claim Construction and Summary Judgment Briefs

**Kyphon Discovery**
2004/06/21 Kyphon's Response to DOT's First Set of Interrogatories
2004/07/09 Kyphon's Supplemental Responses to DOT's First Set of Interrogatories, incl.
Appendix A
2004/07/28 Kyphon's Supplemental Responses to DOT's First Set of Interrogatories, incl.
Appendix A
2004/07/28 Kyphon's Response to DOT's Second Set of Interrogatories, incl. Appendices A-
B
2004/07/28 Kyphon's Supplemental Response to DOT's First Set of Interrogatories
2004/08/02 Kyphon's Amended Supplemental Responses to DOT's First Set of
Interrogatories
2004/10/27 Kyphon's Responses to DOT's First Set of Interrogatories, incl. Exhibit A

**DOT Pleadings**
2004-07-16 DOT's Submission Pursuant to Rule 3-5 in Support of Motion to Compel
Kyphon Responses to Discovery (ITC)
2004-07-16 DOT's Motion to Compel and Memorandum in thereof, incl. Exhibits 1-8 (ITC)
2004-08-05 Second Supplemental of Response Motion to Terminate and Entry of Consent
Order, incl. Exhibits 1-9 (ITC)
2004-08-16 DOT Reply in Support of Response to Motion to Stay Procedural Schedule
(ITC)
2004-11-08 Declaration of Constantz in Support of DOT Opposition to KY Motion for
Preliminary Injunction, incl. Exhibits
2004-11-10 Declaration of Rosenberg in Support of DOT Opposition to KY Motion for
Preliminary Injunction
2004-11-12 Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction
2004-11-12 Declaration of Maryellen Noreika in Support of Defendants' Opposition to
Plaintiff's Motion for a Preliminary Injunction, incl. Exhibits A-DD
2005-03-07 Expert Report of Dr. David Mitchell re Invalidity of US Patent Nos. 5,108,404,
4,969,888 and 6,235,043 B1
2005-03-11 Expert Report of Dr. David Mitchell re Invalidity of US Patent Nos. 6,241,734
and 6,613,054, incl. Exhibit A
2005-03-23 Rebuttal Expert Report of Dr. David Mitchell re Non-Infringement of US Patent
Nos. 5,108,404, 4,969,888 and 6,235,043
2005-03-30 Rebuttal Expert Report of Dr. Mitchell re Non-Infringement of the '734 and '054
Patents, incl. Exhibit A
2005-04-06 DOT's Motion for Summary Judgment of Non-Infringement
2005-04-06 DOT's Motion for Summary Judgment re Invalidity of the '404 & '888 Patents
2005-04-06 Rebuttal Expert Report of Dr. Christine Meyer concerning Alleged Damages
Suffered by Kyphon
2005-04-06 Appendix of Exhibits to DOT's Claim Construction Memorandum and Motion
for Summary Judgment of Non-Infringement and Invalidity
2005-04-07 DOT's Claim Construction re the '734 & '054 Patents
2005-04-07 DOT's Claim Construction re the '888, '404, & '043 Patents
2005-04-14 DOT Opposition to Kyphon Claim Construction Brief
2005-04-14 DOT Opposition to Kyphon Motion for Summary Judgment

2005-04-14 DOT Appendix re Responses to Kyphon Claim Construction and Summary Judgment Briefs
2005-05-27 DOT objections to Poppiti Opinion and Order on Claim Construction
2005-05-27 DOT objections to Poppiti Denying DOT Motion for Partial Summary Judgment that the 404 and 708 patents are invalid
2005-05-27 DOT objections to Poppiti Granting Kyphon's Motion for Partial Summary Judgment re Infringement of 404 and 888
2005-06-10 DOT Exhibit C (Under Seal) to Memo in Support of MIL to Preclude Testimony from Dr. Halliday Re Objective In
DOT's Motion to Compel Complaint's Responses to Discovery

**DOT Depositions**
2004-07-07 Kazaz Deposition with Exhibits 1-21
2004-07-15 Kazaz Deposition with Exhibits 22-68
2004-07-29 Globerman Deposition with Exhibits 69-107
2004-11-22 William S. Rosenberg Deposition
2005-01-20 Martin Deposition Exhibits Exhibit 132-156
2005-01-25 Beyar Deposition with Exhibits 157-174
2005-01-26 Magal Deposition with Exhibits 175-183
2005-01-27 Globerman Deposition with Exhibits 184-198
2005-01-28 Kazaz Deposition with Exhibits 199-243
2005-01-28 Saunders Deposition with Exhibits 302-319
2005-01-31 Foster Deposition with Exhibits 330-341
2005-02-04 Reilly Deposition with Exhibits 244-278
2005-02-14 Barak Deposition with Exhibits 230 A, 279-299, 342-351
2005-04-28 Barak Deposition with Exhibits 368, 371-372
2005-05-19 Regueiferos Deposition with Exhibits 379-400
2005-05-26 Mitchell Deposition with Exhibits 1-12

**DOT Discovery**
2004-06-21 DOT Responses to Kyphon's Third Set of Interrogatories (ITC)
2004-07-16 DOT Supplemental Responses to Kyphon's First and Third Set of Interrogatories (ITC)
2004-07-30 DOT INC Supplemental Responses to Kyphon's First and Third Sets of Interrogatories (ITC)
2004-07-30 DOT LTD Supplemental Responses to Kyphon's First and Third Sets of Interrogatories (ITC)
2004-10-04 DOT Responses to Kyphon's First Set of Interrogatories
2005-02-09 DOTs Responses to Kyphon's Second Set of Interrogatories
2005-03-28 DOT's Responses to Kyphon's Third Set of Interrogatories
2005-06-14 DOT's Responses to Kyphon's First Set of Requests for Admissions
2005-06-14 DOT's Supplemental Responses to Kyphon's Interrogatories 20 & 24

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HARVINDER S. SANDHU, M.D. and KYPHON INC., <br><br>        Plaintiffs, <br><br>    v. <br> MEDTRONIC SOFAMOR DANEK, INC., MEDTRONIC SOFAMOR DANEK USA, INC., and SDGI HOLDING, INC., <br>        Defendants. | Civil Action No. 05-2863-JPM-dkv <br> The Honorable Jon Phipps McCalla <br> The Honorable Diane K. Vescovo |

**PROTECTIVE ORDER**

To facilitate the production and receipt of trade secret or other confidential research, development, or commercial information during discovery in this action, THE COURT HEREBY ORDERS as follows:

I.    **CLASSIFICATION OF INFORMATION**

1.    "CONFIDENTIAL INFORMATION" means information, documents, or things (including transcripts) that (1) have not been made public, and (2) the designating party reasonably and in good faith believes contains or comprises trade secrets or other confidential research, development or commercial information or documents.

2.    "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" means Confidential Information that is commercial, financial or marketing in nature and that the designating party reasonably and in good faith believes is so highly sensitive that its disclosure to persons of expertise in the area would reveal significant business or financial advantages of the designating party. It includes information that the designating party reasonably and in good faith believes relates to (1) current business strategic plans, (2) sales, cost and pricing information including future sales/financial projections (3) non-public marketing information including future marketing plans, (4) recent detailed sales and financial data, (5) customer lists, or (6) other information of competitive, financial or commercial significance comparable to the items listed in this paragraph.

1

II.   **PRODUCING AND DESIGNATING INFORMATION**

3.   Any information produced or disclosed in this action (in pretrial discovery, as a deposition transcript or exhibit, in a pleading or otherwise) deemed to contain or constitute CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY OR CONFIDENTIAL INFORMATION shall be so designated by any party to this action, or any other supplier of that information, (1) in writing by typing, stamping, or affixing conspicuously on its face (in such a manner as will not interfere with the legibility thereof ) "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" at the time of production or service thereof, or (2) orally on the record at a deposition or conference.  Oral notice shall be effective only for those parties in attendance personally or by counsel, or for those parties who receive a transcript containing or marked with a confidentiality designation.  The designating party shall use due care to designate only information that truly merits such designation.

4.   The introduction of any CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY into open court during the trial or any hearing in this matter shall be governed by pertinent local rules of the Court, future orders of the Court or by stipulation between the parties.

5.   Any party to this action may designate anything as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" and any other person or entity may so designate anything that it produces or discloses.  Any non-party producing information in this action may so designate such materials pursuant to Paragraph 25 below.

### A.    Production of Documents and Things

6.      The designating party shall mark each effected document or thing with a legend
stating "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or
"CONFIDENTIAL INFORMATION" as appropriate, or a comparable notice. Where a
document consists of more than one page, at least the first page and each page on which
confidential information appears shall be so marked. This provision shall not apply where it is
impractical or infeasible to mark the affected document or thing such as in the case of an original
that cannot be readily copied. In the event, the designating party shall provide separate written
notice.

7.      If a party inadvertently fails to mark a document that contains confidential
information with the appropriate designation, it may later apply such a designation by providing
counsel for each other party written notice of the proper designation for each affected document
or thing. For purposes of this provision, oral notice recorded by a court reporter shall constitute
written notice for any party in attendance personally or by counsel, or who receives a transcript
containing such a notice. Upon receiving such a notice, each party shall treat the affected
documents or things, and all copies thereof, as designated as the notice states, and each receiving
party shall make a reasonable effort to (1) prevent improper use or disclosure of such
information and (2) obtain the return of such information that it disclosed to any person not
authorized to receive such designated information, subject to its right to contest any designation
in accordance with Paragraph 22 below, and subject to the exceptions in Paragraph 18 below
regarding use or disclosure of information before receiving notice of any designation. The
designating party shall also provide a replacement, marked pursuant to Paragraph 6 above, for
each affected document and thing. After receipt of a marked replacement, and upon written
request of the designating party, the receiving party shall certify in writing to counsel of the
designating party that the receiving party has returned or destroyed, at its option, every affected
unmarked document and thing and all copies thereof.

8.      Until seven (7) days after receipt, the receiving party shall treat all documents and
things received from a producing party as being CONFIDENTIAL
INFORMATION—ATTORNEYS' EYES ONLY, regardless of how such documents or things
are marked. After that seven-day period, however, documents and things shall be treated in
accordance with how they are actually designated, if at all, under Paragraphs 1-7 above.

3

**B.    Production for Inspection**

9.    Any entity that produces documents or things for inspection and copying may require by written notice to the receiving party that, with respect to each document or thing, (a) the document or thing shall be (i) treated as if it were designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and (ii) reviewed only by persons whom this Protective Order authorizes to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY, and any copies, summaries, excerpts, compilations, notes or other information obtained or generated during the inspection of the document or thing shall be treated as CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY. After designation by the producing party, the documents and things shall be treated in accordance with the designation, if any, of the producing party.

**C.    Depositions**

10.    A party may designate deposition transcripts and exhibits as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" only (a) orally on the record during the deposition; or (b) by notifying all other parties in writing within 30 days of receiving the transcript of the exhibits, transcript, or portions thereof, that contain CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION.

11.    Until thirty (30) days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript, all information disclosed therein, and each exhibit thereto as CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY unless before the deposition, the exhibit was properly treated as not having any CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION. After the thirty (30) day period, however, deposition transcripts, all information disclosed therein and each exhibit thereto, shall be treated in accordance with how they are actually designated.

**D.    Redactions**

12.    Any producing party may redact material from documents and things it produces, including matter that the producing party claims is subject to the attorney-client privilege, work product immunity or other privilege or immunity. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR PRIVILEGE" or a comparable descriptive notice. Where a document consists of more than one page, at least the first page and each page on which information has been redacted shall be so marked. The producing party shall preserve an unredacted version of each document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of the attorney-client privilege, work product immunity or other privilege or immunity.

**III.    LIMITATIONS ON USING AND DISCLOSING INFORMATION**

**A.    Limitation on Use and Disclosure**

13.    All CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting this litigation, including any appeal resulting therefrom, and not for any other business, commercial or other purpose whatsoever. As an example only, such information shall not be used by a recipient for any commercial purpose, for filing, prosecuting or opposing any patent application (of any type) or a similar request for protection, for patent reissue or reexamination request or for developing a product. Notwithstanding the above limitations, the parties agree that all documents produced and all discovery responses served in *Medtronic et al v. Kyphon Inc.,* No. C 06-2559 SI (N.D.Cal.), may be used as if produced or served in this suit subject to the terms of this protective order.

Any attorney for or representing either Party who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated "Attorneys' Eyes Only" under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application for any Party to this case during the pendency of this case and for two years after the conclusion of this litigation, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an ethical wall between those persons with access to technical information designated "Attorneys' Eyes Only" and those individuals who prepare, prosecute, supervise, or assist in the prosecution of any such patent application.

14.    Anything designated CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY shall not be disclosed or made available to any person or entity other than:

**A.**    Attorneys of Wyatt, Tarrant & Combs, LLP; Fish & Richardson P.C.; Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.; Akin Gump Strauss Hauer & Feld LLP, as well as Peter Toren of Sidley Austin LLP, including necessary clerical and support personnel (for example, paralegals, data entry personnel, copy services, visual aid providers or jury consultants) who are assisting such attorneys. Any outside attorney or law firm other than those indicated above may be added to this Protective Order as counsel of record for a party upon ten (10) days advance written notice to all other parties, but shall not be added to the Protective Order nor entitled to access to any CONFIDENTIAL INFORMATION – ATTONEYS' EYES ONLY should any other party object in writing to the designation of counsel during such ten (10) day period; any such objection shall be resolved by the Court if not resolved among the parties.

5

B.    Chad A. Hanson, in-house counsel for Defendants, and David Shaw, in-house counsel for Kyphon Inc., along with their respective in-house paralegal and clerical support staff who are directly involved in the litigation.

C.    Outside experts, consultants, and mock jurors who are specifically retained by a party to this action for purposes of this litigation and who are not otherwise currently employed by (1) a party, or (2) any predecessor, parent or affiliated company of a party, and all necessary clerical and support personnel who assist such experts or consultants, subject to the provisions regarding designating persons under this Protective Order in Paragraph 20 below;

D.    The Court and any persons the Court employs whose duties require access to the information, including jurors and court reporters; and

D.    Officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers, who are provided a copy of this Protective Order and advised that confidential information disclosed to them may not be used in any manner other than with respect to this action.

15.    Anything designated "CONFIDENTIAL INFORMATION" shall not be disclosed or made available to any person or entity other than (a) a person or entity authorized in Paragraph 14 above to receive information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY"; and (b) Harvinder S. Sandhu, M.D.. Furthermore, unless Plaintiffs' counsel has a good faith belief that Dr. Sandhu had previously had access to the material (*e.g.*, documents on which he was copied, he received, or he otherwise had access), Dr. Sandhu shall not have access to: (i) confidential materials produced in, and related solely to, the California litigation between the parties to this agreement; or (ii) materials designated "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY".

6

**B.     Filing Under Seal**

16.     Anything filed with or submitted to the court (including without limitation, pleadings, motions, transcripts or portions thereof) that comprises, contains, discloses, reproduces or paraphrases any information that is designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" shall be filed under seal, shall be kept confidential and under seal until further order of the court and shall not be opened except by the court or as ordered by the court. The first page of any document filed under seal shall bear a notice stating (a) the litigation case number, (b) the identity of the party filing the materials, (c) a brief title or description of the type of material contained therein, and (d) the date of filing or submission and the conspicuously placed warning legend or the equivalent; "The envelope, filed in this case by [name of party] contains ['CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY' or 'CONFIDENTIAL INFORMATION'], access to which is restricted by a Protective Order of this court. This envelope is not to be opened or the contents thereof revealed except by prior order of this court." This Protective Order shall apply to all materials filed with the court in a substantially similar manner prior to the effective date of this Protective Order.

**C.     Depositions**

17.     No person shall attend portions of depositions during which information designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" is disclosed unless such person is an authorized recipient of such information under this Protective Order. If, during a deposition, the response to a question would require the disclosure of CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION, the witness may refuse to answer or complete his or her answer, or any party that designated the information as confidential may instruct the witness not to answer or complete his or her answer, until any persons not authorized to receive that information have left the room. If the persons not authorized to receive confidential information refuse to leave the room, the deposition shall continue as to non-confidential matters only or may be adjourned, at the option of the examining party. Each party reserves its right to demand the suspension of the taking of the deposition under Rule 30(d).

**D.     Exceptions**

18.     Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents or things, if, at the time of such use or disclosure:

A.     A party is merely using or disclosing its own information. A party may freely use and disclose its own CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION without restriction.

B.     The court has ordered such use or disclosure, or the court has ordered the relevant information undesignated. If the court orders such use or disclosure, then unless the court orders otherwise, the information, and any entity receiving any such information, shall otherwise be subject to this Protective Order.

C.     Each party that produced the information or designated the information as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" has consented in writing to such use or disclosure.

D.     The information is used or disclosed in the examination, at a deposition hearing, or trial, of any current or former officer, director, employee, agent, expert or consultant

7

of the party whose information is used or disclosed, so long as that person had access or knowledge of the information.

       E.     The person or entity receiving the information wrote, was the source for, or lawfully previously received that information. Counsel may examine a witness in a good faith effort to determine whether that person had access to or knowledge of the information, provided that such examination be undertaken without the disclosure of the substance of such confidential information to the witness unless and until counsel has determined, in good faith, from such examination that the witness did, in fact, have lawful access to such information prior to this litigation.

       F.     The information (1) was part of the public domain or publicly available when it was produced, or (2) becomes part of the public domain or publicly available through no act, omission or fault of any receiving party or its counsel or agents, and through no unlawful or improper act of any other person.

       G.     The information is or was independently developed, prior to receipt in this litigation, by the party wishing to use or disclose the information; or

       H.     The information (1) is or was in the lawful possession of the party wishing to use or disclose the information and (2) was not acquired under any obligation of confidentiality to the designating party, nor through the illegal or improper act of any person.

     19.     Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict counsel from referring to in a very general way, relying on, or evaluating CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION in the course of advising a party client with respect to this litigation, provided, however, that counsel shall not disclose the specific substance or content of any CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION if such disclosure would violate this Protective Order.

**IV.   DESIGNATING PERSONS UNDER THE PROTECTIVE ORDER**

     20.     The parties may in good faith disclose "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" to mock jurors and jury consultants under the protective order provided such persons execute an agreement, in the form attached hereto as Exhibit A that they have read this Protective Order and agree to be bound by all of the provisions hereof and to be subject to the jurisdiction of this court for enforcement. Confidential Business Information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" shall not otherwise be disclosed by the Receiving Party to its independent technical, damages, or other consultants retained for purposes of this litigation and their necessary employees until the procedures in subparagraphs (A) through (D) are followed:

       A.     At least five business (5) days before the designated Confidential Information is to be disclosed to any independent expert or consultant or employees thereof, the party wishing to disclose such information shall provide to the opposing party:

          (i)     The person's name, business address, present employer and a current copy of the person's curriculum vitae;

          (ii)     The names of any employees who will be assisting the person; and

          (iii)     An agreement, in the form attached hereto as Exhibit A, from each person and each employee identified in Paragraph (ii) that they have read this Protective Order and agree to be bound by all of the provisions hereof and to be subject to the jurisdiction of this court for enforcement.

B.    Unless counsel of record for any party notifies proposing counsel of its objection to any person proposed hereunder within five (5) business days after receipt of the information referred to in Paragraph 20(a) above, such person(s) shall thereafter be entitled to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY and CONFIDENTIAL INFORMATION pursuant to the provisions of this Protective Order.

C.    Should counsel of record notify proposing counsel of its objection to any person proposed hereunder, the parties shall meet and confer within 10 days of any such objection. If the meet and confer is unsuccessful, proposing counsel may thereafter move the court for an order permitting such person to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY and CONFIDENTIAL INFORMATION, provided, however, that no such information may be disclosed to any person as to whom an objection has been made until the motion is decided by the court or by an appellate court, should appellate review be sought.

D.    Each party agrees that it will not contact any consultant or employee thereof of the opposing party whose identity is revealed under this paragraph, provided, however, that the parties may take discovery of "any witness who has been identified as an expert whose opinions may be presented at trial." Fed.R.Civ.P. 26(b)(4).

21.    Counsel for any receiving party who discloses information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or CONFIDENTIAL INFORMATION" to any person who is authorized to receive such information, shall be responsible for obtaining and keeping a copy of an executed agreement for each such person, as required by Paragraph 20 above.

V.    **DISPUTES REGARDING DESIGNATIONS**

22.    Any party to this action may contest at any time the designation of anything as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" by giving the designating party written notice that identifies the relevant designated information and states in reasonable detail the reasons why the information should not be so designated. Any parties in disagreement about such designations shall meet and confer in good faith in person or by telephone to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after a party contests the designation, any party may thereafter petition the court to resolve the matter. The designating party shall bear the burden of establishing that the information should be so designated. If such an objection or petition is made, such information shall be treated according to the designation that the designating party gives it until the issue is resolved in writing by the parties or the petition is decided by the court or an appellate court, should appellate review by sought.

VI.    **THIRD PARTIES**

23.    This Protective Order applies to all information that a non-party discloses in connection with this litigation. All information that any non-party designates as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" shall be treated as such in accordance with the terms of this Protective Order, subject to any party's rights to contest any designation in accordance with Paragraph 22 above.

24.    If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" in this action, the person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general

substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

     26.    Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way that does not require such compliance, or (b) (i) it need not be complied with yet and (ii) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

## VII.    WAIVER AND INADVERTENT DISCLOSURES

     26.    If a producing party inadvertently discloses information without designating such information as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION," that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.

     27.    Neither the existence of this Protective Order, nor the designation of anything as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" shall, in and of itself, raise any inference as to whether the designated information is confidential.

### A.    Privilege or Immunity

     28.    Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

     29.    If any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure to each receiving party within ten (10) days of becoming aware of the inadvertent disclosure. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

     30.    If written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the relevant inadvertent disclosure, then: (a) upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and, if requested in writing to do so, certify in writing to the producing party that it has done so, and (b) until any issue of how to treat such information is resolved (for example, by court order or agreement of the parties), such information shall be treated as though it subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (e.g., if the receiving party disputes whether the disclosure was inadvertent), or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after

receipt of such notice, then any of those parties may thereafter petition the court to resolve the matter. The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the disclosure was inadvertent and that written notice was provided within the required 10 days. When written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the inadvertent disclosure, the court will rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

## VIII.  VIOLATION

31.     Each person and entity that receives any information designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" agrees to be subject to the jurisdiction of this court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order, even after the conclusion of this litigation.

32.     Each party shall be entitled to all remedies existing under law and equity if any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way.  It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

33.     If any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" is used or disclosed other than in the manner authorized by this Protective Order, then the party responsible for such use or disclosure shall immediately disclose such use or disclosure to counsel of record and each entity that supplied or designated the affected information and, without prejudice to other rights and remedies available to the supplier or designator, shall make every effort to obtain the return of such information and prevent further improper use or disclosure of such information.  Such disclosure shall include: (a) a description of the confidential information used or disclosed (with Bates numbers of any documents involved, if known); (b) the date and nature of the use and disclosure; (c) the identity of the person(s) who made such use or disclosure and to whom the confidential information was disclosed; and (d) a description of the efforts taken to comply with the provisions of this paragraph.

34.     Except as provided for elsewhere in this Protective Order, any disclosure or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation.  For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice.

11

## IX.    CONCLUSION OF LITIGATION

35.    Absent a court order or written permission of the disclosing and designating party or parties, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

36.    Upon written request by the disclosing or designating party or parties after the conclusion of this litigation and all appeals therefrom, and absent a court order to the contrary (a) all documents or things (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed and (b) anything (including without limitation exhibits and attorney work product) that contains or comprises information designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" shall be returned to the producing party or destroyed. Each party or entity (including without limitation, court reporters) that received or has any such documents or things, or copies thereof, shall certify in writing to counsel for the producing party that it returned or destroyed, at its option, every such document and thing, and all copies, summaries and abstracts thereof, in its possession, custody or control.

37.    Notwithstanding Paragraph 36 above, each firm having counsel of record may retain for archival purposes one copy of all pleadings, papers filed with the court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION," subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates or employees.

38.    The court retains jurisdiction even after final disposition of this litigation to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the court at any time, before or after final disposition, for an order:  (a) modifying this Protective Order; (b) seeking further protection against discovery or other use of confidential information, or documents, transcripts or other materials reflecting confidential information; or (c) seeking further production, discovery, disclosure or use of claimed confidential information, or documents, transcripts or other materials reflecting confidential information.

## X.    AMENDMENTS

39.    Changes or exceptions to this Protective Order may be made only by written agreement of the parties subject to court approval, or by court order.

40.    This Protective Order does not abridge and is without prejudice to the rights of a party (a) to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything based on any available legal grounds or objections, (b) to modify or seek relief from this Protective Order, (c) to seek judicial review or other appropriate action regarding any court ruling concerning information that is or was designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION," or (d) to seek any additional protection that the party deems appropriate.

IT IS SO ORDERED this 17th day of August, 2006.

s/Diane K. Vescovo

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

J.

## EXHIBIT A
## AGREEMENT TO BE BOUND

I, _____ hereby state the following:

I reside at _____

I have read the Protective Order dated _____, 2006 and have been engaged as

a _____ on behalf of _____

in the preparation and conduct of the action *Harvinder S. Sandhu, M.D. and Kyphon, Inc. v. Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holding, Inc.,* Case No. 05-2863-JPM-dkv in the United States District Court for the Western District of Tennessee. I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order. I understand that I am to retain all copies of any information obtained pursuant to said Protective Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies, and any writings prepared by me containing any information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this litigation, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on _____, 2006.

05-2863.sandhu.pl.prot.ord.doc

_____

13

# EXHIBIT C

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Erin Overom Dungan
650 839-5022

Email
dungan@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA ELECTRONIC MAIL**
fwilliams@akingump.com

December 21, 2006

Fred I. Williams
Akin Gump Strauss Hauer & Feld LLP-Austin
300 West Sixth Street
Suite 2100
Austin, TX 78701

Re:   Sandhu, Kyphon v. Medtronic/Sofamor Danek
      USDC - WD TN - 2:05-2863-MI V

Dear Fred:

This letter responds to yours of December 20, 2006 regarding Kyphon's production of documents relating to Disc-O-Tech. Given Medtronic's motion to compel, its motion to intervene in Delaware, and the resulting rulings from Judge Vescovo and Judge Farnan, Medtronic's representations to the Court in its Notice of Kyphon's Acquisition of Disc-O-Tech Medical Technologies that Kyphon has not complied with its discovery obligations regarding documents related to the Disc-O-Tech litigation is false. As you know, Judge Farnan's order was specifically limited to the documents on the list that Medtronic submitted to Magistrate Vescovo. Thus, Kyphon has produced everything that it is permitted to produce under its continuing obligations under the Delaware protective order. If Medtronic does not agree to correct the record by December 26, 2006, Kyphon will.

Very truly yours,

*[signature]*

Erin Overom Dungan

EOD/eys

cc:   Medtronic's Counsel (TN)
      (Via Electronic Mail)

50390426.doc

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

# EXHIBIT D



## Kyphon Signs Definitive Agreements to Acquire All Spine-Related Assets of Disc-O-Tech Medical Technologies

### Agreements Expected to Establish New Product Platform in Minimally Invasive Fusion and Add Complementary Technology to VCF Treatment Franchise

SUNNYVALE, Calif., Dec 20, 2006 /PRNewswire-FirstCall via COMTEX News Network/ -- Kyphon Inc. (Nasdaq: KYPH), announced today that it has signed two definitive agreements (the "Transactions") to acquire all of the spine-related product assets and associated intellectual property rights of Disc-O-Tech Medical Technologies, Ltd., a privately held Israeli company, and its U.S. subsidiary (collectively "Disc-O-Tech"). Kyphon's agreements with Disc-O-Tech are subject to governmental regulatory review in the U.S. and other customary closing conditions, and Kyphon presently anticipates being able to close on both transactions in 2007.

Disc-O-Tech's portfolio includes several innovative products and associated intellectual property rights for performing minimally invasive spine procedures. The first transaction concerns the B-Twin Expandable Spinal System, which is an expandable interbody device for minimally invasive fusion in patients with degenerative disc disease in the lumbar and cervical spine and which is CE marked in Europe but not approved for use in the U.S., and the SKy Bone Expander System, which is available only outside the U.S. for use in the treatment of vertebral compression fractures ("VCFs"). The second transaction concerns Disc-O-Tech's Confidence Cement System and should enable Kyphon to offer to its customers in the U.S. and abroad another VCF treatment option depending on a patient's individual needs and a clinician's goals for his or her patients. The technologies subject to these Transactions thus promise to further extend Kyphon's minimally invasive spine franchise beyond its present technologies for the treatment of VCFs and to diagnose the source of low back pain.

Under the terms of the agreements, Kyphon will pay Disc-O-Tech $60 million upon execution of the definitive agreements and another $40 million upon the earlier of either closing of the agreement concerning acquisition of the B- Twin and SKy Bone assets or February 1, 2007. A total of another $120 million in three equal annual installments will be paid beginning in January 2008 for Disc-O-Tech's Confidence System assets under the second agreement. An additional $20 million in contingent payments may also be paid based on the development of further technologies. Kyphon will finance the upfront payments due under the definitive agreements with cash on hand and an already established escrow.

Kyphon expects to incur an estimated pre-tax charge of approximately $30 to $40 million for in-process research and development (IPR&D) in 2007 associated with the Transactions. Although the company has not finalized the purchase price allocations and thus cannot yet assess the exact impact on 2007 GAAP earnings, Kyphon anticipates that the Transactions will be significantly dilutive to 2007 GAAP earnings due to the expected level of transactions- related intangible amortization and the fact that the IPR&D charge will not be tax-deductible.

Excluding the impact of the non-cash IPR&D charge, Kyphon expects the Transactions in their entirety to be approximately $0.12 to $0.17 dilutive to pro forma, non-GAAP earnings per share in 2007 due primarily to the amortization of intangibles. Excluding both the non-cash IPR&D charge and the non-cash amortization of intangibles, the company anticipates the Transactions to be $0.03 to $0.07 dilutive to pro forma, non-GAAP earnings per share in 2007. In 2008, Kyphon anticipates the Transactions will be slightly dilutive to GAAP earnings per share, and slightly accretive to pro forma, non-GAAP earnings per share. In 2009 and thereafter, the company expects the Transactions will be accretive.

"Disc-O-Tech's innovative B-Twin Expandable Spinal System and related intellectual property assets will permit Kyphon to further serve the fast- growing industry segment focused on minimally invasive treatment of degenerative disc disease," said Richard Mott, president and chief executive officer of Kyphon. "Subject to receipt of appropriate regulatory clearances, the acquired VCF products also promise to expand our capabilities to offer clinicians a broad suite of fracture management and repair options both in our established markets as well as providing opportunities to access more cost-sensitive emerging markets. With these asset acquisitions, coupled with the recently announced definitive agreement to acquire St. Francis Medical Technologies and the X-STOP(R) Interspinous Process Decompression System, we have established two new platforms for continued growth in minimally invasive spinal therapies while bolstering our core VCF fixation franchise," concluded Mott.

"We are pleased to be able to couple our unique technology platforms with Kyphon's strong sales channel resources to provide spine specialists with less invasive treatment options for their patients," said Motti Beyar, president and chief executive officer of Disc-O-Tech Medical Technologies. "Kyphon is the ideal partner to maximize the potential of our innovative portfolio as they share our commitment to bringing advanced spinal therapy technologies to the clinician and patient communities."

Transactions Expected to Establish New Growth Platform in Minimally Invasive Fusion

The B-Twin Expandable Spinal System is the first interbody device suitable for percutaneous stabilization of the lumbar and cervical spine during a fusion procedure. The B-Twin technology can be used in both stand-alone and "360" motion segment stabilization procedures; both procedures may be performed minimally invasively using only posterior access to the interbody space. Although the B-Twin technology is only available outside the U.S., Kyphon is evaluating product development and regulatory path strategies for the U.S. market.

The minimally invasive, low-profile nature of the B-Twin technology platform is representative of a growing number of technologies that offer advantages over traditional technologies, such as less blood loss, reduced tissue and muscle trauma, lowered risk of neurological damage and infection, and shorter procedure and recovery time. To date, over 13,000 B-Twin devices have been implanted and preliminary data published in the clinical literature demonstrate improvements in back pain and function.

Back pain affects four out of five Americans at some point in their lives, with more than 150,000 lumbar and nearly 200,000 cervical spinal fusions performed each year to treat common spinal conditions such as degenerative disc disease and spondylolisthesis (misaligned vertebrae). In January 2006, Kyphon announced its acquisition of InnoSpine, Inc., which led to a limited U.S. launch of the Discyphor(TM) catheter used during the Functional Anaesthetic Discography(TM) procedure to diagnose the source of low back pain. In December 2006, Kyphon announced its execution of a definitive agreement to acquire St. Francis Medical Technologies, Inc., which manufactures the X STOP(R) Interspinous Process Decompression (IPD(R)) System, the first FDA-approved interspinous process device for treating lumbar spinal stenosis. Kyphon's ability to offer such additional minimally invasive diagnostic and therapeutic tools to its customers is a natural next-step in broadening our product offerings in the treatment of degenerative disc disease.

Transactions Expected to Expand Vertebral Augmentation Product Suite

Disc-O-Tech's product portfolio for the treatment of VCFs includes the Confidence Cement System which complements Kyphon's existing KyphX(R) family of products for performing balloon kyphoplasty. The Confidence System incorporates a delivery mechanism that is designed to provide controlled injection of putty-like cement, reduce clinician radiation exposure and streamline cement preparation.

Subject to antitrust clearance in the U.S., the Confidence System along with the SKy Bone Expander System promise to extend Kyphon's ability to address a $3 billion market opportunity comprised of approximately one million diagnosed fractures that occur each year in the United States, Europe and Japan by offering customers an increased variety of treatment options depending on a patient's individual needs and a clinician's goals in treating his or her patients.

Leverages Direct Global Sales Organization and Established Physician Base

Kyphon to date has trained approximately 10,000 spine specialists worldwide to use its KyphX(R) product for performing balloon kyphoplasty, including 5,800 spine specialists at 1,755 hospitals in the U.S. These established relationships are expected to provide significant opportunities for the expanded distribution of Disc-O-Tech's portfolio of products as well as further leverage the company's direct spine sales force, which numbers over 400 worldwide and is believed to be the largest direct minimally invasive spine sales force in the industry.

Conference Call and Webcast

Kyphon management will host a conference call to discuss its agreement with Disc-O-Tech Medical Technologies, Ltd. on Thursday, December 21, 2006 at 5:30 a.m. Pacific Time (8:30 a.m. Eastern Time). Interested parties may access the call by dialing 1-800-811-8824 (U.S.) or 1-913-981-4903 (International).

A live webcast of the call will also be available from the Investor Relations section of the company's corporate Web site at www.kyphon.com. The call will be archived on this site for a minimum of two months.

An audio replay of the call will also be available beginning from 9:30 a.m. Pacific Time on Thursday, December 21, 2006, until 12:00 p.m. Pacific Time on January 11, 2007. To access the replay, dial 1-888-203-1112 (U.S.) or 1-719-457-0820 (International) and enter access code 2547651.

About Kyphon Inc.

Kyphon develops and markets medical devices designed to restore spinal function and diagnose low back pain using minimally invasive technologies. The company's products are used in balloon kyphoplasty for the treatment of spinal fractures caused by osteoporosis or cancer, and in the Functional Anaesthetic Discography procedure for diagnosing the source of low back pain.

More information about the company and its products can be found at www.kyphon.com and its patient education Web site, www.spinalfracture.com.

NOTE: Discyphor and Functional Anaesthetic Discography are trademarks, and Kyphon and KyphX are registered trademarks, of Kyphon Inc. Disc-O-Tech, B-Twin, Confidence and SKy are trademarks of Disc-O-Tech Medical Technologies, Ltd. X STOP, IPD, and ST. FRANCIS MEDICAL TECHNOLOGIES are registered trademarks of St. Francis Medical Technologies, Inc.

This press release contains forward-looking statements within the meaning of the U.S. Private Securities Litigation Reform Act of 1995. Forward looking statements include, but are not limited to, those that use words such as "believes," "expects," "anticipates," "targets," "intends," "plans," "projects," and words of similar effect, and specifically include the company's future financial projections and anticipated business direction and performance. Forward-looking statements are based on management's current preliminary expectations without taking into account any possible impact from any other future business development transaction and are subject to risks, uncertainties and assumptions, which may cause the company's actual results to differ materially from the statements contained herein. Material factors that may cause results to differ from the statements made include delays in obtaining regulatory approvals for either or both transactions; delays in completing the transactions, and the risk that either or both of the transactions may be subject to material conditions in order to obtain regulatory approval, or may not be completed at all; failure to achieve the revenues, cost savings, growth prospects and any or other synergies expected from the proposed transactions; the combined company may require additional capital and may not be able to raise sufficient capital, on favorable terms or at all; and delays and challenges associated with integrating the companies, including employees and operations, after the transactions are completed. Other information on potential risk factors that could affect Kyphon, its business and its financial results are detailed in the company's periodic filings with the Securities and Exchange Commission (SEC), including, but not limited to, those risks and uncertainties listed in the section entitled "Management's Discussion and Analysis of Financial Condition and Results of Operations - Factors Affecting Future Operating Results," which can be found in Kyphon's annual report on Form 10-K for the year ended December 31, 2005 filed with the SEC on March 3, 2006 and in Kyphon's quarterly report on Form 10-Q for the quarter ended September 30, 2006 filed with the SEC on November 9, 2006. Kyphon undertakes no obligation to release publicly any revisions to any forward-looking statements contained herein to reflect events or circumstances after the date hereof.

KYPHG

SOURCE Kyphon Inc.

Julie D. Tracy, Vice President, Investor Relations and Corporate Marketing of Kyphon Inc., +1-408-548-6687, or jtracy@kyphon.com

http://www.kyphon.com

Copyright (C) 2006 PR Newswire. All rights reserved

News Provided by COMTEX

# EXHIBIT E

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

for the _____    DISTRICT OF    New Jersey _____

Harvinder S. Sandhu and Kyphon Inc.

V.

Medtronic Sofamor Danek, Inc., Medtronic Sofamor
Danek USA, Inc., and SDGI Holdings, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:05-2863-MI V (W.D. of TN)

TO:  Disc Orthopaedic Technologies Inc.
     7 Centre Drive, Suite 1
     Monroe Township, NJ 08831

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE    Esquire Deposition Services<br>90 Woodbridge Center Drive #340, Woodbridge, NJ 07095 | DATE AND TIME<br>11/14/2006 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>11/9/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven M. Zager
Akin Gump Strauss Hauer & Feld LLP, 1111 Louisiana, 44th Floor, Houston, TX 77002 (713) 200-8109

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

NOV-13-2006 21:18 From:                                   To:Hkinøump                        P.3/3

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 11-10-06 @ 11:30AM | 7 CENTRE DR. SUITE 1 MONROE TWSP NJ 08831 |

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

Dasha Bezoza office Manager,    Personally in Her Hands

SERVED BY (PRINT NAME)                          TITLE

Anthony Palmer                          Process Server

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   11/10/06
DATE

SIGNATURE OF SERVER

**Fredericks & Palmer Process Serving LLC.**
ADDRESS 1735 Market Street, Ste. A532
Philadelphia, PA 19103
(215) 833-6307

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### DEFINITIONS

1.     "You", "Your", "Disc-O-Tech", and "DOT" mean Disc Orthopaedic Technologies Inc. and Disc-O-Tech Medical Technologies Ltd., and their subsidiary entities, divisions, predecessors, successors, present and former officers, directors, partners, employees, representatives, agents, attorneys and anyone acting on their behalf.

2.     "Kyphon" means Kyphon Inc., and its subsidiary entities, divisions, predecessors, successors and its present and former officers, directors, employees, representatives, agents, attorneys and anyone acting on its behalf.

3.     The "Delaware lawsuit" means the lawsuit filed in the United States District Court, District of Delaware, entitled *Kyphon Inc. v. Disc-O-Tech Medical Technologies, Ltd. and Disc Orthographic Technologies, Inc.*, Civil Action No. 04-204-JJF.

4.     "ITC" means the administrative proceeding filed with the United States International Trade Commission, entitled *In the Matter of Certain Medical Devices Used to Compact Inner Bone Tissue*, Investigation No. 377-TA-507.

5.     "Referring to", "relating to", and "concerning" mean constituting, describing, summarizing, memorializing, supporting, refuting, or referring to in any way.

6.     "And" as well as "or" are to be construed either disjunctively or conjunctively so as to bring within the scope of the discovery request all information that might otherwise be construed to be outside its scope.

7.     The term "all" is to be construed to mean "any" and "each" and vice versa.

8.     The singular is to be construed as including the plural and vice versa.

9.     A masculine, feminine or neuter pronoun is to be construed as including all genders.

1

10.    "Communication" or "statement" means any contact or exchange of information whether written or oral between two or more persons, including any of the directors, officers, employees or representatives of any non-natural person, and shall include, without limitation, (a) written contact by such means as letters, memoranda, telegrams, e-mail, facsimile, telex or any other document; (b) oral contact, by such means as face-to-face meetings and telephone conversations; (c) electronically or magnetically stored information by such means as voice mail or e-mail that is or has been transmitted between any two or more persons and (d) advertisements, publications, press releases, commercials, and other promotional and marketing materials .

11.    "Document" or "documents" means any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason) including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, presentations, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilms, microfiche, computer tapes, computer disks, computer printouts, computer cards, and all other writings and recordings of every kind as defined in Rule 34 of the Federal Rules of Civil Procedure that are in your actual or constructive possession, custody or control.

2

## DOCUMENT REQUESTS

1.    The following documents from the Delaware lawsuit:

**The Parties' Settlement Agreements**

**Kyphon Pleadings**

| | |
|---|---|
| 2004-06-14 | Motion to Compel and Request for Shortened Response Time (ITC) |
| 2004-06-14 | Memorandum in Support of Kyphon's Motion to Compel, including Exhibits A-E (ITC) |
| 2004-06-15 | Kyphon's Supplemental Submission Pursuant to Ground Rule 3.5 in Connection with its Motion to Compel (ITC) |
| 2004-07-28 | Kyphon's Opposition to Respondent's July 16, 2004, Motion to Compel Responses to Discovery, including Appendix A (ITC) |
| 2004-08-12 | Declaration of Heather A. Ramey in Support of Kyphon Inc.'s Motion for a Preliminary Injunction |
| 2004-09-09 | Declaration of Dr. Joseph M. Lane in Support of Kyphon Inc.'s Motion for a Preliminary Injunction, including Exhibit 1 |
| 2004-10-08 | Plaintiff Kyphon's Motion and Memorandum in Support of Kyphon's Motion for a Preliminary Injunction |
| 2004-10-08 | Declaration of Thomas L. Halkowski in Support of Kyphon's Motion for a Preliminary Injunction, including Exhibits A-W |
| 2004-10-08 | Declaration of Richard W. Mott in Support of Kyphon's Motion for a Preliminary Injunction, including Exhibits A-B |
| 2004-10-08 | Declaration of Andrew Doggett in Support of Kyphon's Motion for a Preliminary Injunction |
| 2004-10-08 | Declaration of Christian McCutcheon in Support of Kyphon's Motion for a Preliminary Injunction |
| 2004-11-24 | Declaration of Thomas L. Halkowski in Support of Kyphon's Motion for Preliminary Injunction, including Exhibits A- HH |
| 2004-11-24 | Kyphon's Reply in Support of its Motion for Preliminary Injunction |

| | |
|---|---|
| 2004-11-24 | Plaintiff Kyphon's Motion to Strike Portions of the Declaration of William S. Rosenberg, M.D. |
| 2005-03-08 | Expert Witness Report of Michael Marks, including Exhibits A-H |
| 2005-03-10 | Expert Report of Brian Napper |
| 2005-03-11 | Supplemental Expert Witness Report of Michael Marks regarding Infringement Issues, including Exhibits I, J, B-1, H-1 |
| 2005-03-23 | Declaration of Thomas L. Halkowski in Support of Kyphon's Opening Brief Regarding Construction of the Disputed Claim Terms for the Patents-In-Suit |
| 2005-04-06 | Kyphon's Opening Brief regarding Construction of Disputed Claim Terms for the Patents-in-Suit |
| 2005-04-06 | Kyphon's Motion for Partial Summary Judgment of Infringement |
| 2005-04-06 | Memorandum in Support of Kyphon's Motion for Partial Summary Judgment of Infringement |
| 2005-04-06 | Declaration of Thomas L. Halkowski in Support of Kyphon's Motion for Partial Summary Judgment of Infringement |
| 2005-04-14 | Kyphon's Opposition to DOT's Proposed Claim Construction of Disputed Claim Terms of '888, '404, '043 and '734, '054 |
| 2005-04-14 | Exhibit 6 to Thomas Halkowski Declaration in Support of Opposition to DOT Claim Construction and Summary Judgment Briefs |

**Kyphon Discovery**

| | |
|---|---|
| 2004-06-21 | Kyphon's Response to DOT's First Set of Interrogatories |
| 2004-07-09 | Kyphon's Supplemental Responses to DOT's First Set of Interrogatories, including Appendix A |
| 2004-07-28 | Kyphon's Supplemental Responses to DOT's First Set of Interrogatories, including Appendix A |
| 2004-07-28 | Kyphon's Response to DOT's Second Set of Interrogatories, including Appendices A-B |
| 2004-07-28 | Kyphon's Supplemental Response to DOT's First Set of Interrogatories |

2004-08-02    Kyphon's Amended Supplemental Responses to DOT's First Set of Interrogatories

2004-10-27    Kyphon's Responses to DOT's First Set of Interrogatories, including Exhibit A

## DOT Pleadings

2004-07-16    DOT's Submission Pursuant to Rule 3-5 in Support of Motion to Compel Kyphon Responses to Discovery (ITC)

2004-07-16    DOT's Motion to Compel and Memorandum in thereof, including Exhibits 1-8 (ITC)

2004-08-05    Second Supplemental of Response Motion to Terminate and Entry of Consent Order, including Exhibits 1-9 (ITC)

2004-08-16    DOT Reply in Support of Response to Motion to Stay Procedural Schedule (ITC)

2004-11-08    Declaration of Constantz in Support of DOT's Opposition to Kyphon's Motion for Preliminary Injunction, including Exhibits

2004-11-10    Declaration of Rosenberg in Support of DOT's Opposition to Kyphon's Motion for Preliminary Injunction

2004-11-12    Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction

2004-11-12    Declaration of Maryellen Noreika in Support of Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction, including Exhibits A-DD

2005-03-07    Expert Report of Dr. David Mitchell regarding Invalidity of US Patent Nos. 5,108,404, 4,969,888 and 6,235,043 B1

2005-03-11    Expert Report of Dr. David Mitchell regarding Invalidity of US Patent Nos. 6,241,734 and 6,613,054, including Exhibit A

2005-03-23    Rebuttal Expert Report of Dr. David Mitchell regarding Non-Infringement of US Patent Nos. 5,108,404, 4,969,888 and 6,235,043

2005-03-30    Rebuttal Expert Report of Dr. Mitchell regarding Non-Infringement of the '734 and '054 Patents, including Exhibit A

2005-04-06    DOT's Motion for Summary Judgment of Non-Infringement

5

| 2005-04-06 | DOT's Motion for Summary Judgment regarding Invalidity of the '404 and '888 Patents |
| 2005-04-06 | Rebuttal Expert Report of Dr. Christine Meyer concerning Alleged Damages Suffered by Kyphon |
| 2005-04-06 | Appendix of Exhibits to DOT's Claim Construction Memorandum and Motion for Summary Judgment of Non-Infringement and Invalidity |
| 2005-04-07 | DOT's Claim Construction regarding the '734 and '054 Patents |
| 2005-04-07 | DOT's Claim Construction regarding the '888, '404, and '043 Patents |
| 2005-04-14 | DOT's Opposition to Kyphon Claim Construction Brief |
| 2005-04-14 | DOT's Opposition to Kyphon Motion for Summary Judgment |
| 2005-04-14 | DOT's Appendix regarding Responses to Kyphon Claim Construction and Summary Judgment Briefs |
| 2005-05-27 | DOT's Objections to Poppiti Opinion and Order on Claim Construction |
| 2005-05-27 | DOT's Objections to Poppiti Denying DOT's Motion for Partial Summary Judgment that the '404 and '708 patents are invalid |
| 2005-05-27 | DOT's Objections to Poppiti Granting Kyphon's Motion for Partial Summary Judgment regarding Infringement of '404 and '888 |
| 2005-06-10 | DOT's Exhibit C (Under Seal) to Memo in Support of Motion in Limine to Preclude Testimony from Dr. Halliday Regarding Objective in DOT's Motion to Compel Complaint's Responses to Discovery |

## DOT Depositions

| 2004-07-07 | Kazaz Deposition with Exhibits 1-21 |
| 2004-07-15 | Kazaz Deposition with Exhibits 22-68 |
| 2004-07-29 | Globerman Deposition with Exhibits 69-107 |
| 2004-11-22 | Rosenberg Deposition |
| 2005-01-20 | Martin Deposition with Exhibits 132-156 |
| 2005-01-25 | Beyar Deposition with Exhibits 157-174 |

6

2005-01-26    Magal Deposition with Exhibits 175-183

2005-01-27    Globerman Deposition with Exhibits 184-198

2005-01-28    Kazaz Deposition with Exhibits 199-243

2005-01-28    Saunders Deposition with Exhibits 302-319

2005-01-31    Foster Deposition with Exhibits 330-341

2005-02-04    Reilly Deposition with Exhibits 244-278

2005-02-14    Barak Deposition with Exhibits 230 A, 279-299, 342-351

2005-04-28    Barak Deposition with Exhibits 368, 371-372

2005-05-19    Regueiferos Deposition with Exhibits 379-400

2005-05-26    Mitchell Deposition with Exhibits 1-12

**DOT Discovery**

2004-06-21    DOT's Responses to Kyphon's Third Set of Interrogatories (ITC)

2004-07-16    DOT's Supplemental Responses to Kyphon's First and Third Set of Interrogatories (ITC)

2004-07-30    DOT Inc.'s Supplemental Responses to Kyphon's First and Third Set of Interrogatories (ITC)

2004-07-30    DOT Ltd.'s Supplemental Responses to Kyphon's First and Third Sets of Interrogatories (ITC)

2004-10-04    DOT's Responses to Kyphon's First Set of Interrogatories

2005-02-09    DOT's Responses to Kyphon's Second Set of Interrogatories

2005-03-28    DOT's Responses to Kyphon's Third Set of Interrogatories

2005-06-14    DOT's Responses to Kyphon's First Set of Requests for Admissions

2005-06-14    DOT's Supplemental Responses to Kyphon's Interrogatories 20 and 24

2.    All documents and things referring to, relating to, concerning, prepared, filed, served, or produced in (a) the Delaware lawsuit; and (b) any other domestic or foreign lawsuit or

legal or administrative proceeding involving Kyphon Inc. and Disc-O-Tech Medical Technologies or Disc Orthopaedic Technologies Inc.

# EXHIBIT F

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

■■■■■■■■■■■■■■■ Attorneys at Law

**FRED I. WILLIAMS**
512.499.6218 / fax: 512.499.6290
fwilliams@akingump.com

December 29, 2006

*Via email: dungan@fr.com*

Erin Overom Dungan
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

> Re:  *Harvinder S. Sandhu, M.D. and Kyphon, Inc. v. Medtronic Sofamor Danek, Inc.,*
> *Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.*; Civil Action No.
> 05-2863-MI V; United States District Court, Western District of Tennessee,
> Western Division.

Dear Erin:

I write in response to your letters dated December 19 and 21, 2006, relating to Kyphon's continuing failure to produce documents responsive to Medtronic's discovery requests regarding Disc-O-Tech Medical Technologies ("Disc-O-Tech").

Since August, Medtronic has repeatedly requested that Kyphon provide a complete production from the *Kyphon v. Disc-O-Tech* litigation file including all documents referring to, relating to, concerning, prepared, filed, served, or produced in the Delaware and ITC proceedings between Kyphon and Disc-O-Tech. *See* Medtronic's Request for Production No. 104 (originally served on August 3, 2006, as Request for Production No. 74 in the California case). Kyphon is unwilling to certify that it has complied with Medtronic's requests because it is still withholding documents based on an unfounded objection posed by Disc-O-Tech.

Thus Medtronic's statement to the Court that "Kyphon has produced 7500 pages of documents from the Disc-O-Tech case but has yet to produce other Disc-O-Tech documents responsive to Defendants' discovery requests" is entirely accurate, despite your letters' assertion to the contrary.

For example, it appears that Kyphon has failed to produce the following documents from its prior proceedings against Disc-O-Tech — all of which Kyphon has already conceded are responsive to Defendants' discovery requests:

1.    Kazaz depositions with exhibits 1-68;

2.    Globerman deposition with exhibits 69-107;

3.    Rosenberg deposition;

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━ Attorneys at Law

Erin Overom Dungan
December 29, 2006
Page 2

    4.      Martin deposition with exhibits 132-156;

    5.      Beyar deposition with exhibits 157-174;

    6.      Magal deposition with exhibits 175-183;

    7.      Globerman deposition with exhibits 184-198;

    8.      Kazaz deposition with exhibits 199-243;

    9.      Saunders deposition with exhibits 302-319;

    10.     Foster deposition with exhibits 330-341;

    11.     Reilly deposition with exhibits 244-278;

    12.     Barak depositions with exhibits 230A, 279-299, 342-351, 368, 371-372;

    13.     Regueiferos deposition with exhibits 379-400;

    14.     Mitchell deposition with exhibits 1-12;

    15.     DOT's Objections to Poppiti Granting Kyphon's Motion for Partial Summary Judgment Regarding Infringement of '404 and '888 Patents;

    16.     Exhibits B, M, N, O, Q, R, S, T, U, and W to October 8, 2004, Declaration of Thomas L. Halkowski in Support of Kyphon's Motion for a Preliminary Injunction;

    17.     Exhibit A to Kyphon's October 21, 2004, Responses to DOT's First Set of Interrogatories;

    18.     Exhibits B and C to Memorandum in Support of Kyphon's Motion to Compel (ITC);

    19.     Appendix A to Kyphon's Opposition to Respondent's July 16, 2004, Motion to Compel Responses to Discovery (ITC);

    20.     DOT's Submission Pursuant to Rule 3-5 in Support of Motion to Compel Kyphon Responses to Discovery (ITC);

AKIN GUMP
STRAUSS HAUER & FELDLLP
━━━━━━━━ Attorneys at Law

Erin Overom Dungan
December 29, 2006
Page 3

      21.     DOT's Motion to Compel and Memorandum in Support Thereof, including exhibits 1-8 (ITC);

      22.     Second Supplemental Motion to Terminate and Entry of Consent Order, including exhibits 1-9 (ITC);

      23.     Exhibit C to Memo in Support of Motion in Limine to Preclude Testimony from Dr. Halliday Regarding Objective Indicia of Non-Obviousness;

      24.     DOT's Responses to Kyphon's Third Set of Interrogatories (ITC);

      25.     DOT's Responses to Kyphon's Second Set of Interrogatories;

      26.     DOT's Responses to Kyphon's Third Set of Interrogatories; and

      27.     DOT's Supplemental Responses to Kyphon's Interrogatories 20 and 24.

As you know, Judge Vescovo held an expedited hearing on November 2 and outlined a procedure for Medtronic to obtain certain Disc-O-Tech documents prior to the Court's November 17 hearing. At that time, Kyphon failed to disclose its agreement to acquire Disc-O-Tech. As a result, the Tennessee and Delaware courts' orders compelling Kyphon's production to date have been limited to two narrow categories of documents, hence the limited certification regarding Kyphon's production that is contained in your December 19 letter.

Because Kyphon has now announced its acquisition of Disc-O-Tech, any continuing objection to the production of documents based on Disc-O-Tech's reluctance to consent to the production is unfounded and misguided. Kyphon should produce all of the Disc-O-Tech documents immediately.

As always, please call or write with any questions.

Sincerely,

Fred I. Williams

c:     Plaintiffs' counsel