# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYPHON INC., <br><br> Plaintiff, <br><br> v. <br><br> DISC-O-TECH MEDICAL TECHNOLOGIES, LTD., and DISC ORTHOPAEDIC TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 04-204-JJF |

### KYPHON'S RESPONSE TO MEDTRONIC'S RENEWED MOTION:
### (1) FOR LEAVE TO INTERVENE FOR THE PURPOSE OF
### MODIFYING THE STIPULATED PROTECTIVE ORDER; AND
### (2) TO MODIFY THE STIPULATED PROTECTIVE ORDER
### (*Corrected*)

**FISH & RICHARDSON P.C.**
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Karen I. Boyd
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Attorneys for Plaintiff
KYPHON, INC.

DATED: March 19, 2007

Plaintiff Kyphon, Inc. ("Kyphon") respectfully submits this corrected[1] response to the renewed motion by non-parties Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc. (collectively, "Medtronic") for leave to intervene for the purpose of modifying the stipulated protective order entered by this Court on September 30, 2004 ("Protective Order"), and to modify the Protective Order. (D.I. Nos. 292 and 51, respectively).

Because Kyphon does not object to producing the Disc-O-Tech litigation documents at issue[2]—but is unable to do so due to terms of the Protective Order—Kyphon does not oppose Medtronic's motion. Had Medtronic consulted Kyphon before filing, Kyphon would have so advised Medtronic.[3]

Kyphon, however, needs to correct the following errors either set forth or implied within Medtronic's brief:

1.      Kyphon's proposed acquisition of certain of Disc-O-Tech's assets does not give Kyphon the right to disclose Disc-O-Tech's confidential information that is protected by the Protective Order. Whether or not the acquisition ultimately closes, Disc-O-Tech will continue to exist as an independent company, and will have continuing confidentiality

---

[1] Kyphon submits this corrected brief to address certain facts set forth in its original response to Medtronic's motion. *See*, *infra*, notes 3 and 4.

[2] Kyphon notes that it does not have possession of Disc-O-Tech's production documents, because, pursuant to the terms of this Court's Protective Order, those documents were destroyed following the termination of that lawsuit.

[3] Medtronic argues that it did "consult" with Kyphon because Medtronic allegedly warned back in December that it would pursue relief in this Court if Kyphon was unable to produce additional DOT documents—documents that were beyond the scope of those actually sought in Medtronic's first motion to this Court and hence documents that Kyphon was precluded from disclosing under the terms of the Protective Order for this matter. Medtronic's alleged general colloquy from months ago, however, is irrelevant.

Had Medtronic simply bothered to contact Kyphon and ask its position regarding the motion Medtronic intended to file, Medtronic could have submitted the request as an unopposed motion.

interests, even as to materials related to its spine-related assets. For example, Disc-O-Tech may wish to continue to protect its historical business strategy and financial information, even if it no longer owns the spine-related assets.

2.    Medtronic's representation that it is defending against the same patent infringement claims as those at issue in this litigation is an exaggeration. At the very least, the infringement claims in each of these cases are not the same because the accused products differ.

3.    With regard to Medtronic's November 9, 2006 subpoena to Disc-O-Tech, Kyphon is unaware that Medtronic has moved to compel under that subpoena.[4]

4.    Notwithstanding the above errors concerning Medtronic's filing, Kyphon does not oppose the granting of Medtronic's motion.

DATED:  March 19, 2007                FISH & RICHARDSON P.C.

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070
Fax:  (617) 542-8906

Karen I. Boyd
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Attorneys for Plaintiff
KYPHON, INC.

---

[4]  Kyphon's original response incorrectly noted that it did not appear that Medtronic had served Kyphon with a copy of the subpoena to Disc-O-Tech. Kyphon has been served with a copy of the subpoena.

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2007, I electronically filed with the Clerk of Court **KYPHON'S RESPONSE TO MEDTRONIC'S RENEWED MOTION: (1) FOR LEAVE TO INTERVENE FOR THE PURPOSE OF MODIFYING THE STIPULATED PROTECTIVE ORDER; AND (2) TO MODIFY THE STIPULATED PROTECTIVE ORDER – CORRECTED** using CM/ECF which will send electronic notification of such filing to the following Delaware counsel. In addition, the filing will also be served on the attorneys of record at the following addresses as indicated:

**VIA EMAIL AND HAND DELIVERY**
Maryellen Noreika
Morris Nichols Arsht & Tunnell
1201 North Market Street, Suite 2100
P.O. Box 1347
Wilmington, DE 19899-1347
mnoreika@mnat.com

*Attorneys for Defendants*
*Disc-O-Tech Medical Technologies Ltd.*
*and Disc Orthopaedic Technologies,*
*Inc.*

**VIA EMAIL AND HAND DELIVERY**
Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
provner@potteranderson.com

*Attorneys for Defendants*
*Medtronic Sofamor Danek, Inc.,*
*Medtronic Sofamor Danek USA, Inc.,*
*and SDGI Holdings, Inc.*

**VIA EMAIL AND FIRST CLASS MAIL**
Eric J. Lobenfeld
Jonathan M. Sobel
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
ejlobenfeld@hhlaw.com
jmsobel@hhlaw.com

*Attorneys for Defendants*
*Disc-O-Tech Medical Technologies Ltd.*
*and Disc Orthopaedic Technologies,*
*Inc.*

**VIA EMAIL AND FIRST CLASS MAIL**
Steven M. Zager
Aking Gump Strauss Hayer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
szager@akingump.com

*Attorneys for Defendants*
*Medtronic Sofamor Danek, Inc.,*
*Medtronic Sofamor Danek USA, Inc.,*
*and SDGI Holdings, Inc.*

| | |
|---|---|
| **VIA EMAIL AND FIRST CLASS MAIL**<br>Edward F. Fernandes<br>Fred I. Williams<br>Michael Simons<br>Akin Gump Strauss Hauer & Feld LLP<br>300 West Sixth Street, Suite 2100<br>Austin, TX  78701<br>efernandes@akingump.com<br>fwilliams@akingump.com<br>msimons@akingump.com | *Attorneys for Defendants Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.* |
| **VIA EMAIL AND FIRST CLASS MAIL**<br>Michael A. O'Shea<br>Paul A. Gennari<br>Akin Gump Strauss Hauer & Feld LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564<br>moshea@akingump.com<br>pgennari@akingump.com | *Attorneys for Defendants Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.* |

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski